UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br>Plaintiff,<br>v.<br>RON DAVIS, et al.,<br>Defendants. | Case No. 18-05558 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Docket No. 4) |

Plaintiff, a state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally

construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. **Plaintiff's Claims**

Plaintiff alleges several claims against different individuals at SQSP based on separate incidents that occurred on different dates during July, August and September 2018. (Compl. at 3-11.) For example, he claims that on or about August 2, 2018, Defendant Officer Malikian threatened him in retaliation for filing inmate appeals. (*Id.* at 5.) Plaintiff also claims that his request for various religious accommodations on July 31, 2018, has gone unanswered, and that he has been experiencing ongoing restrictions in practicing his Muslim faith. (*Id.* at 6.) Plaintiff also claims that on August 14, 2018, he was attacked by inmates, and thereafter received inadequate medical treatment for his various injuries and experienced other constitutional deprivations stemming from that incident the failure to treat. (*Id.* at 7-8.) Plaintiff also claims denial of access to the prison law library on August 28, 2018, (*id.* at 9), and interference with his legal mail on August 30, 2018, (*id.* at 11).

"A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Accordingly, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits," not only to prevent the sort of "morass" that a multi-claim, multi-defendant suit can produce, "but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of

2

required fees." *Id*. (citing 28 U.S.C. § 1915(g)).

Here, it is clear the various claims raised against different defendants at SQSP are not all related to each other and do not all arise out of the same transaction, occurrence, or series of transactions or occurrences. Fed. R. Civ. P. 20(a)(2). "A buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (noting that, in prisoner complaint seeking to join 24 defendants and approximately 50 distinct claims, prisoner made no effort to show that 24 defendants he named had participated in the same transaction or series of transactions or that a question of fact is common to all defendants). Accordingly, the Court finds that the claims against the named SQSP Defendants are improperly joined in this single action. In the interest of justice, Plaintiff shall be granted leave to file an amended complaint containing only related claims against the appropriate Defendants.

**C.     Motion for Appointment of Counsel**

Plaintiff has filed a motion for appointment of counsel based on indigency, the complexity of the issues, limited access to library and knowledge of the law, and that he would be better served by the assistance of counsel should this matter go to trial. (Docket No. 4.) However, there is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). Plaintiff's asserted grounds do not establish exceptional circumstances. Accordingly, the motion is **DENIED** for lack of exceptional

3

circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand,* 113 F.3d at 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint that complies with Rules 18(a) and 20(a) of the Federal Rules of Civil Procedure. The amended complaint must include the caption and civil case number used in this order, Case No. C 18-05558 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.

The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

**Failure to respond in accordance with this order in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

///

///

4

This order terminates Docket No. 4.

**IT IS SO ORDERED.**

**Dated:** January 16, 2019

_____
BETH LABSON FREEMAN
United States District Judge

Order of DWLTA; Denying Mot. for Appt. of Counsel
PRO-SE\BLF\CR.18\05558Saddozai_dwlta.atty

5