1  **COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983**

2  Name: ___Saddozai_____Shikeb_____

3        *(Last)*             *(First)*          *(Middle Initial)*

4  Prisoner Number: ___AY1590_____

5  Institutional Address: (CCI), P.O. Box 1905, Tehachapi, C.A. 93581

6  _____

7  _____

**FILED**

8  **UNITED STATES DISTRICT COURT**

FEB 19 2019

9  **NORTHERN DISTRICT OF CALIFORNIA**

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

10  Shikeb Saddozai _____ )  "AMENDED COMPLAINT"

*(Enter your full name.)* )

11                        )

12           vs.         )  Case No. C-18-05558 BLF(PR)

*(Provided by the clerk upon filing)*

13  N. Malikian, et al., _____ )

**COMPLAINT UNDER THE**

14  _____ )  **CIVIL RIGHTS ACT,**

**42 U.S.C. § 1983**

15  _____ )

*(Enter the full name(s) of the defendant(s) in this action.)* )

16

17  **I. Exhaustion of Administrative Remedies.**

18  *Note:* *You must exhaust available administrative remedies before your claim can go*

*forward. The court will dismiss any unexhausted claims.*

19

20  A.  Place of present confinement California Correctional Institution(CCI)

21  B.  Is there a grievance procedure in this institution?  **YES** ☒  **NO** ☐

22  C.  If so, did you present the facts in your complaint for review through the grievance

23      procedure?  **YES** ☒  **NO** ☐

24  D.  If your answer is YES, list the appeal number and the date and result of the appeal at each

25      level of review. If you did not pursue any available level of appeal, explain why.

26        1. Informal appeal: Plaintiff,Shikeb Saddozai,used CDCR-602-

27      Appeal process on August 8th,2018,to present complaint.

28      On September 27th2018,complaint was denied

2. First formal level: August 28,2018,Plaintiff Shikeb Saddozai used CDCR-602-Appeal process to present complaint,and complaints went unresolved.

3. Second formal level: August 23rd,2018,Plaintiff Shikeb Saddozai,presented complaints to supervisory officials & Warden Ron Harris during (I.C.C.)meeting & denied remedy.

4. Third formal level: _____

_____

_____

E.    Is the last level to which you appealed the highest level of appeal available to you?

       **YES** ☒     **NO** ☐

F.    If you did not present your claim for review through the grievance procedure, explain why.

_____

_____

_____

## II.  Parties.

A.    Write your name and present address.  Do the same for additional plaintiffs, if any.

Shikeb Saddozai,CDCR-AY1590, (CCI), P.O. Box 1905
Tehachapi,C.A. 93581

_____

B.    For each defendant, provide full name, official position and place of employment.

N.Malikian,CDCR Correctional Officer,San Quentin State Prison C.A.

M.Gaitan,CDCR Correctional Officer Sergeant,San Quentin State Prison,C.A.

Clawson,CDCR Correctional Officer,San Quentin State Prison,C.A.

J.Herrera,CDCR Correctional Officer Sergeant,San Quentin State Prison,C.A.

Smith,CDCR Correctional Officer,San Quentin State Prison,C.A.

1  ### III.  Statement of Claim.

2      State briefly the facts of your case. Be sure to describe how each defendant is involved
and to include dates, when possible. Do not give any legal arguments or cite any cases or
3  statutes. If you have more than one claim, each claim should be set forth in a separate
numbered paragraph.

4      (SEE: Statement of Claim Attachments pages:4,5,6,7,8,9)

5  _____

6  _____

7  _____

8  _____

9  _____

10  _____

11  _____

12  _____

13  _____

14  _____

15  _____

16  ### IV.  Relief.

17      Your complaint must include a request for specific relief.  State briefly exactly what you
want the court to do for you. Do not make legal arguments and do not cite any cases or
18  statutes.      (SEE: Prayer for Relief Attachment page:10 )

19  _____

20  _____

21  _____

22  _____

23

24  I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

25  Executed on:  02 - 12 - 2019      _A_A_addzui_____

          *Date*                      *Signature of Plaintiff*

PRISONER COMPLAINT (rev. 8/2015)
*Page 3 of 3*

STATEMENT OF CLAIM   I.

1. At all times relevant to this case,plaintiff Shikeb Saddozai, while detained in the custody of the California Department of Corrections and Rehabilitation(CDCR),San Quentin State Prison, (SQSP),on or about,July 30th,2018,upon Saddozai's arrival to (SQSP)facility,Correctional Officers in Release & Recieving (R&R)seperated,Saddozai,from the protective custody group of inmates he transfered with from the bus,and placed in a single man cage,without reason,while all other inmates were placed in cell tanks,adequate in space,consisting of toilets and sinks,accessible with water.

2. Correctional Officers:Hill ,Hutall,Sergeant Gaitan,and other officers unknown to plaintiff at this time,working on of July 30th,2018,in (R&R),at all times,acted under the color of state law,and with deliberate indifference,locked Saddozai,in a single man cage,over ten hours,without merit,nor equal treat-ment to water or toilet access,and forced to stand,while in unsanitary conditions,as a result of inadequate space, inviolation of Saddozai's Eighth,and Fourteenth Amendment under the U.S. Constitution

3. Correctional officers ignored Saddozai's pleas for help,and repeatedly denied Saddozai complaint forms(CDCR-602-Appeal), and medical request forms,upon Saddozai's requests,to prevent him from initiating a complaint, inviolation of Saddozai's First and Fourteenth Amendment of the U.S. Constitution.

4. Correctional officers confiscated Saddozai's personal property outside his presence,and access,containing legal,religious, stationary,and hygiene items,and reviewed his legal documents without his consent violating attorney-client privilege. Officers failed and refused returning Saddozai's property to prevent him from assisting him self in his active legal cases while on appeal,.or from practicing the tenants of his muslim religious faith,and from maintaining his personal hygiene, while officers allowed other inmates upon arrival full poss-ession of their properties,violating Saddozai's First, Fifth, Sixth,Eighth,Fourteenth Amendments of the U.S. Constitution and the Religious Land Use and Institutionalized Persons Act.

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 10 119947

5. Correctional officers:Hill,Hutall,Gaitan,and others who
failed to intervene,unknown at this time,acted with
deliberate indifference,placed Saddozai into general populat-
ion,while having advance knowledge,Saddozai is classified as
protective custody,with the intent of placing Saddozai in
reasonable danger of his safety,as a rsult of Saddozai's
complaining and against Saddozai's protest,and continued with-
holding his personal property,outside his presence and access
containing legal,religious,stationary,and hygiene,to prevent
Saddozai from complaining,inviolation of his First,Fifth,
Sixth,Eighth,Fourteenth Amendments of the U.S. Constitution

6. While,Saddozai,was assigned to third tier Badger section,cell
No.327,Correctional officers:Malikian,Thompson,and others
unknown at this time that failed to intervene,repeatedly
denied,and restricted,Saddozai upon his requests,to cleaning
supplies,equipment,showers,and the means to maintain his
physical,and mental well being on a daily basis,forced to
live substandard,unsanitary living conditions in violation
of facility guidelines within the meaning of CCR 15 § 3060.,
3061.,3062.,and Saddozai's Eighth Amendment of the U.S.
Constitution to be free against cruel and unusual punishment.

7. Said conditions prevented Saddozai from practicing the
tenants of his Muslim religious faith to daily prayer,require
personal cleanliness,and clean cell quarters,and as such
adversley effected Saddozai's health,causing painful skin
rashes,and infections.

8. Correctional officers Malikian,Nicholas,Thompson,disregarded
Saddozai's request for medical attention,and repeatedly
denied Saddozai medical and complaint forms to prevent
Saddozai from initiating a complaint,which fail to be made
readily available on housing units.

9. Correctional officer Malikian,responsible for distributing
and accepting mail,intentionally destroyed Saddozai's legal
and personal correspondence to obstruct his access to the
courts,and to prevent him in seeking help.Malikian,threatened
to beat and batter Saddozai,in the presence of inmates in
nearby cells,and stated to Saddozai that he does not like his
kind of people,out of retaliatory,and discriminatory animus
to Saddozai's complaining about the conditions of his and
confinement,violating Saddozai's First,Sixth,Eighth,and
Fourteenth Amendment of the U.S. Constitution.

Page 5

10. Correctional officer Malikian,incited and provoked inmates within housing unit to attack Saddozai,by disclosing his charged offense and classification as protective custody to other inmates,with intent of placing Saddozai in reasonable danger of his safety.

11. On of August 14th,2018,Saddozai,after returning from an evening meal,awaiting for his cell door to be unlocked by officer Malikian,was beaten and battered by four inmates, and while Saddozai attempted to protect his face and head, correctional officer Clawson,without verbal warning,or warning shots discharged and fired his weapon shooting Saddozai on his lower back,rather than the intended target, and as a result assailants failed to comply,and continued to assault Saddozai,violating his Eighth Amendment of the U.S. Constitution.

12. Correctional officer Clawson,acted with deliberate indifference,and had in his possession at all times,chemical agents that is less likely to relate to death or serious bodily injury,deliberately failed the use of alternatives to the immediate use of deadly force,to cause Saddozai injury, while being the victim,out of retaliation for complaining.

13. Saddozai,was removed from housing unit in handcuffs behind his back as punishment to inflict additional pain,cuts,and bruises,and was repeatedly denied complaint forms or from prosecuting charges against his attackers.

14. Saddozai was forced to strip naked,in the presence of non-medical personnel.No immediate doctors attention or medician was provided,upon Saddozai's multiple request,for his inflicted injuries,and pain,nor reasonable accommodations made for his physical disabilities,efecting his life activities,resulting from assault by inmates,and officers excessive force,leaving Saddozai incapacitated and his under clothes stained with blood,in violation of Saddozai's,First,Fourth, Fifth,Eighth,and Fourteenth Amendment rights secured under the U.S. Constitution.

Page 6

15. Correctional officers transfered Saddozai,to disciplinary
housing,Carson unit,without hearing,and with loss of
privileges,devoid of disciplinary violations,when it was
reflected that Saddozai was the victim of assault,in
violation of Saddozai's Fourteenth Amendment right to due
process of the U.S. Constitution.

16. Correctional officers,and their supervisory officials:
T.Tran,Ramirez,Grimes,Ochoa,Valdez,Perez,Serrintino,and other
officers unknown at this time,acted with deliberate
indifference,restricted Saddozai from maintaining his
personal hygiene to daily showers,exchange of clean undam-
age clothing and linen,and forced to eat in unsanitary,
substandard living conditions,without cleaning supplies or
equipment,adversley effecting Saddozai's health causing him
painful skin rashes and infections,violating Saddozai's
Eighth Amendment of the U.S.Constitution.

17. While,Saddozai,was placed in disciplinary housing,officers
failed providing Saddozai equal rights and privileges made
available to all inmates within (SQSP)custody to daily fresh
air,excercise,thus causing Saddozai mental and physical
deterioration,nor allowed Saddozai to participate in law
library,educational or mental health programs,or religious
services,and failed and refused Saddozai phone privileges,
to prevent him from seeking help from attorney and family,
during his active legal cases,while on appeal,in violation
of Saddozai's First,Sixth,Eighth,Fourteenth Amendment rights
of the U.S. Constitution,and the Religious Land Use and
Institutionalized Persons Act.

18. Correctional officers,continued to seperate and deny
Saddozai's access to his legal,religious,stationary,hygiene
and purchased canteen food,and repeatedly denied his request
to complaint and medical forms,that are not made readily
available on unit to prevent Saddozai from initiating a
complaint.Saddozai alerted supervisory officials and (SQSP)
facility Warden Ron Davis,during Institutional Classification
Committee(ICC) about ongoing abuse and misstreatment,and
Saddozai's complaints went ignored without remedy.

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 10 119947

19. It was detirmined(SQSP),Correctional officers,and their supervisory officials in error placed Saddozai into general population,when he was initially classified as protective custody,as was made apparent upon arrival with protective custody,and would be returned back to protective custody classification.

20. Saddozai,was transfered to protective custody within (SQSP) Alpine housing unit,and upon assigned placement was repeat- edly denied access to the following: law library,religious services,mental health services,cleaning supplies,soap, clean clothing and linen exchanges,and restricted Saddozai from daily means in maintaining his personal hygiene,as well as showers,keeping living area clean,while forced to consume meals in said substandard and unsanitary conditions, consisting of shared toilets,inadequate of space,and ventil- ation with cell mate,in virtualy twenty four hour isolation, and repeatedly obstructed his access to attorney and family to prevent Saddozai from seeking help and assisting him self in active legal cases,on appeal.

21. as a result of said conditions,caused Saddozai to incur painful skin rashes and infections. Saddozai was repeatedly denied complaint and medical forms,not made readily available on housing units,by correctional officers and their supervisory officials:Moore,Prieto,Smith,J.Garibay,Brown, Fueller,Felix,Puno, Sergeants:J.Herrera,C.King,R.Aiello, France,and other officers unknown at this time who failed and refused to intervene to prevent Saddozai from initiating a complaint,that were responsible for Saddozai's wellfare, in violation of his First,Sixth,Eighth,Fourteenth Amendments of the U.S. Constitution.

22. While in the custody of (SQSP),Saddozai,was denied equal rights and privileges made available to inmates to continue ongoing religious muslim kosher meals from prior institution nor reasonable accommodations and effort made by correctional officers or chaplin services to participate and attend scheduled services,thus restricting Saddozai from practicing the tenants of his muslim religious faith,in violation of Saddozai's First Amendment right to the free excercise clause of the U.S. Constitution,and the Religious Land Use Institutionalized Persons Act.

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 10 119947

23. Aforementioned correctional officers continuously denied and discriminated against Saddozai's rights to scheduled yard recreation out-of-cell-time,to fresh air and exercise failed and refused to operate seven days aweek nor the minimum,thereby placing Saddozai in serious threat of his health and safety,resulting in virtually twenty four hour lockdowns during Saddozai's custody within (SQSP),thus causing physical injuries,due to limited movement,while confined to cell quarters at all times,as well as adversely effecting Saddozai emotionally and mentally,causing him to seek mental health treatment within the (SQSP)Mental Health System Delivery Service(MHSDS) at the CCCMS level of care, as a result of distress,which officers had also obstructed Saddozai from attending weekly,in violation of his Eighth & Fourteenth Amendment of the U.S. Constitution.

24. Out of retaliation to Saddozai's complaining against correctional officers,and their supervisors,abuse,and misstreatment,Saddozai was transfered to prison facility (CCI),involuntarily against initial screening recommendation Saddozai,provided to his correctional counselor;V.Rapisura, with the intent of placing him undue hardship,and by lack of visitation by his attorney and family due to distance in prison placement in violation of (CDCR) policy,CCR 15 § 3375. 2,(b)(10).,California Penal Code sections;5068.,6350(a)., and in violation of Saddozai's Eighth,and Fourteenth, Amendment right of the U.S. Constitution.

25. At all times herein mentioned each,and every one of defendants was the agent,servant,employee,joint venturer, and/or franchisee of the other,and each was at all times acting"Under Color of State Law",within the course of said agency,employment,joint venture and/or franchise,and that was each and every defendant,as aforesaid,when acting as principal was negligent and reckless in the selection hiring process,entrustment,and supervision of each and every other defendant as an agent,servant,employee,assistant,and consultant. Plaintiff Saddozai is informed and believes and thereupon alleges that of each said named defendant and fictitious defendant is legally responsible in some manner for the occurrence herein alleged and was a substantial factor in causing the injuries herein alleged.

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 10 119947

PRAYER FOR RELIEF.

WHEREFORE, plaintiff respectfully pray that this court enter judgment

1. Granting Plaintiff Shikeb Saddozai a declaration that the acts and omissions described herein violate plaintiffs rights under the constitution,and laws of the United States.

2. A preliminary and permanent injunction ordering defendants to cease their physical violence and to be retrained and super--vised in carrying out policy and procedure.

3. Granting plaintiff Saddozai compensatory damages in the amount of $3,000,000.00 against each defendant jointly and severally.

4. Plaintiff Saddozai seeks punitive damages in the amount of $3,000,000.00 against each defendant, jointly and severally.

5. Plaintiff seeks a jury trial on all issues triable by jury.

6. Plaintiff also seek recovery of their cost in this suit and

7. Any additional relief this court deems just, proper, and equitable.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT .

Executed on February 12, 2019



Plaintiff Shikeb Saddozai

Page 10