Shikeb Saddozai- CDCR# AY1590-
California Correctional Institution
C1-243
P.O. Box 1905
Tehachapi, California, 93581
In Pro se

FILED
FEB 19 2019
SUSAN Y. ...
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI, | Case No. C-18-05558 BLF(PR) |
| Plaintiff, | DECLARATION IN SUPPORT OF |
| V. | PLAINTIFF'S MOTION FOR THE |
| N. Malikian, et al., | APPOINTMENT OF COUNSEL |
| Defendants. | |

SHIKEB SADDOZAI states:

1. I am the plaintiff in the above entitled case. I make this declaration in support of my motion for this appointment of counsel.

2. The complaint in this case alleges the plaintiff was subjected to deliberate indifference to serious medical needs by multiple Correctional Officers. Medical condition disabled the Plaintiff and interfered with daily activities, and in the existence of chronic, and substantial pain. Each defendant at all times acted "Under Color of State Law" some of whom in related case matters actively beat plaintiff, and others of whom watched, and failed to intervene. Plaintiff alleges that supervisory officials were aware of violent propensities of some of the officers and are liable for failing to take action to control them, who were incharge of running facilities and provide medical services to prisoners, carrying out the policy and practice that led to the violation of the plaintiffs rights secured by the constitution or laws of the United States. Plaintiffs verified complaints filed, were ignored, and supervisory officers failed to react while being aware of ongoing abuse and mistreatment by their

Page 1

1 | subordinate officers, nor attempts were made to remedy problem.

3. This is a complex case because it contains several different legal claims, with each claim involving a different set of defendants.

4. The case involves medical issues and or techinical mental health issues that may require expert testimony.

5. The plaintiff has demanded a jury trial, which requires much greater legal skills than the plaintiff has or can develop.

6. The case will require discovery of documents and depositions of a number of witnesses, and administration files plaintiff is not allowed to have.

7. The testimony will be in sharp conflict, since the plaintiff alleges he was subjected to a deliberate indifference to a serious medical needs by Correctional Officers, at all times acted under color of state law, some of whom actively beat plaintiff in related case matters, and others of whom watched and failed to intervene. There will be a genuine issue of material facts if proved at trial, support a judgment in plaintiffs favor.

8. The plaintiff has only a high school education and no legal education, making it beyond his ability to comprehend.

9. The plaintiff is serving a life sentence. For this reason, he has extremely limited or no access to legal materials, and has no ability to investigate the facts of the case, for example, by locating and interviewing other inmates who have been transferred or released where events occured who were eyewitnesses to plaintiffs beatings, denial of medical care, threats of violence and retaliation by intentionally confiscating plaintiffs legal materials and correspondence to obstruct plaintiffs access to the courts and from initiating a civil suit.

10. As set for in the Memoranddum of Law submitted with this motion, these facts, along with the legal merit of plaitiff's claims, support the appointment of counsel to represent the plain--tiff.

WHEREFORE, the plaintiff's motion for appointment of counsel should be granted. Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Signed this 12 day of February, 2019

x _[signature]_

Page 2