FILED

FEB 19 2019

SUSAN Y. SOONG
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

1 | Shikeb Saddozai-CDCR # AY1590
California Correctional Institution
2 | Facility C1-243
P.O. Box 1905
3 | Tehachapi,California 93581
In Pro se
4
5
6 | UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
7
8 | SHIKEB SADDOZAI,                    Case No.C-18-05558 BLF(PR)
9 |     Plaintiff,                     MEMORANDUM OF LAW IN SUPPORT
10 |         V.                        OF PLAINTIFF'S MOTION FOR THE
11 | N. Malikian, et al.,              APPOINTMENT OF COUNSEL
12
13 |     Defendants.
14
15
16
17 |                    Statement of the Case
18
19 | This is a civil rights case filed under 42 U.S.C §1983 by a
state prisoner and asserting claims for the unconstitutional
20 | denial of medical care out of deliberate indifference, denial
of due process and for injuries inflicted resulting from the
21 | denial of medical care.The plaintiff seeks damages as to all
claims.
22
23 |                    Statement of Facts
24 | The complaint alleges that the plaintiff was denied  serious
medical needs by  correctional officers who acted with deliber-
25 | ate indifference ,when officers and medical personnel disregarded
requests for medical attention based on plaintiffs complaint of
26 | being shot by officer,due to his negligence while being beaten
and battered by three inmates.
27
28 |                         Page 1

1 | plaintiff was tdenied immediate doctors attention,nor provided medician for pain and suffering,                plaintiff complained
2 | of chronic pain,skin rasheses and infections to correctional officers who refused to notify medical personnel. Medical
3 | conditions have disabled plaintiff and has interfered with his life activities and the existence of chronic, and substanial
4 | pain. Correctional officers threatened plaintiff with violence and to subsequent disciplinary proceedings to prevent plaintiff
5 | from initiating a complaint. Each defendant at all times acted "Under Color of State Law" some of whom are related in case
6 | matters actively threatened plaintiff with violence for complaining and failed to intervene.  Plaintiff alleges supervisory officials
7 | were aware of violent propensities of some of the officers and are liable for failing to take action to control them , who were
8 | incharge of running facilities and provide medical services to prisoners , and failed enforcing the policy and practice that
9 | led to the violation of plaintiffs rights secured by the Constitution or laws of the United States. Plaintiffs verfied
10 | complaints filed , were ignored, and supervisory officers failed to react , while being aware of ongoing abuse and mistreatment
11 | by their subordinate officers and no attempts were made to remedy problem. Plaintiff was repeatedly denied complaint,
12 | and medical forms,& equal rights and privileges made available to all prisoners detained in prison custody to participate in
13 | scheduled religious services,law library,educational,mental health,and recreational programs,nor provided means to maintain
14 | daily personal hygiene needs,and continuously had his legal mail violated,and destroyed to obstruct plaintiffs access to
15 | the courts and from assisting in his defense.

16 |                         ARGUMENT
      THE COURT SHOULD APPOINT COUNSEL FOR THE PLAINTIFF.
17 |

18 | In deciding whether to appoint counsel for an indigent litigant, the court should consider "the factual complexity of the case,the
19 | ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present
20 | his claim and the complexity of the legal issues." Abdullah v. Gunter,949 F.2d 1032,1035(8th Cir.1991)(citation omitted).
21 | In addition, courts have suggested that the most important factor is whether the case appears to have merit. Carmona v. U.S
22 | Bureau of Prisons , 243 F.3d  629, 632 (2d Cir.2001). Each of these factors weighs in favor of appointment of counsel
23 | in this case.

24 |

25 |

26 |

27 |

28 |                         Page 2

1

2  1. Factual Complexity. The plaintiff alleges that multiple
   correctional officers acted with deliberate indifference to
3  serious medical needs , when officers and medical personnel
   disregarded requests for medical attention based on plaintiff's
4  complaints of pain,skin rashes,and infections   while other
   officers stood by and watched. Plaintiff also asserts that
5  prison supervisors were on notice of the violent propensities
   of some of those officers and did nothing about them .
6  Plaintiff challenges the denial of medical care after the incident
   by multiple defendants.Finaly when plaintiff engaged in filing
7  a complaint officers threatened with violence and  disciplinary
   proceedings out of retaliation to prevent plaintiff from initiat-
8  -ing a civil rights suit,thereby violating plaintiffs due process
   and 1st amendment. The sheer number of claims and defendants
9  makes this a factually complex case.

10 In addition, one of the plaintiff'c claims involves the denial
   of medical care ; it will probably be necessary to present a
11 medical expert witness or to cross examine medical witnesses
   called by defendants , or both. The presence of medical or other
12 issues requiring expert testimony supports the appointment of
   counsel. Montgomery v. Pinchak,294 F.3d 492,503-04(3d Cir.2002);
13 Moore v. Mabus,976 F.2d 268,272(5th Cir.1992); Jackson v. County
   of Mclean,953 F.2d 1070,1073(7th Cir.1992).

14

15

16 2. The plaintiff's ability to investigate. The plaintif is locked
   up and has no ability to investigate the facts. For example,
17 plaintiff is unable to identify, locate, and interview the
   inmates who were housed in nearby cells and who saw some or all
18 of the events that took place. Plaintiff is in the same situation
   with regard to developing the facts as an inmate who has been
19 transfered to a different institution, a factor that several
   courts have cited in appointing counsel. Tucker v. Randall,948
20 F.2d 288,391-92(7th Cir.1991); Gatson v. Coughlin,679 F.Supp.
   270,273(W.D.N.Y.1988). In addition this case wil require
21 considerable discovery concerning the identities of witnesses,
   the officer's reports and statements about the incident, any
22 prior history of denial of medical care, retaliation, misuse
   of force by the officers, and the plaintiff's medical history.
23 See Parham v. Johnson,126 F.3d 454,459(3.d Cir.1997)(holding
   counsel should have been appointed because"prisoners lack of
24 legal experience and the complex discovery rules clearly put
   plaintiff at disadvantage  in countering the defendants
25 discovery tactics...these[discovery] rules prevented [the
   plaintiff] from presenting an effective case below").

26

27

28                        Page 3

3. Conflicting testimony. The plaintiff's accounts of the denial of medical care by officers who acted with deliberate indifference, while other officers watched and failed to intervene. Super--visory officials who were incharge of running facility and provide medical services to prisoners, failed carrying out the policy and practice that led to the violation of plaintiffs rights. This aspect of the case will be a credibility contest between the defendants and the plaintiff (and such inmate witnesses as can be located ). The existence of these credibility issues supports the appointment of counsel. Steele v. Shah,87 F.3d 1266,1271 (11 Cir.1996); Gatson v. Coughlin,679 F.Supp. at 273.

4. The ability of the indigent to present his claim. The plaintiff is an indigent prisoner with no legal training , a factor that supports the appointment of counsel . Forbes v. edgar,112 F.3d 262,264 (7th Cir.1997). In addition plaintiff is confined with extremely limited access to legal materials. Rayes v. Johnson, 969 F.2d 700,703-04(8th Cir.1992)(citing lack for ready access to a law library as a factor supporting appointment of counsel).

5. Legal complexity. The number of defendants , some of whom are supervisory officials, presents complex legal issues of detirmining which defendants were sufficiently personally involved in the Constitutional violations to be held liable. Hendricks v. Coughlin,114 F.3d 390,394(2d Cir.1997)(holding complexity of supervisory liability supported appointment of counsel ). In addition, the plaintiff has asked for a jury trial, which requires much greater legal skill than the plaintiff has or can develop. Solis v. County of los angeles,514 F.3d 946,958 (9th Cir.2008) (prisoner with eighth grade education and no legal training is "ill-suited" to conduct a jury trial).

6. Merit of the case. The plaintiff's allegations, if proved, clearly would establish a constitutional violation. The denial of medical care alleged in the complaint clearly states an Eighth Amendment violation. See Estelle v. Gamble,429 U.S.97,104 (1976); McGuckin v. Smith,974 F.2d 1050,1059(9th Cir.1992). The allegations of denial of medical care amount to"intentionally interfering with the treatment once prescribed,"which the Supreme court has specifically cited as an example of unconstitutionall  deliberate indifference to prisoners medical needs. On its face,then,this is a meritorious case.

Page 4

1

CONCLUSION

2

3  For the foregoing reasons, the court should grant the plaintiff's
   motion and appoint counsel in this case.

4

5

6  February 12,     201 9

7  Shikeb Saddozai-CDCR AY1590
   California Correctional Institution
8  facility C-1-243
   P.O. Box 1905
9  Tehachapi,California 93581

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28