1

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11   SHIKEB SADDOZAI,                        Case No. 18-05558 BLF (PR)

             Plaintiff,

12                                           **ORDER OF DISMISSAL WITH
        v.                                   LEAVE TO AMEND; DENYING
13                                           APPLICATION FOR WAIVER OR
                                             MODIFICATION OF FILING FEES**
14   RON DAVIS, et al.,

15           Defendants.

16                                           (Docket No. 13)

17

18          Plaintiff, a state prisoner, filed the instant <u>pro se</u> civil rights action pursuant to 42

19   U.S.C. § 1983.  The Court dismissed the complaint with leave to amend for Plaintiff to file

20   an amended complaint that complies with Rules 18(a) and 20(a) of the Federal Rules of

21   Civil Procedure.  (Docket No. 7.)  Plaintiff has filed an amended complaint.  (Docket No.

22   10.)

23

24                                   **DISCUSSION**

25   **A.   <u>Standard of Review</u>**

26          A federal court must conduct a preliminary screening in any case in which a

27   prisoner seeks redress from a governmental entity or officer or employee of a

28   governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any

United States District Court
Northern District of California

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B.    Plaintiff's Claims

Plaintiff's original complaint was problematic because it contained unrelated claims against different individuals at SQSP based on separate incidents that occurred during July, August, September 2018.  (Docket No. 7 at 2.)  In granting leave to amend, the Court advised Plaintiff that an amended complaint must contain "only related claims against the appropriate Defendants" to comply with Rules 18(a) and 20(a) of the Federal Rules of Civil Procedure.  (*Id.* at 3.)  However, the amended complaint does not remedy this defect.

Plaintiff claims that on July 30, 2018, when he arrived at SQSP, he was placed into a single man cage for over ten hours in unsanitary conditions and without toilet access, in violation of his Eighth and Fourteenth Amendment rights.  (Am. Compl. at 4.)  Plaintiff also claims that Defendant Malikian destroyed his legal and personal correspondence "to obstruct his access to the courts," and that Defendant Malikian also threatened to beat and batter Plaintiff because he "does not like his kind of people," in violation of First, Sixth, Eighth, and Fourteenth Amendment rights.  (*Id.*)  Plaintiff also claims that on August 14, 2018, he was shot at by Officer Clawson during an altercation with other inmates, and that this use of deadly force was "out of retaliation for complaining."  (*Id.* at 6.)  Plaintiff also claims that after he was transferred to protective custody, he was repeatedly denied access to the law library, religious services, mental health services, cleaning supplies, soap, clean clothing and linen exchanges, among other deprivations, in violation of his First, Sixth,

1    Eighth, and Fourteenth Amendment rights.  (*Id.* at 8.)

2    "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join,

3    as independent or alternative claims, as many claims as it has against an opposing party."

4    Fed. R. Civ. P. 18(a).  Accordingly, "multiple claims against a single party are fine, but

5    Claim A against Defendant 1 should not be joined with unrelated Claim B against

6    Defendant 2."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  "Unrelated claims

7    against different defendants belong in different suits," not only to prevent the sort of

8    "morass" that a multi-claim, multi-defendant suit can produce, "but also to ensure that

9    prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the

10   number of frivolous suits or appeals that any prisoner may file without prepayment of

11   required fees."  *Id.* (citing 28 U.S.C. § 1915(g)).

12   The amended complaint contains multiple claims against different defendants at

13   SQSP.  These claims and defendants are not all related to each other and do not all arise

14   out of the same transaction, occurrence, or series of transactions or occurrences.  Fed. R.

15   Civ. P. 20(a)(2).  "A buckshot complaint that would be rejected if filed by a free person –

16   say, a suit complaining that A defrauded plaintiff, B defamed him, C punched him, D

17   failed to pay a debt, and E infringed his copyright, all in different transactions – should be

18   rejected if filed by a prisoner."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (noting

19   that, in prisoner complaint seeking to join 24 defendants and approximately 50 distinct

20   claims, prisoner made no effort to show that 24 defendants he named had participated in

21   the same transaction or series of transactions or that a question of fact is common to all

22   defendants).  Plaintiff's amended complaint is such a "buckshot complaint," and should be

23   rejected.  *Id.*

24   Accordingly, the Court finds that the multiple claims against multiple defendants at

25   SQSP are improperly joined in this single action.  In the interest of justice, Plaintiff shall

26   be granted one final opportunity to file a second amended complaint containing only

27   related claims against properly joined Defendants.  This being Plaintiff's second

28

United States District Court
Northern District of California

3

opportunity to correct this deficiency, no further opportunities shall be given if he again fails to comply with Rules 18(a) and 20(a) in the second amended complaint.

## C.   <u>Pending Motion</u>

Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915, with an initial filing fee of $43.15 being immediately due and fees thereafter to be paid as were available in Plaintiff's prisoner account.  (Docket No. 6.)  The initial filing fee was calculated at 20 percent of $215.75, which was the amount indicated on the Certificate of Funds in Prisoner's Account as both the average deposit each month to Plaintiff's prisoner's account for the most recent six-month period and the average balance in the prisoner's account each month for the same six-month period.  (Docket No. 2-1 at 1.)  Plaintiff has filed an application for the total filing fee of $350 to be waived or modified.  (Docket No. 13.)

Section 1915 permits indigent prisoner plaintiffs to proceed in a civil action without the prepayment of filing fees, but still requires that the entire filing fee be paid.  In granting Plaintiff's IFP motion, the Court found that Plaintiff showed an ability to pay an initial partial filing fee pursuant to § 19159(B)(1).  (Docket No. 6 at 1.)  The prison trust account office was instructed to take funds for the remainder of the filing fee from Plaintiff's account in accordance with § 19159(B)(1), and instructions were provided.  (*Id.* at 1-2.) The Court finds no further modification of this order regarding payment of fees is warranted.  Accordingly, Plaintiff's application is DENIED.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.      Plaintiff's application for modification or reduction of the filing fee is **DENIED**.  (Docket No. 13.)

2.      The amended complaint is **DISMISSED with leave to amend**.  Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file a **second amended**

4

United States District Court
Northern District of California

United States District Court
Northern District of California

1  **complaint** that complies with Rules 18(a) and 20(a) of the Federal Rules of Civil

2  Procedure.  The second amended complaint must include the caption and civil case number

3  used in this order, Case No. C 18-05558 BLF (PR), and the words "SECOND AMENDED

4  COMPLAINT" on the first page.  If using the court form complaint, Plaintiff must answer

5  all the questions on the form in order for the action to proceed.

6        The second amended complaint supersedes all previous complaints, which are

7  treated thereafter as non-existent.  *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008

8  (9th Cir. 2015).  Consequently, claims not included in an amended complaint are no longer

9  claims and defendants not named in an amended complaint are no longer defendants. *See*

10  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

11        **Failure to respond in accordance with this order in the time provided will**

12  **result in the dismissal of this action without prejudice and without further notice to**

13  **Plaintiff.  Furthermore, if the second amended complaint fails to comply with Rules**

14  **18(a) and 20(a), this action shall be dismissed for improper joinder of claims and**

15  **defendants.**

16        The Clerk shall include two copies of the court's complaint with a copy of this

17  order to Plaintiff.

18        This order terminates Docket No. 13.

19        **IT IS SO ORDERED.**

20  **Dated:**  __July 11, 2019__

                                BETH LABSON FREEMAN

21                                  United States District Judge

22

23

24

25  Order of DWLTA; Denying Mot.
PRO-SE\BLF\CR.18\05558Saddozai_dwlta1.motion

26

27

28                          5