Shikeb Saddozai-CDCR#AY1590
California Correctional Institution
P.O.Box 1905
Tehachapi,C.A.93581
In Pro se

FILED

AUG 15 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SHIKEB SADDOZAI

    Plaintiff,

    v.

CLAWSON

    Defendnants.

Case No.C-18-05558 BLF(PR)

DECLARATION IN SUPPORT OF PLAINTIFF"S MOTION FOR THE APPOINTMENT OF COUNSEL

SHIKEB SADDOZAI states:

1. I am the plaintiff in the above entitled case. I make this declaration in support of my motion for this appointment of counsel,and that I am incarcerated.

2. The complaint in this case alleges the plaintiff was subjected to deliberate indifference to serious medical needs by multiple correctional officers. Medical condition disabled the plaintiff and interfered with daily activitties, and in the existence of chronic, and substantial pain. Eash defendant at all times acted under color of state law,whom are related in case matters arise out of the same transaction,occurrence,or series of transactions or occurrences(Fed.R.Civ.P.20(a)(2).)on the following:

    A. Threatened and or issued plaintiff false disciplinary actions to deprive plaintiff privileges that would

Page 1

prevent initiating civil and criminal actions, while plaintiff is on direct appeal during active legal cases and deadlines.

B. Correctional officers threatened plaintiff with violence with intent to cause physical injury out of retaliatory and discriminatory animus, racially motivated and criminal in nature.

C. Conducted cell searches on plaintiff as calculated harassment, unrelated to prison/jail needs, to review and destroy plaintiff's legal/confidential documents to prevent plaintiff from prosecuting legal actions.

D. Correctional officer(s) liable out of deliberate indifference failed to protect plaintiff, without warning discharged, and fired his weapon, shooting plaintiff on the back, inflicted serious bodily injury, while being the victim rather than the four intended targets whom failed to comply and continued to beat and batter plaintiff as a result of correctional officers intentional negligence.

E. Correctional officers repeatedly canceled/rejected plaintiff's complaints, and threatened to restrict plaintiff's due process rights to complain to prevent plaintiff from complying with the exhaustion of administrative remedies and to continue aiding officers persistent pattern of abuse and mistreatment against plaintiff.

3. Plaintiff alleges other correctional officers of whom watched and failed to intervene, while supervisory officials were aware of violent propensities of some of the officers and are liable for failing to take action to control them, who were incharge of operating facility and provide medical services to prisoners, carrying out the policy and practice that led to the violation of the plaintiff's rights secured by the constitution or laws of the United States. Plaintiffs verified complaints filed were repeatedly ignored, and supervisory officials failed to react while being aware of ongoing abuse and mistreatment by subordinate officers, nor attempts were made to remedy problems.

Page 2

4. This is a complex case because it contains several different legal claims, with each claim involving a different set of defendants.

5. The case involves medical issues and or technical mental health issues that may require expert testimony.

6. The plaintiff has demanded a jury trial, which requires much greater legal skills than the plaintiff has or can develop.

7. The case will require discovery of documents and depositions of a number of witnesses, and administrative files, plaintiff is not allowed to have while in custody.

8. The testimony will be in sharp conflict, since the plaintiff alleges he was subjected to a deliberate indifference to a serious medical needs by correctional officers, at all times acted under color of state law, some of whom actively beat other inmates in related case matters, and others whom watched and failed to intervene. There will be a genuine issue of material facts if proved at trial to support a judgment in plaintiffs favor.

9. The plaintiff is serving a life sentence with a direct appeal pending and has been denied access to legal materials while in custody by prison officials, to frustrate, impede, interfer, and or prevent ability to investigate the facts of the case, for example, by locating and interviewing other inmates who have been transfered or released where events occured who were eyewitnesses to plaintiff's abuse and mistreatment, denial of medical care, threats of violence, discrimination, sexual harassment, racism, and retaliation by deliberately confiscating plaintiff's legal materials and correspondence to obstruct plaintiff's access to the courts from initiating a civil suit.

10. The plaintiff has only a high school education and no legal education, making it beyond his ability to comprehend.

Page 3

11. As set for in the "MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL" submitted with this motion, these facts, along with the legal merit of plaintiff's claims, support the appointment of counsel to represent the plaintiff.

WHEREFORE, the plaintiff's motion for appointment of counsel should be granted. Pursuant to 28 U.S.C § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Signed this 8 day of August    2019

_A. Aadcozei_
Plaintiff