Shikeb Saddozai-CDCR#AY1590
California Correctional Institution
P.O. Box 1905
Tehachapi, C.A. 93581
In Pro se

FILED

AUG 15 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SHIKEB SADDOZAI

    Plaintiff,

v.

CLAWSON

    Defendants.

Case No. C-18-05558 BLF (PR)

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL

Statement of the Case

This is a civil rights case filed under 42 U.S.C. § 1983 by a state prisoner and asserting claims for the unconstitutional denial of medical care out of deliberate indifference, denial of due process and for injuries inflicted resulting from the use of excessive force and denial of medical care. The plaintiff seeks damages as to all claims.

Page 1

## Statement of Facts

The complaint in this case alleges the plaintiff was subjected to deliberate indifference to serious medical needs by multiple correctional officers. Medical conditions disabled the plaintiff and interfered with plaintiff's daily activities, and in the existence of chronic, and substantial pain. Each defendant unknown to plaintiff at this time, at all times acted "under color of state law" some of whom in related case matters liable acted with deliberate indifference, failed to protect plaintiff's life, from being beatened and battered by four other inmates, and other officers of whom watched and failed to intervene, when officer discharged and fired his weapon shooting plaintiff in the back inflicting serious bobily injury incapacitating plaintiff while attempting to cover and protect himself in a crouching position, as the victim of an assault from his attackers, rather than officer shooting, and or dispersing chemical agents in his possession on the four intended targets to gain compliance, and as a result of officers failure, and negligence, plaintiff continued to be beaten and battered by assailants.

Plaintiff alleges that supervisory officials were aware of the violent propensities of some of the officers and liable for failing to take action to control them, who were incharge of running facilities and provide medical services to prisoners, carrying out the policy and practice that led to the violations of the plaintiff's rights secured by the constitution or laws of the United States. Plaintiffs verified complaints filed, were ignored, and alternate requests for complaint and medical forms upon plaintiff's request were repeatedly denied to interfer, impede, or frustrate plaintiff's first amendment rights to initaite a civil cause of action. Supervisory officials out of deliberate indifference to plaintiff's needs failed to react while being aware of ongoing abuse and mistreatment by their subordinate officers, nor attempts were made to remedy the problem.

Page 2

ARGUMENT

THE COURT SHOULD APPOINT COUNSEL FOR THE PLAINTIFF

In deciding whether to appoint counsel for an indigent litigant, the court should consider "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." Abdullah v. Gunter, 949 F.2d 1032,1035 (8th Cir.1991) (citation omitted). In addition, courts have suggested that the most important factor is whether the case has merit. Carmona v. U.S. Bureau of Prisons, 243 F.3d 629,632 (2d Cir.2001). Each of these factors weighs in favor of appointment of counsel in this case.

1. Factual Complexity. The plaintiff alleges that multiple correctional officers acted with deliberate indifference to serious medical needs, when officers and medical personnel disregarded requests for medical attention based on plaintiff's complaints of pain, suffering, cuts, bruising, skin rashes, infections, while other officers stood by and watched. Plaintiff also asserts that prison supervisory officials were on notice of the violent propensities of some of those officers and did nothing about them. Plaintiff challenges the denial of medical care after the incident by multiple defendants, the use of excessive force and deprivations of daily living requirements to maintain daily personal hygiene. Finaly when plaintiff engaged in filing a complaint officers threatened plaintiff with physical violence, filed false disciplinary actions, and repeatedly canceled/rejected plaintiffs complaints, out of retaliation and to prevent a civil rights suit, thereby violating plaintiff's 1st, 4th, 5th, 6th, 8th, and 14th Amendment to due process. The sheer number of claims and defendants make this a factually complex case.

In addition, one of the plaintiff's claims involves the denial of medical care; it will probably be necessary to present a medical expert witness or to cross examine medical witnesses called by defendants, or both. The presence of medical or other issues, requiring expert testimony supports the appointment of counsel. Montgomery v. Pinchak, 294 F.3d 492,503-04 (3d Cir.2002); Moore v. Mabus, 976 F.2d 268,272 (5th Cir.1992); Jackson v. County of Mclean, 953 F.2d 1070,1073 (7th Cir.1992).

2. The plaintiff's ability to investigate. The plaintiff is locked up and has no ability to investigate the facts. For example, plaintiff is unable to identify, locate, and interview the inmates who were housed in nearby cells and who saw some or all of the events that took place. Plaintiff is in the same situation with regard to developing the facts as an inmate who has been transfered to a different institution, a factor that several courts have cited in appointing counsel. Tucker v. Randall, 948 F.2d 288, 391-92 (7th Cir. 1991); Gatson v. Coughlin, 679 F.Supp. 270, 273 (W.D.N.Y. 1988).

In addition, this case will require considerable discovery concerning the identities of witnesses, the officer's reports and statements about the incident, any prior history of denial of medical care, retaliation, misuse of force by officers, and the plaintiff's medical history. see Parham v. Johnson, 126 F.3d 454, 459 (3.d Cir. 1997) (holding counsel should have been appointed because " prisoners lack of legal experience and the complex discovery rules clearly put plaintiff at disadvantage in countering the defendants discovery tactics...these [discovery] rules prevented [the plaintiff] from presenting an effective case below.").

3. Conflicting testimony. The plaintiff's accounts of the denial of medical care by officers who acted with deliberate indifference, while other officers watched and failed to intervene. Supervisory officials who were in-charge of running facility and provide medical services to prisoners, while being aware of the violent propensities of some of the officers, falls squarely in conflict within the aspect of this case and will be a credibility contest between the defendants and the plaintiff (and such inmate witnesses as can be located). The existence of these credibility issues supports the appointment of counsel. Steele v. Shah, 87 F.3d 1266, 1271 (11 Cir. 1996); Gatson v. Coughlin, 679 F.Supp. at 273.

4. The ability of the indigent to present his claim. The plaintiff is an idigent prisoner with no legal training, a factor that supports the appointment of counsel. Forbes v. Edgar, 112 F.3d 262, 264 (7th Cir. 1997).

COURT PAPER
STATE OF CALIFORNIA
STD 113 (REV 3-95)
OSP 10 11394

In addition plaintiff is confined and has no access to recieve legal materials and or has been obstructed by correctional officers from access to legal materials. Rayes v. Johnson, 969 F.2d 700, 703-04 (8th Cir. 1992) (Citing lack for ready access to a law library as a factor supporting appointment of counsel).

5. Legal complexity. The large number of defendants, some of whom are supervisory officials, presents complex legal issues of detirmining which defendants were sufficiently personally involved in the constitutional violations to be held liable. Hendricks v. Coughlin, 114 F.3d 390, 394 (2d Cir. 1997) (holding complexity of supervisory liability supported appointment of counsel).

In addition, the plaintiff has asked for a jury trial, which requires much greater legal skill than the plaintiff has or can develop. Solis v. County of Los Angeles, 514 F.3d 946, 958 (9th Cir. 2008) (prisoner with eighth grade education and no legal training is " ill-suited " to conduct a jury trial).

6. Merit of the case. The plaintiff's allegations, if proved, clearly would establish a constitutional violation. The injurious use of chemical agents and deprivations in maintaining daily hygiene, fresh air, and exercise, alleged in complaint, clearly states an Eighth Amendment violation. see Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995 (1992). The allegations of denial of medical care amount to " intentionally interfering with the treatment once prescribed", which the Supreme Court has specifically cited as an example of unconstitutional deliberate indifference to prisoner's medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). The unjustified denial of witnesses, conviction of a disciplinary offense with no supporting evidence, and the failure to give a meaningful statement of reasons for the decisions are all violations of clearly established due process principles. see Ponte v. Real, 471 U.S. 491, 497, 105 S.Ct. 2192 (1985); Superintendent v. hill, 472 U.S. 445, 457, 105 S.Ct. 2768 (1985); Wolff v. Mcdonnel, 418 U.S. 539, 559, 94 S.Ct. 2963 (1974). On its face then, this is a meritorious case.

Page 5

## CONCLUSION

For the foregoing reasons, the court should grant the plaintiff's motion and appoint counsel in this case.

Date: August, 8th 2019

*A. Saddozai*

Shikeb Saddozai-CDCR#AY1590
California Correctional Institution
P.O. Box 1905
Tehachapi, California 93581