UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br>    Plaintiff,<br>v.<br>RON DAVIS, et al.,<br>    Defendants. | Case No. 18-05558 BLF (PR)<br><br>**ORDER DENYING MOTION FOR RECUSAL; DENYING THIRD MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Docket Nos. 17, 20) |

    Plaintiff, a California state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against medical personnel at the Maguire Correctional Facility of San Mateo County. The Court dismissed the original and amended complaint with leave to amend. (Docket Nos. 7, 15.) Plaintiff filed a second amended complaint on August 15, 2019. (Docket No. 19.)

    Plaintiff has filed a "preemptory challenge against a judge pursuant to Code of Civil Proc. Sec 170.6." (Docket No. 17.) Section 170.6 of the California Code of Civil Procedure sets for the procedures for disqualification of judges sitting in state superior court and is therefore inapplicable to this Court. Accordingly, the Court will construe the motion as a motion for recusal.

    Motions to recuse a district court judge fall under two statutes, 28 U.S.C. § 144 and

28 U.S.C. § 455. The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012); *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted). Sections 144 and 455 ask whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. *Clemens v. United States Dist. Ct. for the Cent. Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005). The reasonable person in this context means a well-informed, thoughtful observer, as opposed to a hypersensitive or unduly suspicious person. *Id.*

As a federal judge is presumed to be impartial, a substantial burden is imposed on the party claiming bias or prejudice to show that this is not the case. *See United States v. Zagari*, 419 F. Supp. 494, 501 (N.D. Cal. 1976). Plaintiff asserts that this Court cannot be fair and impartial because he has five pending cases before this Court. (Docket No. 17.) This fact alone is not sufficient to overcome the presumption that this Court can be fair and impartial in each separate action. Plaintiff may appeal the decision to the Ninth Circuit, but otherwise has no basis for moving to recuse the Court from this matter. The motion for recusal is **DENIED**.

Plaintiff has filed a third motion for appointment of counsel, (Docket No. 20), which recites the same reasons as his previous motions, (Docket Nos. 4, 11). Furthermore, Plaintiff does not allege any change in circumstances since filing his previous motions which would warrant appointment of counsel at this time. Accordingly, this third motion for appointment of counsel is denied lack of exceptional circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

2

This order terminates Docket Nos. 17 and 20.

**IT IS SO ORDERED.**

**Dated:** August 26, 2019

*/s/ Beth Labson Freeman*
BETH LABSON FREEMAN
United States District Judge