1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10

11    SHIKEB SADDOZAI,                          Case No. 18-05558 BLF (PR)

              Plaintiff,
12                                              **ORDER OF PARTIAL DISMISSAL
                                                AND SERVICE; DIRECTING
13         v.                                   DEFENDANT TO FILE
                                                DISPOSITIVE MOTION OR
14    RON DAVIS, et al.,                        NOTICE REGARDING SUCH
                                                MOTION; INSTRUCTIONS TO
15              Defendants.                      CLERK**

16

17

18        Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to

19   42 U.S.C. § 1983 against employees at San Quentin State Prison ("SQSP").  The Court

20   twice dismissed the complaint with leave to amend for Plaintiff to comply with Rules 18(a)

21   and 20(a) of the Federal Rules of Civil Procedure.  (Docket Nos. 7, 15.)  Plaintiff has filed

22   a second amended complaint.  (Docket No. 19, hereinafter "SAC.")

23

24                                    **DISCUSSION**

25   **A.    Standard of Review**

26        A federal court must conduct a preliminary screening in any case in which a

27   prisoner seeks redress from a governmental entity or officer or employee of a

28   governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any

United States District Court
Northern District of California

1   cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

2   upon which relief may be granted or seek monetary relief from a defendant who is immune

3   from such relief.  *See id.* § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally

4   construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

5       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

6   elements: (1) that a right secured by the Constitution or laws of the United States was

7   violated, and (2) that the alleged violation was committed by a person acting under the

8   color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

9   **B.    Plaintiff's Claims**

10      Plaintiff claims that on August 14, 2018, he was beaten and battered by four

11  inmates.  (SAC at 4.)  Plaintiff claims that Defendant Clawson "acted with deliberate

12  indifference, discharged and fired his weapon shooting [Plaintiff] on his lower back

13  towards his buttocks, rather than the four intended targets, without verbal warning."  (*Id*.)

14  Plaintiff claims that Defendant Clawson had pepper spray which was less likely to cause

15  serious bodily injury, but failed to use this alternative, "intentionally to cause [Plaintiff]

16  injury, which served no penological interest due to [Plaintiff] being the victim, and failed

17  to protect from harm."  (*Id.*)  Based on his actions, Plaintiff claims Defendant Clawson

18  violated his rights under the Fourth, Eighth, and Fourteenth Amendments.  (*Id.*)  Plaintiff

19  seeks declaratory and injunctive relief as well as damages.  (*Id.* at 6.)  Liberally construed,

20  Plaintiff's allegations are sufficient to state a cognizable claim against Defendant Clawson

21  under the Eighth Amendment for failure to protect.  *See Farmer v. Brennan*, 511 U.S. 825,

22  832 (1994); *Hearns v. Terhune*, 413 F.3d 1036, 1041-42 (9th Cir. 2005).  However, the

23  Court finds Plaintiff fails to state any claim under the Fourth and Fourteenth Amendments

24  because there are no allegations indicating that Defendant Clawson violated Plaintiff's

25  right to due process.  Plaintiff has already been afforded two opportunities to amend, and

26  this Court has broad discretion to deny leave to amend where Plaintiff has already been

27  granted leave to file an amended complaint.  *See Wagh v. Metris Direct, Inc.*, 363 F.3d

28                                      2

821, 830 (9th Cir. 2003); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Accordingly, Plaintiff shall not be afforded any further opportunity to correct this deficiency.

Plaintiff also claims that "unknown supervisory officials" authorized his transfer to disciplinary housing unit "without a hearing, and with loss of privileges, devoid of disciplinary violation, when it was reflected that [Plaintiff] was the victim of assault," which does appear to state a due process violation.  (SAC at 5.)  Furthermore, Plaintiff claims that he was repeatedly denied complaint and medical forms upon his request to prevent him from exercising his First Amendment rights to initial a civil action, and to receive medical treatment while housed in disciplinary; he does not identify any responsible individual for these violations.  (*Id.*)  Plaintiff's original and first amended complaints were dismissed for failure to comply with Rules 18(a) and 20(a) of the Federal Rules of Civil Procedure which requires proper joinder of claims and defendants.  Fed. R. Civ. P. 18(a), 20(a); *see George v.* Smith, 507 F.3d 605, 607 (7th Cir. 2007).  The claims against "unknown supervisory officials" for Plaintiff's placement in disciplinary housing without due process and against unknown parties for the violations of his First Amendment rights and access to medical treatment are not related to his Eighth Amendment claim against Defendant Clawson for failure to protect.  Accordingly, the Court will dismiss these claims for failure to comply with Rules 18(a) and 20(a).

## CONCLUSION

For the reasons state above, the Court orders as follows:

1.      Plaintiff's claims under the Fourth and Fourteenth Amendments against Defendant Clawson are **DISMISSED** for failure to state a claim.  The claims against "unknown supervisory officials" for due process violations, as well as First Amendment and denial of medical treatment claims are dismissed for failure to comply with Rules 18(a) and 20(a).  The only claim that will proceed in this action is against Defendant

1   Clawson for failure to protect under the Eighth Amendment.

2       2.      The Clerk of the Court shall mail a Notice of Lawsuit and Request for

3   Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy

4   of the second amended complaint, (Docket No. 19), all attachments thereto, and a copy of

5   this order upon **Defendant Correctional Officer Clawson** at the **San Quentin State**

6   **Prison (San Quentin, CA 94974).**  The Clerk shall also mail a copy of this Order to

7   Plaintiff.

8       3.      Defendants are cautioned that Rule 4 of the Federal Rules of Civil

9   Procedure requires them to cooperate in saving unnecessary costs of service of the

10  summons and the complaint.  Pursuant to Rule 4, if Defendants, after being notified of this

11  action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail

12  to do so, they will be required to bear the cost of such service unless good cause shown for

13  their failure to sign and return the waiver form.  If service is waived, this action will

14  proceed as if Defendants had been served on the date that the waiver is filed, except that

15  pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer

16  before **sixty (60) days** from the day on which the request for waiver was sent.  (This

17  allows a longer time to respond than would be required if formal service of summons is

18  necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver

19  form that more completely describes the duties of the parties with regard to waiver of

20  service of the summons.  If service is waived after the date provided in the Notice but

21  before Defendants have been personally served, the Answer shall be due sixty (60) days

22  from the date on which the request for waiver was sent or twenty (20) days from the date

23  the waiver form is filed, whichever is later.

24      4.      No later than **ninety-one (91) days** from the date this order is filed,

25  Defendants shall file a motion for summary judgment or other dispositive motion with

26  respect to the claims in the complaint found to be cognizable above.

27          a.      Any motion for summary judgment shall be supported by adequate

28                                          4

factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

> b.    **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

5.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

6.    Defendants *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

7.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8.    All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

United States District Court
Northern District of California

1        9.     Discovery may be taken in accordance with the Federal Rules of Civil

2 Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local

3 Rule 16-1 is required before the parties may conduct discovery.

4        10.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

5 court informed of any change of address and must comply with the court's orders in a

6 timely fashion.  Failure to do so may result in the dismissal of this action for failure to

7 prosecute pursuant to Federal Rule of Civil Procedure 41(b).

8        11.    Extensions of time must be filed no later than the deadline sought to be

9 extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED**

Dated:  _**December 10, 2019**_

BETH LABSON FREEMAN
United States District Judge

Order of Partial Dismissal and Svc
PRO-SE\BLF\CR.18\05558Saddozai_svc

United States District Court
Northern District of California

6