1  XAVIER BECERRA
   Attorney General of California
2  WILLIAM C. KWONG
   Supervising Deputy Attorney General
3  ALLISON M. LOW
   Deputy Attorney General
4  State Bar No. 273202
    455 Golden Gate Avenue, Suite 11000
5   San Francisco, CA  94102-7004
    Telephone:  (415) 510-3589
6   Fax:  (415) 703-5843
    E-mail:  Allison.Low@doj.ca.gov
7  *Attorneys for Defendant*
   *J. Clawson*

8

9                 IN THE UNITED STATES DISTRICT COURT

10              FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                          SAN JOSE DIVISION

12

13

14  **SHIKEB SADDOZAI,**                Case No. 5:18-cv-05558-BLF (PR)

15                          Plaintiff,  **DEFENDANT'S MOTION TO DISMISS**

16          v.

17  **RON DAVIS, et al.,**

18                          Defendants.

19

20  / / /

21  / / /

22  / / /

23

24

25

26

27

28

                                    1

**TO THE COURT AND PLAINTIFF SHIKEB SADDOZAI, PRO SE:**

**PLEASE TAKE NOTICE** that Defendant Clawson moves to dismiss this lawsuit without prejudice because Plaintiff failed to exhaust his administrative remedies prior to filing suit.

The Prison Litigation Reform Act mandates that inmates exhaust all available administrative remedies before filing any suit challenging prison conditions. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014). Although exhaustion is typically determined on a motion for summary judgment, exhaustion can be determined on a motion to dismiss where the prisoner's failure is clear from the face of the complaint. *Id.* at 1169.

The Ninth Circuit has made clear: "a prisoner does not comply with [the exhaustion] requirement by exhausting available remedies during the course of the litigation." *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). An action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending. *Id.* ("Congress has made a policy judgment that [the expenditure of additional resources by the parties and the court] is outweighed by the advantages of requiring exhaustion prior to the filing of suit."); *see also Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) (dismissing the prisoner's suit where exhaustion was completed after he sent his complaint to the court for filing but before the complaint was actually filed).

Plaintiff is a California state prisoner suing about the conditions of his confinement. (*See, e.g.*, ECF No. 1.) California provides its prisoners the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a) (2018). In order to exhaust available administrative remedies within the California system, a prisoner must proceed through three levels of appeal. *Id.*, §§ 3084.1(b), 3084.7(d)(3). A final decision from the third level of review satisfies the exhaustion requirement. *Id.*, § 3084.7(d)(3).

Plaintiff pleads that he initiated California's administrative exhaustion process after commencing this lawsuit. (*Compare* ECF No. 19 at 2 *with* ECF No. 1.) In doing so, he failed to satisfy exhaustion requirements as mandated by the Ninth Circuit. *McKinney*, 311 F.3d at 1199;

1  *Vaden*, 449 F.3d at 1051.  Although the Ninth Circuit has carved out a limited exception for
2  claims by a prisoner exhausted before the filing of an amended complaint, that exception only
3  applies to newly added claims.  *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010).
4  Plaintiff's claims against Defendant Clawson are not newly added.  He plead them in his original
5  complaint (ECF No. 1 at 7), prior to when he says he exhausted them (ECF No. 19 at 2).
6  Therefore, Defendant Clawson requests this action be dismissed.

7  Dated:  March 2, 2020               Respectfully Submitted,

8                                      XAVIER BECERRA
                                       Attorney General of California
9                                      WILLIAM C. KWONG
                                       Supervising Deputy Attorney General
10

11                                      */s/ Allison M. Low*

12                                      ALLISON M. LOW
                                       Deputy Attorney General
13                                      *Attorneys for Defendant*
                                       *J. Clawson*
14

15  SF2020200485
    21838066.docx

# CERTIFICATE OF SERVICE

Case Name:  **S. Saddozai v. Davis, et al.**          Case No.  **5:18-cv-05558-BLF (PR)**

I hereby certify that on March 2, 2020, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT'S MOTION TO DISMISS**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On March 2, 2020, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Shikeb Saddozai (AY1590)
California State Prison - Corcoran
P.O. Box 3461
Corcoran, CA  93212
*In Pro Per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on March 2, 2020, at San Francisco, California.

|  G. Pang  |  */s/ G. Pang*  |
|---|---|
| Declarant | Signature |

SF2020200485/21838747.docx