```
Shikeb Saddozai-CDCR#AY1590
Corcoran State Prison(CSP)
P.O. Box 3461
Corcoran C.A. 93212
In Pro se
```

**FILED**
MAR 06 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>   Plaintiff,<br><br>   V.<br><br>CLAWSON, et al.,<br><br>   Defendants. | Case No. 18-cv-05558-BLF<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION ORDERING APPOINTMENT OF COUNSEL UNDER NEW GROUNDS NECESSARY FOR DUE PROCESS |

### Statement of the Case

This is a civil rights case filed under 42 U.S.C §1983 by a state prisoner and asserting claims for the unconstitutional denial of medical care out of deliberate indifference, denial of due process and for injuries inflicted resulting from the denial of medical care. The plaintiff seeks damages as to all claims.

### Statement of Facts

The complaint alleges that the plaintiff was denied serious medical needs by correctional officers who acted with deliberate indifference, when officers and medical personnel disregarded requests for medical attention based on plaintiffs complaint of being shot by officer, due to his negligence while being beaten and battered by three inmates.

Page 1

1. Factual Complexity. The plaintiff alleges that multiple correctional officers acted with deliberate indifference to a serious medical needs , when officers and medical personnel disregarded requests for medical attention based on plaintiff's complaints of pain,skin rashes,and infections while other officers stood by and watched. Plaintiff also asserts that prison supervisors were on notice of the violent propensities of some of those officers and did nothing about them . Plaintiff challenges the denial of medical care after the incident by multiple defendants.Finaly when plaintiff engaged in filing a complaint officers threatened with violence and disciplinary proceedings out of retaliation to prevent plaintiff from initiat--ing a civil rights suit,thereby violating plaintiffs due process and 1st amendment. The sheer number of claims and defendants makes this a factually complex case.

In addition, one of the plaintiff'c claims involves the denial of medical care ; it will probably be necessary to present a medical expert witness or to cross examine medical witnesses called by defendants , or both. The presence of medical or other issues requiring expert testimony supports the appointment of counsel. Montgomery v. Pinchak,294 F.3d 492,503-04(3d Cir.2002); Moore v. Mabus,976 F.2d 268,272(5th Cir.1992); Jackson v. County of Mclean,953 F.2d 1070,1073(7th Cir.1992).

2. The plaintiff's ability to investigate. The plaintiff is locked up and has no ability to investigate the facts. For example, plaintiff is unable to identify, locate, and interview the inmates who were housed in nearby cells and who saw some or all of the events that took place. Plaintiff is in the same situation with regard to developing the facts as an inmate who has been transfered to a different institution, a factor that several courts have cited in appointing counsel. Tucker v. Randall,948 F.2d 288,391-92(7th Cir.1991); Gatson v. Coughlin,679 F.Supp. 270,273(W.D.N.Y.1988). In addition this case wil require considerable discovery concerning the identities of witnesses, the officer's reports and statements about the incident, any prior history of denial of medical care, retaliation, misuse of force by the officers, and the plaintiff's medical history. See Parham v. Johnson,126 F.3d 454,459(3.d Cir.1997)(holding counsel should have been appointed because"prisoners lack of legal experience and the complex discovery rules clearly put plaintiff at disadvantage in countering the defendants discovery tactics...these[discovery] rules prevented [the plaintiff] from presenting an effective case below").

Page 3

1  plaintiff was tdenied immediate doctors attention, nor provided medician for pain and suffering, plaintiff complained
2  of chronic pain, skin rasheses and infections to correctional officers who refused to notify medical personnel. Medical
3  conditions have disabled plaintiff and has interfered with his life activities and the existence of chronic, and substanial
4  pain. Correctional officers threatened plaintiff with violence and to subsequent disciplinary proceedings to prevent plaintiff
5  from initiating a complaint. Each defendant at all times acted "Under Color of State Law," some of whom are related in case
6  matters actively threatened plaintiff with violence for complaining and failed to intervene. Plaintiff alleges supervisory officials
7  were aware of violent propensities of some of the officers and are liable for failing to take action to control them, who were
8  incharge of running facilities and provide medical services to prisoners, and failed enforcing the policy and practice that
9  led to the violation of plaintiffs rights secured by the Constitution or laws of the United States. Plaintiffs verfied
10 complaints filed, were ignored, and supervisory officers failed to react, while being aware of ongoing abuse and mistreatment
11 by their subordinate officers and no attempts were made to remedy problem. Plaintiff was repeatedly denied complaint,
12 and medical forms, & equal rights and privileges made available to all prisoners detained in prison custody to participate in
13 scheduled religious services, law library, educational, mental health, and recreational programs, nor provided means to maintain
14 daily personal hygiene needs, and continuously had his legal mail violated, and destroyed to obstruct plaintiffs access to
15 the courts and from assisting in his defense.

16                          **ARGUMENT**
17         THE COURT SHOULD APPOINT COUNSEL FOR THE PLAINTIFF.

18 In deciding whether to appoint counsel for an indigent litigant, the court should consider "the factual complexity of the case, the
19 ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present
20 his claim and the complexity of the legal issues." Abdullah v. Gunter, 949 F.2d 1032, 1035(8th Cir.1991)(citation omitted).
21 In addition, courts have suggested that the most important factor is whether the case appears to have merit. Carmona v. U.S
22 Bureau of Prisons, 243 F.3d 629, 632 (2d Cir.2001).
23 Each of these factors weighs in favor of appointment of counsel in this case.

24
25
26
27
28                          Page 2

1  3. Conflicting testimony. The plaintiff's accounts of the denial
of medical care by officers who acted with deliberate indifference
2  , while other officers watched and failed to intervene. Super-
-visory officials who were incharge of running facility and
3  provide medical services to prisoners, failed carrying out the
policy and practice that led to the violation of plaintiffs rights.
4  This aspect of the case will be a credibility contest between the
defendants and the plaintiff (and such inmate witnesses as can be
5  located). The existence of these credibility issues supports
the appointment of counsel. Steele v. Shah, 87 F.3d 1266, 1271
6  (11 Cir.1996); Gatson v. Coughlin, 679 F.Supp. at 273.

7

8  4. The ability of the indigent to present his claim. The plaintiff
is an indigent prisoner with no legal training, a factor that
9  supports the appointment of counsel. Forbes v. edgar, 112 F.3d
262, 264 (7th Cir.1997). In addition plaintiff is confined with
10 extremely limited access to legal materials. Rayes v. Johnson,
969 F.2d 700, 703-04(8th Cir.1992)(citing lack for ready access
11 to a law library as a factor supporting appointment of counsel).

12

13 5. Legal complexity. The number of defendants, some of whom
are supervisory officials, presents complex legal issues of
14 detirmining which defendants were sufficiently personally involved
in the Constitutional violations to be held liable.
15 Hendricks v. Coughlin, 114 F.3d 390, 394(2d Cir.1997)(holding
complexity of supervisory liability supported appointment of
16 counsel). In addition, the plaintiff has asked for a jury trial,
which requires much greater legal skill than the plaintiff has
17 or can develop. Solis v. County of los angeles, 514 F.3d 946, 958
(9th Cir.2008) (prisoner with eighth grade education and no legal
18 training is "ill-suited" to conduct a jury trial).

19

20 6. Merit of the case. The plaintiff's allegations, if proved,
clearly would establish a constitutional violation. The denial
21 of medical care alleged in the complaint clearly states an
Eighth Amendment violation. See Estelle v. Gamble, 429 U.S. 97, 104
22 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059(9th Cir.1992).
The allegations of denial of medical care amount to "intentionally
23 interfering with the treatment once prescribed," which the
Supreme court has specifically cited as an example of
24 unconstitutional deliberate indifference to prisoners medical
needs. On its face, then, this is a meritorious case.

25

26

27

28

CONCLUSION

For the foregoing reasons, the court should grant the plaintiff's motion and appoint counsel in this case.

March 2, 2020,

Shikeb Saddozai-CDCR#AY1590
Corcoran State Prison
P.O. Box 3461
Corcoran C.A. 93212
In Pro se