1    XAVIER BECERRA
Attorney General of California
2    WILLIAM C. KWONG
Supervising Deputy Attorney General
3    ALLISON M. LOW
Deputy Attorney General
4    State Bar No. 273202
    455 Golden Gate Avenue, Suite 11000
5    San Francisco, CA  94102-7004
    Telephone:  (415) 510-3589
6    Fax:  (415) 703-5843
    E-mail:  Allison.Low@doj.ca.gov
7    *Attorneys for Defendant*
*J. Clawson*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **SHIKEB SADDOZAI,** <br><br> Plaintiff, <br><br> v. <br><br> **RON DAVIS, et al.,** <br><br> Defendants. | Case No. 5:18-cv-05558-BLF (PR) <br><br> **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT** |

/ / /

/ / /

/ / /

1

Def.'s Mot. to Dismiss re: Pl.'s Third Am. Compl. (5:18-cv-05558-BLF (PR))

**TO THE COURT AND PLAINTIFF SHIKEB SADDOZAI, PRO SE:**

**PLEASE TAKE NOTICE** that Defendant Clawson moves to dismiss this lawsuit without prejudice because Plaintiff failed to exhaust his administrative remedies prior to filing suit.

**I.   STATEMENT OF THE CASE.**

Plaintiff initiated this action with two "buckshot" complaints, which the Court found improperly raised various claims against different defendants at San Quentin State Prison that were not all related to each other and did not arise out of the same transaction, occurrence, or series of transactions or occurrences. (ECF Nos. 7, 15.) Plaintiff decided to proceed against a San Quentin correctional officer named Clawson in his second amended complaint. (ECF No. 19.) He claimed Officer Clawson used excessive force against him on August 14, 2018. (*Id.*) And Officer Clawson moved to dismiss Plaintiff's second amended complaint because Plaintiff failed to exhaust his administrative remedies before filing suit as the Prison Litigation Reform Act requires. (ECF No. 27.)

Plaintiff then filed a third amended complaint. (ECF No. 29.) Plaintiff's allegations against Officer Clawson in his third amended complaint are identical to those maintained in his second amended complaint, except that Plaintiff clarifies that he sues Officer Clawson in both his individual and official capacities. (*Compare* ECF No. 19 *with* ECF No. 29.) As set forth in this motion, the exhaustion defense is still fatal to this suit and Plaintiff cannot proceed on official-capacity claims as a matter of law.

In addition to adding official-capacity claims against Officer Clawson, Plaintiff also added claims against San Quentin's Warden Ron Davis and the Director of the California Department of Corrections and Rehabilitation. (ECF No. 29 at 4–5.) Plaintiff generically alleges the Warden is "held liable for the policy decisions, writes regulations, or gives orders, and failed in his duty to act upon notice, reports, appeals, and knowledge, promulgated a policy that does direct or condone the wrongful conduct of Defendant Clawson." (*Id.*) Plaintiff further generically alleges the Director is "held liable for Warden Ron Davis's actions." (*Id.*) The Court has not yet screened these new claims as 28 U.S.C. § 1915A(a) requires, nor ordered service on the new parties.

2

Def.'s Mot. to Dismiss re: Pl.'s Third Am. Compl. (5:18-cv-05558-BLF (PR))

## II. LEGAL STANDARD FOR MOTION TO DISMISS.

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (citations omitted). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.* (citations omitted).

## III. PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES BEFORE FILING SUIT.

The Prison Litigation Reform Act mandates that inmates exhaust all available administrative remedies before filing any suit challenging prison conditions. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014). Although exhaustion is typically determined on a motion for summary judgment, exhaustion can be determined on a motion to dismiss where the prisoner's failure is clear from the face of the complaint. *Id.* at 1169.

The Ninth Circuit has made clear: "a prisoner does not comply with [the exhaustion] requirement by exhausting available remedies during the course of the litigation." *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). An action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending. *Id.* ("Congress has made a policy judgment that [the expenditure of additional resources by the parties and the court in requiring a second suit be filed] is outweighed by the advantages of requiring exhaustion prior to the filing of suit."); *see also Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) (dismissing the prisoner's suit where exhaustion was completed after he sent his complaint to the court for filing but before the complaint was actually filed).

Plaintiff is a California state prisoner suing about the conditions of his confinement. (*See, e.g.*, ECF No. 1.) California provides its prisoners the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or

3

Def.'s Mot. to Dismiss re: Pl.'s Third Am. Compl. (5:18-cv-05558-BLF (PR))

1  parolee can demonstrate as having a material adverse effect upon his or her health, safety, or
2  welfare." Cal. Code Regs. tit. 15, § 3084.1(a) (2018). In order to exhaust available
3  administrative remedies within the California system, a prisoner must proceed through three
4  levels of appeal. *Id.*, §§ 3084.1(b), 3084.7(d)(3). A final decision from the third level of review
5  satisfies the exhaustion requirement. *Id.*, § 3084.7(d)(3).

6  Plaintiff pleads that he initiated California's administrative exhaustion process after
7  commencing this lawsuit. (*Compare* ECF No. 29 at 2 *with* ECF No. 1.) In doing so, he failed to
8  satisfy exhaustion requirements as mandated by the Ninth Circuit. *McKinney*, 311 F.3d at 1199;
9  *Vaden*, 449 F.3d at 1051. Although the Ninth Circuit has carved out a limited exception for
10  claims by a prisoner exhausted before the filing of an amended complaint, that exception only
11  applies to newly added claims. *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010).
12  Plaintiff's claims against Defendant Clawson are not newly added. He plead them in his original
13  complaint (ECF No. 1 at 7), prior to when he says he exhausted them (ECF No. 19 at 2).
14  Therefore, Defendant Clawson requests this action be dismissed.

### IV. PLAINTIFF CANNOT PROCEED ON OFFICIAL-CAPACITY CLAIMS.

16  Plaintiff sues Officer Clawson in his individual and official capacities. (ECF No. 29 at 4.)
17  These claims fail on exhaustion grounds, as discussed above. But Plaintiff's official-capacity
18  claims also fail as a matter of law.

19  State officials sued in their official capacity for damages are not persons for purposes of 42
20  U.S.C. § 1983 and the Eleventh Amendment bars suits against them. *Will v. Mich. Dep't of State*
21  *Police*, 491 U.S. 58, 71 (1989); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th
22  Cir. 1997). The *Ex Parte Young* doctrine provides a limited exception to the Eleventh
23  Amendment bar in that Plaintiff could maintain a suit against state officials in their official
24  capacity (i.e., qua the State) for an ongoing violation of federal law if the state official has a
25  connection to the enforcement of the act. *Ex Parte Young*, 209 U.S. 123, 159–60 (1908). The
26  two critical elements of this exception are (1) ongoing violation; and (2) sufficient connection.

27  Plaintiff has not pled an ongoing violation of civil rights nor sufficient connection to any
28  prospective relief, nor could he since he is no longer housed at the institution where Officer

4

Def.'s Mot. to Dismiss re: Pl.'s Third Am. Compl. (5:18-cv-05558-BLF (PR))

Clawson works.  (ECF 29.)  With no ongoing violation, Plaintiff merely seeks relief for a past violation—and this the Eleventh Amendment bars.  *Papasan v. Allain*, 478 U.S. 265, 277–78 (1986); *Bank of Lake Tahoe v. Bank of Am.*, 318 F.3d 914, 918 (9th Cir. 2003) (requiring "a reasonable likelihood of future injury"); *see, e.g., United Mexican States v. Wood*, 126 F.3d 1220 (9th Cir. 1997) (challenges to validity of criminal conviction and sentence do not give rise to prospective relief under *Ex Parte Young*).  Also, with no sufficient connection, Plaintiff has no ability to compel the injunctive relief sought.  *Los Angeles Cty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992) (framing the "connection" between the state officer sued and the enforcement sought as "fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit.").; *Pouncil v. Tilton*, 704 F.3d 568, 576 (9th Cir. 2012) (same).

Therefore, Defendant Clawson requests the Court dismiss this lawsuit without prejudice to refiling anew.

Dated:  March 13, 2020

Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
WILLIAM C. KWONG
Supervising Deputy Attorney General

*/s/ Allison M. Low*

ALLISON M. LOW
Deputy Attorney General
*Attorneys for Defendant
J. Clawson*

SF2020200485
21851191.docx

5

Def.'s Mot. to Dismiss re: Pl.'s Third Am. Compl. (5:18-cv-05558-BLF (PR))

# CERTIFICATE OF SERVICE

Case Name:   **S. Saddozai v. Davis, et al.**          Case No.   **5:18-cv-05558-BLF (PR)**

I hereby certify that on <u>March 13, 2020</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**
- **[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>March 13, 2020</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Shikeb Saddozai (AY1590)
California State Prison - Corcoran
P.O. Box 3461
Corcoran, CA  93212
*In Pro Per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>March 13, 2020</u>, at San Francisco, California.

|  |  |
|---|---|
| G. Pang | */s/ G. Pang* |
| Declarant | Signature |

SF2020200485/21853158.docx