XAVIER BECERRA
Attorney General of California
WILLIAM C. KWONG
Supervising Deputy Attorney General
ALLISON M. LOW
Deputy Attorney General
State Bar No. 273202
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-3589
 Fax:  (415) 703-5843
 E-mail:  Allison.Low@doj.ca.gov
*Attorneys for Defendant
J. Clawson*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **SHIKEB SADDOZAI,**<br><br>Plaintiff,<br><br>v.<br><br>**RON DAVIS, et al.,**<br><br>Defendants. | Case No. 5:18-cv-05558-BLF (PR)<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT** |

Defendant Clawson moved to dismiss this lawsuit without prejudice because Plaintiff failed to exhaust his administrative remedies prior to filing suit.  Defendant Clawson also moved to dismiss Plaintiff's official-capacity claims.

The Court has read and considered the motion and finds that good cause exists to grant it.

IT IS HEREBY ORDERED that the motion is GRANTED.

**I.    LEGAL STANDARD FOR MOTION TO DISMISS.**

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'"  *Conservation*

1

Order Granting Def.'s Mot. to Dismiss re: Pl.'s Third Am. Compl. (5:18-cv-05558-BLF (PR))

*Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (citations omitted). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.* (citations omitted).

## II. DISCUSSION.

Plaintiff initiated this action with two "buckshot" complaints, which the Court found improperly raised various claims against different defendants at San Quentin State Prison that were not all related to each other and did not arise out of the same transaction, occurrence, or series of transactions or occurrences. (ECF Nos. 7, 15.) Plaintiff decided to proceed against a San Quentin correctional officer named Clawson in his second amended complaint. (ECF No. 19.) He claimed Officer Clawson used excessive force against him on August 14, 2018. (*Id.*) And Officer Clawson moved to dismiss Plaintiff's second amended complaint because Plaintiff failed to exhaust his administrative remedies before filing suit as the Prison Litigation Reform Act requires. (ECF No. 27.)

Plaintiff then filed a third amended complaint. (ECF No. 29.) Plaintiff's allegations against Officer Clawson in his third amended complaint are identical to those maintained in his second amended complaint, except that Plaintiff clarifies that he sues Officer Clawson in both his individual and official capacities. (*Compare* ECF No. 19 *with* ECF No. 29.) Plaintiff did not rectify the exhaustion problem identified by Officer Clawson, and Officer Clawson moves to dismiss again.

The Prison Litigation Reform Act mandates that inmates exhaust all available administrative remedies before filing any suit challenging prison conditions. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014). Although exhaustion is typically determined on a motion for summary judgment, exhaustion can be determined on a motion to dismiss where the prisoner's failure is clear from the face of the complaint. *Id.* at 1169.

2

Order Granting Def.'s Mot. to Dismiss re: Pl.'s Third Am. Compl. (5:18-cv-05558-BLF (PR))

Plaintiff is a California state prisoner suing about the conditions of his confinement. (*See, e.g.*, ECF No. 1.) California provides its prisoners the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a) (2018). In order to exhaust available administrative remedies within the California system, a prisoner must proceed through three levels of appeal. *Id.*, §§ 3084.1(b), 3084.7(d)(3). And the prisoner must do so before filing suit. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). An action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending. *Id.* ("Congress has made a policy judgment that [the expenditure of additional resources by the parties and the court in requiring a second suit be filed] is outweighed by the advantages of requiring exhaustion prior to the filing of suit."); *see also Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) (dismissing the prisoner's suit where exhaustion was completed after he sent his complaint to the court for filing but before the complaint was actually filed).

Plaintiff pleads that he initiated California's administrative exhaustion process after commencing this lawsuit. (*Compare* ECF No. 29 at 2 *with* ECF No. 1.) In doing so, he failed to satisfy exhaustion requirements as mandated by the Ninth Circuit. *McKinney*, 311 F.3d at 1199; *Vaden*, 449 F.3d at 1051.

Plaintiff sues Officer Clawson in his individual and official capacities. (ECF No. 29 at 4.) These claims fail on exhaustion grounds, as discussed above. But Plaintiff's official-capacity claims also fail as a matter of law.

State officials sued in their official capacity for damages are not persons for purposes of 42 U.S.C. § 1983 and the Eleventh Amendment bars suits against them. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997). The exception provided by *Ex Parte Young* doctrine does not apply because Plaintiff has not pled an ongoing violation of federal law nor Officer Clawson's sufficient connection to the injunctive relief sought. *Ex Parte Young*, 209 U.S. 123, 159–60 (1908). Plaintiff merely

3

seeks relief for a past violation—and this the Eleventh Amendment bars. *Papasan v. Allain*, 478 U.S. 265, 277–78 (1986); *Bank of Lake Tahoe v. Bank of Am.*, 318 F.3d 914, 918 (9th Cir. 2003) (requiring "a reasonable likelihood of future injury").

### III. CONCLUSION.

Officer Clawson is hereby dismissed without prejudice to Plaintiff refiling claims against him in a new lawsuit.

IT IS SO ORDERED.

Dated: _____    _____
The Honorable Beth Labson Freeman

SF2020200485
21851203.docx

4

Order Granting Def.'s Mot. to Dismiss re: Pl.'s Third Am. Compl. (5:18-cv-05558-BLF (PR))