1  XAVIER BECERRA
   Attorney General of California
2  WILLIAM C. KWONG
   Supervising Deputy Attorney General
3  ALLISON M. LOW
   Deputy Attorney General
4  State Bar No. 273202
    455 Golden Gate Avenue, Suite 11000
5   San Francisco, CA  94102-7004
    Telephone:  (415) 510-3589
6   Fax:  (415) 703-5843
    E-mail:  Allison.Low@doj.ca.gov
7  *Attorneys for Defendant*
   *J. Clawson*

8

9                  IN THE UNITED STATES DISTRICT COURT

10                FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                           SAN JOSE DIVISION

12

13

14 **SHIKEB SADDOZAI,**                    Case No. 5:18-cv-05558-BLF (PR)

15                          Plaintiff,     **DEFENDANT'S CONDITIONAL NON-OPPOSITION TO PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO OPPOSE THE MOTION TO DISMISS**
16     v.

17 **RON DAVIS, et al.,**

18                          Defendants.

19

20      **TO THE COURT AND PLAINTIFF SHIKEB SADDOZAI, PRO SE:**

21      **PLEASE TAKE NOTICE** that Defendant J. Clawson does not oppose the Court providing

22  Plaintiff an extension of time to file a response to Defendant's motion to dismiss.  But, Defendant

23  disagrees that an indefinite extension is justified on Plaintiff's stated need for discovery.

24      Plaintiff's third amended complaint makes unequivocally clear that he failed to exhaust his

25  administrative remedies before filing suit.  (ECF No. 29.)  He explicitly pleads that he exhausted

26  after suit was filed.  (Compare ECF No. 29 at 2 with ECF No. 1.)  In doing so, he failed to satisfy

27  exhaustion requirements as mandated by the Ninth Circuit.  *McKinney v. Carey*, 311 F.3d 1198,

28  1199 (9th Cir. 2002).  The Ninth Circuit requires this action be dismissed without prejudice.  *Id.*

1

Def.'s Cond. Non-Opp'n re: Pl.'s Req. Ext. Time  (5:18-cv-05558-BLF (PR))

1  ("Congress has made a policy judgment that [the expenditure of additional resources by the
2  parties and the court in requiring a second suit be filed] is outweighed by the advantages of
3  requiring exhaustion prior to the filing of suit.").

4  Plaintiff wants an indefinite extension of time so he can conduct discovery before he
5  opposes Defendant's motion to dismiss.  (ECF No. 33.)  But, the Ninth Circuit has held that
6  discovery at the pleadings stage is only appropriate where factual issues are raised.  *Wagh v.*
7  *Metris Direct, Inc.*, 363 F.3d 821, 829 (9th Cir. 2003), *overruled on other grounds in Odom v.*
8  *Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir. 2007); *see also Rutman Wine Co. v. E. & J. Gallo*
9  *Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of [a motion to dismiss] is to enable
10 defendants to challenge the legal sufficiency of complaints without subjecting themselves to
11 discovery.").  And, there is no discovery that Plaintiff could serve that would bear on the
12 dismissal of his claims.

13 Nevertheless, defense counsel takes Plaintiff at his word that he has reduced access to the
14 law library to review the case law that Defendant cited in his motion.  Accordingly, concurrent
15 with this filing, defense counsel will direct the service of this legal authority on Plaintiff.
16 Defendant does not oppose a finite extension of time of reasonable duration for Plaintiff to review
17 this authority and determine whether he should oppose Defendant's motion or simply withdraw
18 his complaint and refile.[1]

19 Dated:  March 20, 2020

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
WILLIAM C. KWONG
Supervising Deputy Attorney General

*/s/ Allison M. Low*

ALLISON M. LOW
Deputy Attorney General
*Attorneys for Defendant*

SF2020200485/21860405.docx

---

[1] Plaintiff also writes that "Defendant's counsel will not make efforts as a professional courtesy."  (ECF No. 33 at 2:10–12.)  Defense counsel has no idea what he means and has not received any accommodation request from Plaintiff.

2