UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>        Plaintiff,<br><br>    v.<br><br>RON DAVIS, et al.,<br><br>        Defendants. | Case No. 18-05558 BLF (PR)<br><br>**ORDER DENYING MOTIONS RE APPOINTMENT OF COUNSEL; DENYING MOTION TO AMEND AS UNNECESSARY; DENYING MOTION TO DISMISS AS MOOT; GRANTING MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION**<br><br>(Docket Nos. 24, 26, 27, 30, 33) |

Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court found the second amended complaint, Dkt. No. 19 (hereinafter "SAC"), stated a cognizable claim for failure to protect under the Eighth Amendment and ordered the matter served on Defendant Correctional Officer Clawson at the San Quentin State Prison.[1] Dkt. No. 22. Plaintiff filed a third amended complaint on March 6, 2020, Dkt. No. 29, following Defendant Clawson's filing of a motion to dismiss on March 2, 2020, Dkt. No. 27. Defendant Clawson filed notice conceding that since Plaintiff is permitted to amend his complaint as a matter of course within twenty-one days of their

---

[1] The Court dismissed all other claims and defendants from this action for failure to state a claim, as well as failure to comply with Rules 18(a) and 20(a) of the Federal Rules of Civil Procedure. Dkt. No. 22 at 3-4.

motion under Federal Rule of Civil Procedure 15(a)(1)(B), Plaintiff's third amended complaint is now the operative complaint and Defendant's motion to dismiss the second amended complaint is rendered moot. Dkt. No. 31. Accordingly, Plaintiff's motion to amend is DENIED as unnecessary, Dkt. No. 26, and the third amended complaint is the operative complaint in this matter under Rule 15(a)(1)(B). Dkt. No. 29. Defendant's motion to dismiss the second amended complaint is DENIED as moot. Dkt. No. 27. The Court addresses other pending motions below.

## DISCUSSION

### A. Motions Re Appointment of Counsel

The Court denied each of Plaintiff's three motions for appointment of counsel for lack of exceptional circumstances, with the last order filed on August 26, 2019. Dkt. Nos. 7, 12, 21. On January 15, 2020, Plaintiff filed another motion to appoint counsel, Dkt. No. 24, and a motion for reconsideration of the last court order denying appointment of counsel, Dkt. No. 30. Although titled differently, these two motions essentially assert the same arguments. Plaintiff additionally requests a preliminary injunction and a court order for prison officials to "cease and desist violence, harassment and retaliation to intereref[e] with plaintiff's civil action." Dkt. No. 24 at 2; Dkt. No. 30 at 2. Plaintiff is currently being housed at Corcoran State Prison ("CSP"), which is not a party to this action. Accordingly, the Court has no jurisdiction over CSP or any of its employees in this action to issue an injunctive order against them. Plaintiff must file any new claims against CSP employees in a separate civil rights action.

Plaintiff asserts the following grounds for appointment of counsel: lack of legal material and access to the law library and legal assistance, and the need for assistance to conduct discovery. Dkt. No. 24 at 4-7; Dkt. No. 30 at 4-7. The Court notes that despite the challenges he alleges, Plaintiff managed to file another motion to amend the complaint and the proposed third amended complaint. Dkt. Nos. 26, 29. With respect to discovery,

2

Plaintiff recently filed a motion requesting more time to conduct discovery to oppose Defendant's motion which is generally articulate and organized. Dkt. No. 33. Accordingly, the motions for appointment of counsel and for reconsideration are **DENIED** for lack of changed circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

**B.      Motion for Extension of Time to Complete Discovery**

On March 13, 2020, Defendant filed a motion to dismiss Plaintiff's third amended complaint. Dkt. No. 32. On March 19, 2020, Plaintiff filed a motion for extension of time to complete discovery "so that plaintiff can get evidence to defeat Defendant's Motion to Dismiss." Dkt. No. 33 at 2. The Court construes the motion as one for an extension of time to file opposition to Defendants' motion to dismiss. Defendant filed a conditional non-opposition to Plaintiff's request for an extension of time, stating that he does not oppose a finite extension of time of reasonable duration for Plaintiff to respond. Dkt. No. 34. More recently on April 20, 2020, Defendant filed a "notice of assisted filing and non-opposition to Plaintiff's request for extension of time to oppose the motion to dismiss." Dkt. No. 37. Attached are some papers which Plaintiff mailed to Defendant's counsel, asking him to forward to the Court. *Id.*

In light of Defendant's non-opposition and good cause appearing, Plaintiff's motion is GRANTED. Dkt. No. 33. Plaintiff shall file an opposition in the time set forth below.

**CONCLUSION**

For the reasons discussed above, the Court orders as follows:

1.      Plaintiff's motions regarding appointment of counsel are **DENIED**. Dkt.

3

Nos. 24, 30.

2. Plaintiff's motion to amend is **DENIED** as unnecessary. Dkt. No. 26. The third amended complaint, Dkt. No. 29, is now the operative complaint in this action.

3. Defendant's motion to dismiss the second amended complaint is **DENIED** as moot. Dkt. No. 27.

4. Plaintiff's motion for an extension of time to file opposition to Defendant's latest motion to dismiss is **GRANTED**. Dkt. No. 33. Plaintiff's opposition shall be filed **no later than twenty-eight (28) days from the date this order is filed.** Defendant shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

This order terminates Docket Nos. 24, 26, 27, 30, and 33.

**IT IS SO ORDERED.**

Dated:  __April 23, 2020_____

BETH LABSON FREEMAN
United States District Judge

Order Addressing Pending Motions
PRO-SE\BLF\CR.18\05558Saddozai_mots

4