

1   Shikeb Saddozai-CDCR#AY1590
    Corcoran State Prison
2   P.O.Box 3461
    Corcoran C.A. 93212
3   In Pro se

4

5

6               UNITED STATES DISTRICT COURT

7            NORTHERN DISTRICT OF CALIFORNIA

8

9

10  SHIKEB SADDOZAI,                   Case No.5:18-cv-05558-BLF(PR)

11          Plaintiff,
                                       PLAINTIFF'S OPPOSITION
12  v.                                 TO DEFENDANT'S MOTION
                                       TO DISMISS PLAINTIFF'S
13                                     COMPLAINT
    CLAWSON,et al.,
14          Defendants.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                            1

TO THE COURT AND DEFENDANT'S:PLEASE TAKE NOTICE that plaintiff moves to dismiss defendant's motion to dismiss plaintiff's complaint due to issue being settled.

A. PLAINTIFF HAS EXHAUSTED HIS ADMINISTRATIVE REMEDIES BEFORE
   FILING SUIT.

Plaintiff has submitted multiple CDCR-602-Appeal/complaints, which prison appeal coordinator has repeatedly rejected/canceled violating plaintiff's due process and right to redress of grievance, thereby finalizing exhaustion. In addition rejected/cancelation of plaintiff's submitted inmate appeal complaint have passed prescribed time constraints on appeal levels in officer of appeals own omission violating facility guidelines with in the meaning of the California Code of Regulations(CCR)Title 15 section 3084.8 also finalizing exhaustion.

In the U.S. Supreme Court case Jones v. Bock,549 U.S.199(2007), the Court stated that prisoners do not need to show in their complaint that they have exhausted all grievance procedures. However plaintiff in good faith effort continued attempting to seek remedy  and exhaustion even after prison officials repeated obstruction of plaintiff's inmate complaint process and resubmitted inmate appeal/complaint which was accepted and exhausted at second level prior to initial filing of civil complaint.(SEE. Ex. A)

Plaintiff has submitted evidence to counter defendant's claim of failure to exhaust administrative remedies prior to filing suit showing plaintiff complide with 42 U.S.C. § 1997(e)(a) responsibility.

In addition plaintiff use of force claims suffered,caused actual physical injury showing adverse effect on plaintiff's health,welfare and safety waranting an emergency inmate appeal process through the prison procedure rpeatedly denied to plaintiff,and under which are allowed to go forward to avoid irreparable harm despite defendant's assertions.

Plaintiff is no longer housed at institution where officer Clawson works and plaintiff's transfer may be constitutionally required to protect plaintiff's life and safety,nor can defendant escape liability based on plaintiff's transfer to deprive plaintiffs' legal rights in which it is forbidden to inflict any punishment,not just injurious punishment and because defendant is employed through the California Department of Corrections and Rehabilitation,and at any given time defendant Clawson can be located at plaintiff's designated place of custody causing plaintiff safety concerns, future harm and risk of another attack.

Plaintiff has suffered physical injury,extreme mental distress, humiliation,embarrassment,extreme shock and nervousness,and under- went psychiatric care for which plaintiff continues to undergo , causing interference with life activities for his life time,as a result of defendant's Clawson willful,malicious,excessive deadly force which was clearly unreasonable and condoned by supervisory officials through a pattern and practice,in which a reasonable expectation that discovery will reveal evidence of necessary elemants and due to which defendant's is not entitled to qualified or other immunity for these actions.

3

1

CONCLUSION

2    For the aforemention reasons defendant's motion to dismiss

3  plaintiff's complaint should be denied due to issue being settled.

4

5  Respectfully submitted                    Dated: May 5, 2020

6  Shikeb Saddozai-AY1590
   Corcoran State Prison
7  P.O.Box 3461
   Corcoran,California,93212
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

EXHIBIT - A

EXHIBIT - A

EXHIBIT A

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

**D.** If you are dissatisfied with the First Level response, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response.   If you need more space, use Section D of the CDCR 602-A.

Inmate/Parolee Signature: _____   Date Submitted : _____

**E. Second Level - Staff Use Only**                                  Staff – Check One: Is CDCR 602-A Attached? ☒ Yes   ☐ No

This appeal has been:
☐ By-passed at Second Level of Review.  Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)
☒ Accepted at the Second Level of Review
Assigned to: T. ALLEN   Title: AWCS   Date Assigned: 11/2/18   Date Due: 12/19/18

Second Level Responder:  Complete a Second Level response.  If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.
Date of Interview: __11/6/18__   Interview Location: CCI via telephone

Your appeal issue is:  ☐ Granted   ☒ Granted in Part   ☐ Denied   ☐ Other: _____
See attached letter.  If dissatisfied with Second Level response, complete Section F below.
Interviewer: J. ZUNIGA   Title: Lt.   Signature: _____   Date completed : 11/6/18
          (Print Name)
Reviewer: M. ROOMBELL   Title: CVV   Signature: _____
         (Print Name)
Date received by AC: __NOV 13 2018__

AC Use Only
Date mailed/delivered to appellant NOV 14 2018

**F.** If you are dissatisfied with the Second Level response, explain reason below; attach supporting documents and submit by mail for Third Level Review.  It must be received within 30 calendar days of receipt of prior response.  Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001.  If you need more space, use Section F of the CDCR 602-A.

See Amended CDCR-602 attachment : failed to be stamped, date mailed and delivered to appellant.

Inmate/Parolee Signature: l. saddozei   Date Submitted: November 27, th 2018

**G. Third Level - Staff Use Only**
This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)   Date: _____
☒ Accepted at the Third Level of Review.  Your appeal issue is ☐ Granted ☒ Granted in Part ☐ Denied ☐ Other: Refer to SLR
        See attached Third Level response.

Third Level Use Only
Date mailed/delivered to appellant FEB 12 2019

**H. Request to Withdraw Appeal:**  I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

Inmate/Parolee Signature: _____   Date: _____
Print Staff Name: _____   Title: _____   Signature: _____   Date: _____

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

```
[barcode] 1817764
AY1590
```

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | SQ-A-18-02997 — | | (2) |
| | FOR STAFF USE ONLY | | |

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available.  See California Code of Regulations, Title 15, (CCR) Section 3084.1.  You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal.  If additional space is needed, only one CDCR Form 602-A will be accepted.  Refer to CCR 3084 for further guidance with the appeal process.  No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.          WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First) | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Saddozai  Shikeb | AY1590 | 2 Carson 14 | Appeals Coordinator |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

Inmate assault, Excessive Force by Correction Officer, legal

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): On August 14th 2018, while assigned to 3rd tier, Badger, Cell 27 San Quentin Reception, after returning from evening meal awaiting my cell door to be unlocked, I was beaten and battered by three inmates: Larm, Sumiski, and Esquivel. In attempting to protect my head and face

B. Action requested (If you need more space, use Section B of the CDCR 602-A): Action Requested are the following: (1) My medical emergencies be addressed, (2) the following aforementioned inmates be disciplined and criminally charged, (3) Correctional Officer that fired his weapon be

Supporting Documents: Refer to CCR 3084.3.

☐ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

_____

_____

☒ No, I have not attached any supporting documents. Reason: Due to restrictions made by my confinement Correction officers have denied me opportunity to make copies of original documents (Form CDCR-0022, Property Inventory CDCR-1083, and Incident Report) as supporting evidence and efforts to resolve issues.

Inmate/Parolee Signature: S. Saddozai          Date Submitted: 08-25-2018

☐ By placing my initials in this box, I waive my right to receive an interview.

INMATE APPEALS OFFICE
CALIFORNIA STATE PRISON
SAN QUENTIN, CA 94964
AUG 2 7 2018
SEP 2 6 2018
OCT 0 3 2018
NOV 0 2 2018

REC BY OOA
DEC 18 2018

C. First Level - Staff Use Only                    Staff – Check One: Is CDCR 602-A Attached?  ☐ Yes  ☐ No

This appeal has been:
☐ Bypassed at the First Level of Review.  Go to Section E.
☒ Rejected (See attached letter for instruction)  Date: 8/28/18    Date: 9/16/18    Date: _____    Date: _____
☐ Cancelled (See attached letter) Date: _____
☐ Accepted at the First Level of Review.

Assigned to: C5          Title: AW          Date Assigned: 10/10          Date Due: 11/20/18

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: 10·15·18          Interview Location: Alpine Office

Your appeal issue is:  ☐ Granted  ☒ Granted in Part  ☐ Denied  ☐ Other

*See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: R. Aiello          Title: Sgt.          Signature: _____          Date completed: 10·15·18
(Print Name)

Reviewer: T. Allen          Title: AW          Signature: _____
(Print Name)

Date received by AC: OCT 2 2 2018

| AC Use Only |
|---|
| Date mailed/delivered to appellant _____ |

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL FORM ATTACHMENT                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
CDCR 602-A (REV. 03/12)                                                                                    Side I

| | IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|---|

**SQ A-18-02997-A**

FOR STAFF USE ONLY

Attach this form to the CDCR 602, only if more space is needed.  Only one CDCR 602-A may be used.

Appeal is subject to rejection if one row of text per line is exceeded.     WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): SADDOZAI , SHIKEB | CDC Number: AY1540 | Unit/Cell Number: 2 Carson 14 | Assignment: Appeals Coordinator |
|---|---|---|---|

**A.   Continuation of CDCR 602, Section A only (Explain your issue):** from my attackers, Correctional officer fired his gun and shot me on lower right side of my body towards my buttocks. Incident report reflects that I am the victim, however when I raised Correction officers negligence in my interview with Captain, August 15 2018, Captain stated "these kind of things just happens". No immediate doctors attention or medician was provided for my pain, suffering and sustained injuries impairing me in my daily living needs. I was placed in Carson Administrative Segregation cell 2-c14 devoid of disciplinary violation or violence yet I was subjected to being handcuffed at all times behind my back, as punishment, inflicting pain cuts, bruises, and restricting blood circulation on my arm, one of which is disabled. I am denied ability to maintain hygiene to shower, groom, exchange linen and clothes. My cell toilet, sink, walls, and floors are covered with urine and other bodily excreation that I am forced to breath daily. My mattress is destroyed and saturated with urine. My cell sink is malfunctioned and upon multiple requests I am denied cleaning supplies and forced to consume all meals in twenty four hour isolation. I am denied fresh air and exercise and my numerous request to with Correction officers to redress my grievances and medical emergencies went ignored and uncorrected. My legal materials and personal property that included my religious materials and hygiene were confiscated outside my access preventing me from complying with legal deadlines causing me damage and depriving me from practicing my religious Muslim faith while other inmates are in possession of their legal and religious.

Inmate/Parolee Signature: _l. Saddozai_                         Date Submitted: 08-25-2018

INMATE APPEALS OFFICE
CALIFORNIA STATE PRISON
SAN QUENTIN, CA 94964

AUG 27 2018

SEP 18 2018

OCT 03 2018

NOV 02 2018

REC BY OOA

DEC 10 2018

**B.   Continuation of CDCR 602, Section B only (Action requested):** disciplined and or discharged from his duties and (4). A declaration that the acts and omissions violated my Constitutional rights under the First, Sixth, Eighth & Fourteenth Amendments, (5), that I be provided ability to maintain my hygiene to shower, groom, exchange linen and clothes daily (6). To be provided daily fresh air, exercise and afforded opportunity to clean and sanitize my cell living daily (7), that I be afforded ability to practice my religious faith through recieving religious diet meals and have in my possession at all times my religious and legal materials without interference, (8). and that I be removed from administrative Segregation and placed in a housing unit per my classification and that inmates victims of assault not be placed in Ad-seg.

Inmate/Parolee Signature: _l. Saddozai_                         Date Submitted: 08-25-2018

STATE OF CALIFORNIA                                                              DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)                                                                                                      Side 2

___

D.  Continuation of CDCR 602,  Section D only (Dissatisfied with First Level response): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____   Date Submitted: _____

___

F.  Continuation of CDCR 602,  Section F only (Dissatisfied with Second Level response): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____   Date Submitted: _____

STATE OF CALIFORNIA – DEPARTMENT OF CORRECTIONS AND REHABILITATION                                    GAVIN NEWSOM, GOVERNOR

OFFICE OF APPEALS
P.O. Box 942883
Sacramento, CA  94283-0001



February 5, 2019

SADDOZAI, SHIKEB, AY1590
San Quentin State Prison
San Quentin, CA  94974

Dear Mr./Ms. SADDOZAI, SHIKEB,

The California Department of Corrections and Rehabilitation (CDCR) Office of Appeals (OOA)
received your CDCR Inmate 602 Appeal log number 1817764 for the purposes of providing a Third
Level Response.

Unfortunately, due to time constraints, OOA will not be issuing a Third Level Response to your
inmate appeal.  The Second Level Response to your appeal, previously issued is adopted as the
Third Level Response and serves as the Department's decision in full.

The Second Level Response will constitute exhaustion of the administrative remedy provided by the
CDCR Inmate 602 Appeal process as described in California Code of Regulations Title 15 section
3084.1(b) for the specific issues described in CDCR Inmate 602 Appeal log number SQ-18-02997.

This action by OOA does not excuse you from exhausting any other administrative remedies that
may be required or available to you in relation to your particular claim, including, but not limited to,
the Department of General Services Government Claims Program, the Department of Fair
Employment and Housing, and the Equal Employment Opportunity Commission.

Sincerely,

Office of Appeals
California Department of Corrections & Rehabilitation

cc:     Litigation Coordinator

 St..e of California                                   Department of Corrections and Rehabilitation

**Memorandum**

Date    :   **NOVEMBER 6, 2018**

To      :   **SADDOZAI AY-1590**

Subject :   **SECOND LEVEL OF REVIEW RESPONSE TO APPEAL # SQ-A-18-02997**

**APPEAL ISSUE:**
CUSTODY/CLASSIFICATION

**SUMMARY OF APPEAL:**
You submitted an appeal regarding multiple issues which you are requesting to be addressed and corrected. On August 14, 2018, you stated that you were battered by several inmates upon returning from the evening meal. You alleged during the incident you were struck by a "gunshot" to on your lower right side of your buttocks. You further stated that Correctional Staff had other force options to utilize to quell the incident, and shouldn't have shot the less-lethal projectile. You alleged that you were the victim and felt that the Correctional Officer who discharged the weapon was negligent of his duties and unnecessary force was used. After the incident, you stated you were forced to "strip naked" in the presence of non-medical staff, and you did not receive proper medical care. You then further stated you were subsequently placed in Administrative Segregation Unit (ASU) for disciplinary purposes. You stated during your escort to ASU, you were placed in handcuffs as punishment, which you sustained cuts, bruises and restriction of blood circulation to your arms.

While housed in ASU, you made allegations that your living conditions were not suitable. You claimed your toilet, sink and walls were covered with urine, along with your mattress. You stated your sink malfunctioned, and you were denied cleaning supplies. You also claimed you were denied recreational yard time and forms such as 602's and form 22's. You then further stated that you were denied your property which included legal, religious, and hygiene items.

**DECISION:**
PARTIAL GRANTED

**EFFECTIVE COMMUNICATION:**
The Reviewer identified any accommodations necessary for communication with you by means of the Disability and Effective Communication (DEC) System and/or the Strategic Offender Management System (SOMS).
You are a participant in the MHSDS CCCMS level of care
You are not a participant in the DPP
You are not a participant in the DDP
You have a TABE score of: 7.6

The Interviewer confirmed effective communication was established with you when you provided appropriate answers to questions asked, and asked appropriate questions pertaining to the appeal issue(s) and/or the appeal process. In accommodation, the method of speaking simple English to you slowly and simply was utilized.

'e of California

Department of Corrections and Rehabilitation

**REVIEWED/INTERVIEWED BY:**
On November 6, 2018, at approximately 1500 hours, you were interviewed by Correctional Lieutenant (LT) J. Zuniga in Facility A South Block office via telephone. During the telephonic interview, you were provided an opportunity to clarify any issues noted in this appeal or provide any additional information/documentation to support the appeal allegations. You reiterated the basis of your appeal and had no additional supporting information to add to the appeal.

**DISCUSSION/CONCLUSION:**
On November 4, 2018, at approximately 1500 hours, while conducting my interview with Inmate Saddozai, he reiterated his concerns which was addressed on his 602 Inmate Appeal. He stated that he had nothing further to add nor was not able to provide further supporting documentations pertaining to his allegations.

After conducting a review of the 837 incident package SQP-004-18-08-0339, it was determined that Correctional staff adhered to the Californian Department of Corrections and Rehabilitations (CDCR) use of force policy to quell the disturbance. Per Title 15 Use of Force CCR 3268(a)(1), 3268(a)(4), 3268(a)(5), 3268(c), reasonable force was utilized to effect custody and gain compliance with a lawful order. Immediate force was used without delay to respond to the situation which constituted imminent threat to the institution /facility security or the safety of persons. Use of force options do not have to be utilized in any particular sequence. Responding custody staff will make a determination based on safety, distance of the disturbance, size of disturbance, and the imminent threat. During the incident, you may not have been the intended target, but due to the movement of all the involved inmates, the point of impact which the 40mm direct impact round strikes cannot be definitively determined to hit its intended target. Based on the 7219 Medical Evaluation dated 8/14/18, your allegations of being placed in handcuffs which caused you have cuts/bruises to your wrists and losses of circulation to your arms are unfounded.

You stated you were "stripped naked" in the presence of non-medical staff which violated you privacy. According to Title 15 CCR Section 3287(b), Cell Property and Body Inspection, An inmate is subject to an inspection of his or her person either clothed or unclothed, when there is a reasonable suspicion to believe the inmate may have unauthorized or dangerous items conceal on his or her person or that he or she may have been involved in an altercation of any kind. The unclothed body search which was conducted at the conclusion of the altercation was warranted since you were involved in an altercation and for placement in ASU.

Upon reviewing the ASU placement notice, it was determined that you were rehoused based on your safety concerns which if you were to remain in San Quentin Badger Unit, your safety would be in jeopardy. Base on Title 15 CCR Section 3335, and 3335(a)(1) Administrative Segregation, when an inmates presence in an institution presents an immediate threat to the safety of the inmate or others, endangers institution security, inmates shall be immediately removed from GP and placed in ASU. Your placement into ASU was based on your safety concerns and not for disciplinary purposes. While you were in ASU, you made allegations that your living quarters were unbearable due to the urine, soiled mattress, and a broken sink. You also alleged that you did not receive recreational yard or your personal property while housed in ASU. Upon the review of the CDC114-A Inmate Segregation Record it notates on 8/16/2018 you were given then opportunity to have recreation yard which you refused to participate. You were given your personal property and canteen on 8/21/2018 and again you receive more personal property on 8/22/2018. Your allegations of a soiled mattress and unlivable conditions while housed in ASU are unfounded. It was determined that while in ASU, you were also afforded the opportunity to receive all requested documentations such form 22's and 602's. Forms were given to you on 8/23/18, your requests for documents were afforded to you while housed in ASU.

SLR Response #SQ-A-18-02997

Page 2 of 3

State of California                                        Department of Corrections and Rehabilitation

After reviewing all available information an assessment was conducted of the appeal and the reviewer determined that CDCR did not violate the Use of Force Policy, ASU placement, search procedures, and your living conditions while housed in ASU.

**DECISION:**
The appeal is at the Second Level of Review. The appeal is granted in part based one the aforementioned. You are seeking further medical evaluation for the injuries which you sustained. You are afforded the opportunity to do so by filling out a medical health request form. You're requesting for inmate form which include form 22's and 602's is approved. Forms which you are seeking for are readily available to you in your current housing unit. All requested forms will be issued to you upon request when staff and the forms requesting are available.

Your allegation of staff misconduct was unfounded, based on the review on the 837 incident package and all other documents CDCR followed proper policy and procedure during and after the incident. Your request for Officer Clawson to be discharged from his duties is denied.

If dissatisfied with the Second Level Response, the appellant may submit the appeal for a Third Level Review, as described in CCR 3084.7, provided the time limits pursuant to CCR 3084.8 are met.

**APPLICABLE DOCUMENTATION / POLICY / EVIDENCE CONSIDERED IN APPEAL DISCUSSION:**
CCR§ 3084.1, Right to Appeal
CCR§ 3268(a)(1), 3268(a)(4), 3268(a)(5), 3268(c) Use of Force
CCR§ 3278(b) Cell, Property, and Body Inspections
CCR§ 3335, 3335(1)(a) Administrative Segregation

**RON DAVIS**
**WARDEN**
**SAN QUENTIN STATE PRISON**

# Memorandum

Date    :    **OCTOBER 15, 2018**

To    :    **INMATE SADDOZAI (AY1590)**

Subject  :    **FIRST LEVEL OF REVIEW RESPONSE TO APPEAL # SQ-A-18-02997**


**APPEAL ISSUE:**
CUSTODY/CLASS

**SUMMARY OF APPEAL:**
In your CDCR 602 (Inmate/Parolee Appeal) you contend multiple issues and/or requests, such as: (1) Staff misconduct, (2) Copies of the Incident Report in which you were the victim of the incident, (3) A medical evaluation, (4) Correctional Officer Clawson be discharged, (5) Forms be made readily available in the unit, (6) Have the institution install cameras on the yards and in staff office areas, and (7) Request for a written declaration that "the acts and omissions violated your Constitutional Rights."

**DECISION:**
PARTIALLY GRANTED

**REVIEWED/INTERVIEWED BY:**
Correctional Sergeant R. Aiello was assigned as the First Level Review (FLR). Sergeant Aiello conducted an interview with you on Monday, October 15, 2018 in the South Block Alpine Section.

The San Quentin Inmate Appeals Office reviewed the appeal issue(s) and determined it did not allege staff misconduct that warranted review by the Hiring Authority pursuant to CCR 3084.9(i)(3). The screener advised you the issue would receive routine appeal processing.

**EFFECTIVE COMMUNICATION:**
The Reviewer identified any accommodations necessary for communication with inmate Ramos by mean of the Disability and Effective Communication (DEC) System and/or the Strategic Offender Management System (SOMS). It was noted you are a participant in MHSDS program at the CCCMS level of care. Additionally, you are not a participant in the DPPV or the DDP. It is noted you have a TABE score of 7.6 on file.

The Reviewer confirmed effective communication was established in that inmate Ramos provided appropriate answers to questions asked, and asked appropriate questions pertaining to the appeal issue(s) and/or the appeal process.

NOV 0 2 2018

**APPEAL DISCUSSION:**

You claim that staff inappropriately used force against you. While this issue has been reviewed by the Hiring Authority, there are several related issues that may be addressed.

You confirmed the subject and scope of your appeal in your own words. During the interview the FLR was able to identify seven issues that will be addressed in this appeal response.

**The first issue** addressed by the FLR was the allegations of staff misconduct. You were reminded that the complaint has been rejected by the Hiring Authority. This was verified with the documents that were presented with the appeal, dated August 28, 2018 and September 26, 2018.

**The second issue** discussed was your request for copies of the Incident Report in which you were the victim of an assault. You acknowledged that you did receive a form stating that you were the victim, but not the entire Incident Package. You were informed that you may not be able to receive those documents and that you should request them through your assigned counselor.

**The third issue** the FLR discovered was your request for a medical evaluation. When you were asked to expound upon this request, you informed the FLR that you have been seen by a medical professional in SQSP, but are requesting to be seen for a second opinion. You were given a 602 HC to address that complaint as it has nothing to do with custody issues.

**The fourth issue** the FLR addressed was your request for Correctional Officer Clawson "to be discharged from his duties." This request is denied.

**The fifth issue** the FLR addressed was the request for "forms to be made readily available in all inmate housing units." This portion was granted with the caveat that when the supply of forms has been exhausted, they may not be available until the supply has been replenished.

**The sixth issue** to be addressed by the FLR was your request for the institution to be fitted with security cameras on all yards and staff office areas. This request was denied due to the inability of the FLR to grant such a request.

**The seventh and last issue** the FLR was able to identify was your request for a written declaration that "the acts and omissions violated your Constitutional Rights." This request has been denied due to your inability to articulate the issues associated with this portion of your complaint.

NOV 0 2 2018

**DECISION:**
The appeal is **PARTIALLY GRANTED** based on your inability to substantiate parts of your claim and the ability of the FLR to handle certain aspects of the appeal.

If dissatisfied with the First Level Response, you may submit the appeal for a Second Level Review, as described in CCR 3084.7, provided the time limits pursuant to CCR 3084.8 are met.

**APPLICABLE DOCUMENTATION / POLICY / EVIDENCE CONSIDERED IN APPEAL DISCUSSION:**
- CCR Title 15 Section 3084.1 (a) – Right to Appeal
- CDCR 602 – Inmate/Parolee Appeal
- CDC Form 695 – Dated 8/28/18 and 9/26/18 – Addressing the Staff Complaint
- Inmate Saddozai's (CDC# AY1590) explanation of his complaint and subsequent related issues

T. ALLEN
Associate Warden
Central Services
San Quentin State Prison

FLR Response #SQ-A-18-02997

NOV 0 3 2018

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*Wednesday, September 26, 2018*

*SADDOZAI, AY1590*
*A  SB A4007001L*

STAFF COMPLAINTS, Misuse of Force, 09/26/2018
Log Number: SQ-A-18-02097
(Note: **Log numbers are assigned to all appeals for tracking purposes. Your appeal is**
**subject to cancellation for failure to correct noted deficiencies**.)

The enclosed documents are being returned to you for the following reasons:

*Your appeal has been rejected pursuant to the California Code of Regulations, Title 15,*
*Section (CCR) 3084.6(b)(9).   Your appeal issue is obscured by pointless verbiage or*
*voluminous unrelated documentation such that the reviewer cannot be reasonably expected to*
*identify the issue under appeal.*

*Your appeal alleges excessive force by a correctional officer - staff misconduct.  This incident*
*was reviewed by the hiring authority and determined not to meet the criteria of a staff*
*complaint and would be processed as a routine appeal.*

*However, the requested actions are largely unrelated to the appeal issue, including actions*
*related to hygiene, showers, laundry, clothing, yard, religious meals and services. As the*
*requested don't relate to the appeal issue, the appeal must be rejected as the issue having been*
*obscured.   You are instructed to rewrite an appeal addressing and filing each issue separately*
*and submitting each issue at least 14 days apart.*

*C. Collins*

☐  A. Andres, CCII (00-49)
☑  C. Collins, CCII (50-99)
Appeals Coordinator
SQ

**NOTE:** If you are required to respond/explain to this CDCR Form 695, use only the lines provided below.

I rewrote 602 appeal upon your request please
Provide me a copy of all (5) documents enclosed . Thankyou

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and
resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.6(b). Pursuant to
CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a
separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if
the appeal on the cancellation is granted.
NOTE THIS CDCR 695 IS A PERMANENT APPEAL ATTACHMENT AND IS NOT TO BE REMOVED

OCT 03 2018    NOV 0 2 2018

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*Tuesday, August 28, 2018*

*SADDOZAI, AY1590*
*A SB A4007001L*

STAFF COMPLAINTS, Misuse of Force, 08/27/2018
Log Number: SQ-A-18-02997
(Note: <u>Log numbers are assigned to all appeals for tracking purposes. Your appeal is
subject to cancellation for failure to correct noted deficiencies.</u>)

The enclosed documents are being returned to you for the following reasons:

*Your appeal has been rejected pursuant to the California Code of Regulations, Title 15,
Section (CCR) 3084.6(b)(3). You have exceeded the allowable number of appeals filed in a 14
calendar day period pursuant to CCR 3084.1(f). Pursuant to CCR 3084.4 you are advised
that this appeal is considered misuse or abuse of the appeals process. Repeated violations may
lead to your being placed on appeal restriction as described in CCR 3084.4(g).*

*Your appeal SQ-A-18-03097 was accepted on 8/28/18. You may not file another appeal until
9/12/18.*

*Also: You filed an appeal alleging staff misconduct; however, the Hiring Authority determined
your complaint will not be categorized as a staff complaint. Should you choose to refile this
appeal at the appropriate time, it will be processed as a routine appeal based upon your issues
raised including those alleged as misconduct. Pursuant to DOM 54100.25, your appeal did
not meet criteria for staff misconduct.*

A. Andres, CCII (00-49)
C. Collins, CCII (50-99)
Appeals Coordinator
SQ

NOTE: If you are required to respond/explain to this CDCR Form 695, use <u>only</u> the lines provided below.

_____

_____

_____

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and
resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to
CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a
separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if
the appeal on the cancellation is granted.
NOTE THIS CDCR 695 IS A PERMANENT APPEAL ATTACHMENT AND IS NOT TO BE REMOVED

NOV 0 2 2018

INMATE SEGREGATION RECORD
CDC 114-A (Rev. 10/99)

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE NAME | CELL |
|---|---|---|
| AY1590 | SADDOZAI, SHIKEB | 2-14 |

**RECORD OF DAILY ACTIVITY**

**INSTRUCTIONS**

All inmate activities/contacts must be documented in detail. Staff completing this record shall record all programs, activities, and services afforded segregated inmates. Staff shall additionally document any unusual behavior displayed by the inmate while confined in segregation.

CELL SEARCH: A search of the cell was completed. Staff shall document the results of the search in the comment section. Cells will be searched prior to and following an inmate's occupancy.

CELL INSPECTION: Each cell shall be inspected weekly to ensure that the lighting, plumbing, and overall condition of the cell is satisfactory.

SHOWERS: Each opportunity provided to an inmate to shower shall be documented. Refusals shall be noted as an R.

SUPPLIES ISSUED/LINEN EXCHANGED/CLOTHING EXCHANGED: Staff shall document each area as appropriate. Refusal will be noted with an R.

MEDICAL/PSYCHIATRIC: Contacts shall be documented by the medical or psychiatric staff providing the service.

ADMINISTRATIVE CONTACT. Any administrative contact, hearings, ICC, UCC, BPT, etc shall be documented by the staff making the contact.

VISIT/LEGAL LIBRARY: All access to these programs shall be documented.

MEAL: Meals shall be documented as B, L, or D for breakfast, lunch, or dinner, or R for a refusal.

TIME OUT TO YARD: Time inmate is released to yard. Refusal shall be documented by placing an R in front of the entry. Example: R-12:30

TIME IN FROM YARD: Time inmate is brought in from yard. Refusal shall be documented by placing an R in front of the entry. Example: R-15:30

COMMENTS: Any additional information or unusual events.

**SYMBOLS**
(X- Item completed) (R- Refused) (N- No yard pending ICC) (S- Security)
(M- Medication) (MD- Doctor/RN/MTA) (D- Dental) (P- Psychiatric)

| CELL SEARCH | CELL INSPECTION | SHOWER | SUPPLIES ISSUED | LINEN EXCHANGE | CLOTHING EXCHANGE | MEDICAL/PSYCHIATRIC CONTACT | ADMINISTRATIVE CONTACT | VISIT | LEGAL LIBRARY | MEAL | TRASH DISPOSAL | CELL MAINTENANCE/REPAIR | COUNT | TIME OUT TO YARD | TIME IN FROM YARD | COMMENTS | DATE | STAFF NAME TITLE | STAFF INITIAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | X | ARRIVED IN CARSON 2:15 | 08/14 | T. TRAN | JT |
| | | | | | | | | | | BLT | X | | | | | 3/W 2150 | 8/14 | T. Tran | T |
| | | X | | | | | | | | | | | | | | 2/W | 8-15 | Ramirez RN | |
| | | | | | | | | D | X | | | | X | | | REMAIN IN ICC | 8-15 | Gorman | |
| | | | | | | | | D | X | | | | X | | | 3/W 1600-2130 | 8-15 | Grimes | AG |
| | | | | | | | | | | BLT | X | | | 0030 | 1500 | 4/W 0030, 0230, 0230 | 8-16 | Ramirez | |
| | | | | | | | | D | X | | | | X | | | 3/W 1600 | 8-16 | Ramirez | RN |
| | | | | | | | | | | | | | X | | | 3/W | 8-16 | Ramirez RN | |
| | | | | | | | | | | BLT | T | | | | | 1/W Breakfast, Trash 0030-0230, 0490 count | 8-16 | Henry du | |
| | X | | | | | | | D | X | | | | X | | | 2/W | 8-17 | Plisset | |
| | | | | | | | | | | | | | | | | 3/W 1600-2130 | 8-17 | Grimes | AG |
| | | | | | | | | | | BLT | | | | | | 1/W 0030, 0230, 040 | 8-18 | C NA | CA |
| | X | | | | | | | | X | X | X | | | | | 2/W Meal, Trash 1630 | 8-18 | MANJ | VA |
| | | | | | | | | | | | X | | | | | 3/W Meal, Trash Shower 1600, 2130 | 8-18 | C NA | CA |
| | | | | | | | | | | | | | | | | 1/W 0030, 0330, 0430 | 8-19 | C NA | CA |
| | | | | | | | | | | BLT | X | | | | | 2/W | 8-19 | Ismaili | JH |
| | | | | | | | | D | X | | | | Y | | | Lunch/trash/shower | 8-19 | Valdez | R |
| | | | | | | | | | | | | | Y | | | | | | |

# 2018

STATE OF CALIFORNIA
INMATE SEGREGATION RECORD
CDC 114-A (Rev 10/99)

DEPARTMENT OF CORRECTIONS

August

| CDC NUMBER | INMATE NAME | CELL |
|---|---|---|
| AY1590 | Saddozai, Shikeb | 3C50 |

**RECORD OF DAILY ACTIVITY**

**INSTRUCTIONS**

All inmate activities/contacts must be documented in detail. Staff completing this record shall record all programs, activities, and services afforded segregated inmates. Staff shall additionally document any unusual behavior displayed by the inmate while confined in segregation.

CELL SEARCH: A search of the cell was completed. Staff shall document the results of the search in the comment section. Cells will be searched prior to and following an inmate's occupancy.

CELL INSPECTION: Each cell shall be inspected weekly to ensure that the lighting, plumbing, and overall condition of the cell is satisfactory.

SHOWERS: Each opportunity provided to an inmate to shower shall be documented. Refusals shall be noted as an R.

SUPPLIES ISSUED/LINEN EXCHANGED/CLOTHING EXCHANGED: Staff shall document each area as appropriate. Refusal will be noted with an R.

MEDICAL/PSYCHIATRIC: Contacts shall be documented by the medical or psychiatric staff providing the service.

ADMINISTRATIVE CONTACT: Any administrative contact, hearings, ICC, UCC, BPT, etc. shall be documented by the staff making the contact.

VISIT/LEGAL LIBRARY: All access to these programs shall be documented.

MEAL: Meals shall be documented as B, L, or D for breakfast, lunch, or dinner, or R for a refusal.

TIME OUT TO YARD: Time inmate is released to yard. Refusal shall be documented by placing an R in front of the entry. Example: R-12:30

TIME IN FROM YARD: Time inmate is brought in from yard. Refusal shall be documented by placing an R in front of the entry. Example: R-15:30

COMMENTS: Any additional information or unusual events.

SYMBOLS
(X- Item completed) (R- Refused) (N- No yard pending ICC) (S- Security)
(M- Medication) (MO- Doctor/RN/MTA) (D- Dental) (P- Psychiatric)

| CELL SEARCH | CELL INSPECTION | SHOWER | SUPPLIES ISSUED | LINEN EXCHANGE | CLOTHING EXCHANGE | MEDICAL/PSYCHIATRIC CONTACT | ADMINISTRATIVE CONTACT | VISIT | LEGAL LIBRARY | MEAL | TRASH DISPOSAL | CELL MAINTENANCE/REPAIR | COUNT | TIME OUT TO YARD | TIME IN FROM YARD | COMMENTS | DATE | STAFF NAME TITLE | STAFF INITIAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | X | | | 1/W  0030/0230/0430 | 8/20 | OCHOA | M |
| | | | | | | | | | | X | X | | X | | | 2w | 8/18 | Perez | O |
| | V | | | | | | | | | V | X | V | | | | 3/4 Shower | 8/20 | Valdez | V |
| | | | | | | | | | | | | | X | | | Power Outage 1900-2120 | 8/20 | J. Sandoval | JS |
| | | | | | | | | | | 10/1 | | | | 0730 | 1140 | 3rd LINEN PROPERTY | 8/20 | | |
| | | | | | | | | | | | | | | | | & CANTEEN | | | |
| | X | | | | | | | | | D | V | V | | | | 3/4 Dinner Yard | 8/21 | Valdez | V |
| | | | | | | | | | | | V | | | | | 1400-200  Soap Td. | | | |
| | | | | | | | | | | | | | | | | 4/1 GIVEN MORE | 8/21 | | |
| | | | | | | | | | | D | X | X | | 10/1 | | 3/W  PROPERTY | 8/21 | Gentaleo | R |
| | | | | | | | | | | 18/X | | | | 0730 | 1100 | 3rd LINEN THREE | 8/28 | | |
| | | | | | | | | | | | | | | | | FORM 724 & 602 | | | |
| | | | | | | | | | | | | | | | | SANICC COMM | 8/11 | Leeson | |
| | | | | | | | | | | | | | | | | REC. TO SR-SN? | | | |
| | | | | | | | | | | | | | | | | ALPINE TO COMP | | | |
| | | | | | | | | | | | | | | | | RE-PROCESSING | | | |
| | X | | | | | | | | | D | X | X | | | | 1/W 1600 | 8/23 | PHAN | J |

Saddozai, Shikeb                    50                    AY1590

STATE OF CALIFORNIA

**MEDICAL REPORT OF INJURY**
**OR UNUSUAL OCCURRENCE**
CDCR 7219 (Rev. 01/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 1

| NAME OF INSTITUTION | LOCATION OF EVALUATION | DATE |
|---|---|---|
| SQ | TTA | 8/14/18 |

REASON FOR REPORT ☐ ALLEGATION   ☐ ON THE JOB INJURY   ☒ USE OF FORCE   ☒ INJURY   ☐ OTM RETURNS
☒ UNUSUAL OCCURRENCE   ☒ PRE AD/SEG ADMISSION   ☐ R&R   ☐ OTHER

| NAME | LAST | FIRST | CDCR NUMBER | PERNR / INST. ID # | VISITOR ID # (SOMS) |
|---|---|---|---|---|---|
| | Saddozai | Shkzeb | AY1590 | | |

| PLACE OF OCCURRENCE | DATE OF OCCURRENCE | TIME OF OCCURRENCE | TIME SEEN | RN NOTIFIED TIME | PHYSICIAN NOTIFIED TIME |
|---|---|---|---|---|---|
| Badger | 8/14/18 | 1856 | 1905 | 1905 | |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

"I got shot in the buttocks"

| INJURIES FOUND? | YES / NO |
|---|---|
| Abrasion/Scratch | 1 (YES) |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | 4 (YES) |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | 7 |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| Swollen Area | 10 |
| Pain | 11 (YES) |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | 14 (YES) |
| Skin Flap | 15 |
| Pre-Existing | 16 |
| Other | 17 |
| | 18 |

Chemical Agent Exposure?   YES / NO (NO)

Chem. Agent Exposure Area   EX

Decontaminated w/ Water?   YES / NO / REFUSED

Decontaminated w/ Air?   YES / NO / REFUSED

Self-decontamination Instructions given?   YES / NO

Staff issued Exposure packet?   YES / NO

Q 15 min. check times

| Initial | 1st Check |
|---|---|
| 2nd Check | Final |

TIME DISPOSITION 1915 Inmate stable released to custody

REPORT COMPLETED BY/TITLE (PRINT AND SIGN)   Zentenbar   [signature]

| PERNR / INST. ID # | RDOs | ASSIGNMENT AREA |
|---|---|---|
| 23701305 | S/m | TTA |

Right   Left

Front   Back

4, 11, 14



CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE

| INSTITUTION NAME<br>SQ-Facility A | INMATE'S NAME<br>SADDOZAI, SHIKEB | CDC NUMBER<br>AY1590 |
|---|---|---|

| REASON(S) FOR PLACEMENT *(PART A)* |
|---|

☑ PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

☐ JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

☑ ENDANGERS INSTITUTION SECURITY      ☐ RETAINED IN ASU AS NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:
On Tuesday, August 14, 2018, while returning from the evening meal, you were battered on the third tier of Badger Section by Reception Center Inmates LORM (BG-6763), SUMISAKI (BG-6260) and ESQUIVEL (BG-1136) resulting in the use force to stop. Based on this information, your safety is in jeopardy if you were to remain in San Quentin¿¿s Reception Center due to enemy concerns. You will be placed on Administrative Segregation status pending review by Institutional Classification Committee (I.C.C.), who will determine your appropriate program and housing needs. As a result of this placement your credit earning, custody level, privilege group and visiting status are subject to change. The attached CDCR-7219, Medical Report of Injury or Unusual Occurrence, reflects clearance for placement in ASU. Per CCR Title 15, your custody level is being increased to MAXIMUM to facilitate this move. Equally effective communication was established with by reading the entire Segregation placement order to him. The process was explained by reading and speaking in plain English. Inmate SADDOZAI is not a participant in the Mental Health Services Delivery System (MHSDS) at any level of care and has a 7.6 TABE Score as verified in DECS. A review of DECS also reflects that Inmate SADDOZAI does not have any accommodation requirements. This placement is authorized by Correctional Lieutenant J. Lanier.

☐ IF CONFIDENTIAL INFORMATION USED, DATE INFORMATION DISCLOSED:

| DATE OF ASU PLACEMENT<br>08/14/2018 | SEGREGATION AUTHORITY'S PRINTED NAME<br>J. Lanier | SIGNATURE<br>J. Lanier | TITLE<br>LT |
|---|---|---|---|

| DATE NOTICE<br>SERVED<br>08/14/2018 | TIME<br>SERVED<br>19:41:00 | PRINTED NAME OF STAFF SERVING<br>ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S<br>TITLE<br>LT |
|---|---|---|---|---|

| ☐ INMATE REFUSED TO SIGN | INMATE SIGNATURE | CDC NUMBER<br>AY1590 |
|---|---|---|

| ADMINISTRATIVE REVIEW *(PART B)*<br>The following to be completed during the administrative review by Captain or higher on the first working day following placement |
|---|

| STAFF ASSISTANT (SA) | INVESTIGATIVE EMPLOYEE (IE) |
|---|---|
| IS THIS INMATE: | |
| LITERATE? | ASU IS FOR DISCIPLINARY REASONS |

## INMATE APPEAL ASSIGNMENT NOTICE

To: INMATE SADDOZAI, AY1590                    Date: November 2, 2018
Current Housing:  C 001 2243001L

From:  INMATE APPEALS OFFICE

Re: APPEAL LOG NUMBER: SQ-A-18-02997

ASSIGNED STAFF REVIEWER:  AW CENTRAL SERVICES
APPEAL ISSUE: CUSTODY/CLASS.
DUE DATE:  12/19/2018

Inmate SADDOZAI, this acts as a notice to you that your appeal has been sent to the above staff for SECOND level response.  If you have any questions, contact the above staff member. If dissatisfied, you have 30 days from the receipt of the response to forward your appeal for THIRD level review.  Third level appeals are to be mailed directly to:

                Chief of Inmate Appeals
                Department of Corrections
                P. O. Box 942883
                Sacramento, CA  94283-0001

☐  A. Andres, CCII (00-49)
☑  C. Collins, CCII (50-99)
Appeals Coordinator
SQ

Patient Name: SADDOZAI, SHIKEB
Date of Birth: 4/21/1977

MRN: AY1590
FIN: 10000003711927570AY1590

* Auth (Verified) *

State of California
**Mental Health Referral Chrono**
CDCR 128-MH5 (Rev. 05/14)

Department of Corrections and Rehabilitation
Form: Page 1 of 1
Instructions: Page 2

Inmate-Patient Name: Saddozai, Shikeb        CDCR Number: AY1590        Housing: 4A07        Institution: SQ

[x] Routine (Within 5 working days)        [ ] Urgent (Within 24 hours)        [ ] Emergency (Contact Mental Health Services immediately)

[ ] Non English-speaking language: _____

REASON FOR REFERRAL: (Check the **primary reason(s)** and give an example or describe below under "Other.")

[ ] History of psychiatric care need re-assessment
[ ] Expresses suicidal ideation or recent attempts (Emergency)
[ ] Incapable of caring for self / poor grooming
[ ] Confused / disoriented / withdrawn
[ ] Hostile / assaultive / poor self-control
[ ] Taken advantage of by other inmates
[ ] Poor attention span / difficulty following directions
[x] Other/Additional (Describe):

[ ] Needs psychotropic medication review
[ ] Exhibits bizarre behavior (Describe below)
[ ] Poor appetite / sad / fearful / nervous
[ ] Unpredictable / bothers others
[ ] Hears things / sees things / imagines things
[ ] Insomnia / sleeps too much
[ ] DDP Consult / re-evaluation

Getting anxious (assaulted), difficulty sleeping. He is requesting a referral. No Si.

| Susan Lesher, RN | RN | 5216 | 0935 | 08/27/18 |
|---|---|---|---|---|
| REFERRED BY (Print Name) | TITLE | PHONE / EXTENSION | TIME | DATE |

Received in Mental Health Services by: _Morlew_        Time: _9:44_  Date: _8/28/18_  Assigned to: _____
                                        Print Name                                                        Print Name

For clinician only -- this was a referral for [ ] MH5DS , [ ] DDP        Inmate-Patient seen: . Time: _____  Date: _____

Once complete, submit to mental health services.
Distribution: Scan into the eUHR, copy in C-file, copy to inmate.

Facility: SQ

SQ - San Quentin State Prison

Patient:          SADDOZAI, SHIKEB
DOB/Age/Sex:  4/21/1977  / 42 years    / Male          CDCR: AY1590

| *Mental Health Forms* |
|---|

*Recent serious medical diagnosis :*  No
*pain problems :*  No
*Medication hoarding/cheeking :*  No
*Recent trauma (including sexual trauma) :*  No
*Recent bad news :*  No
*Anniversary date :*  No
*Recent negative staff interactions :*  Yes
(Comment: reported negative interactions with officers and believes they are witholding his materials from him [Chan, Yan
Psychologist - 9/13/2018 9:31 PDT] )
*Recent disciplinary ("115") :*  No
*Single cell placement :*  No
*Negative housing change in housing :*  No
*Safety concerns (e.g., gang dropout) :*  Yes
(Comment: per criminal convictions and was also recently assaulted by peers [Chan, Yan Psychologist - 9/13/2018 9:31 PDT] )

*Early in prison term :*  No
                                                                      Chan, Yan Psychologist - 9/13/2018 9:31 PDT

**Protective Factors / Buffers**
*Family support :*  Yes
(Comment: mom [Chan, Yan Psychologist - 9/13/2018 9:31 PDT] )
*Religious/spiritual/cultural beliefs :*  Yes
*Interpersonal social support :*  No
*Future orientation/plans for future :*  Yes
*Exercises regularly :*  Yes
*Positive coping/conflict resolution :*  Yes
*Children at home :*  No
*Spousal support :*  No
*Insight into problems :*  Yes
*Job or school assignment :*  No
*Active and motivated in psych treatment :*  Yes
*Sense of optimism; self-efficacy :*  Yes
*Quality of Protective Factors :*  has support of mom, reads koran, has future plans primarily focused on appeals/litigation,
goes to yard/exercises when offered, seens intelligent and wants to engage in tx, has strong sense of optimism / efficacy
                                                                      Chan, Yan Psychologist - 9/13/2018 9:31 PDT

**Additional Information and Warning Signs**
*Additional Information :*   MSE: AOx4, gait steady, grooming/hygiene WNL, e/c steady, speech even, attention/concentration
sustained. Mood "fine" affect restricted. TC WNL, TP org/linear. denied any SI. no reported/doc SA/SIB hx. IJ intact,
bx/impulses contained. Not e/o GD DTO DTS at this time.
*Warning sign of imminent suicide present :*   - No Indicators
                                                                      Chan, Yan Psychologist - 9/13/2018 9:31 PDT

**Risk Levels and Justification**
*CHRONIC RISK :*  Low
*ACUTE RISK :*  Low
*Justification of Risk Level :*  Low chronic risk. No apparent SA/SIB hx. Has h/o violence and here for life. Also has other
demographic factors.

---

Report Request ID:    25488761                          Print Date/Time:   1/9/2020 10:00 PST

**WARNING:** This report contains confidential, proprietary, and/or legally privileged
information intended for the recipient only.

SQ - San Quentin State Prison

Patient:          SADDOZAI, SHIKEB
DOB/Age/Sex:  4/21/1977  / 42 years  / Male          CDCR: AY1590

| *Mental Health IDTT MPage Forms* |
| --- |

MHPC Initial Assessment Entered On: 9/13/2018 9:48 PDT
Performed On: 9/13/2018 9:38 PDT by Chan, Yan Psychologist

**General Information**
*MH Assessment Reason :*  New Arrival
*Information given by MH :*  Patient
*Transfer Documents Received/Reviewed :*  County Jail Records, Criminal Record/C-file, CDCR Health Record, Other: soms
erms
                                                        Chan, Yan Psychologist - 9/13/2018 9:38 PDT

**Presenting Problem/Symptoms**
*Presenting Problem MH :*  MHPC initial due to referral from other provider after inmate was assault by peers, c/o
sleep/anxious
*History of Present Illness :*  Per records: No MH Hx, all prev CDCR GP placements
Per IP: No MH Hx. Reported onset of dep/anx more recently since assault by other inmates, and increase in dep/stress and
decrease in sleep/appetite as a result of living situation (IP c/o small cell, dirty condition, dirty linen) and interaction with staff
and perceived mistreatment by officers.
                                                        Chan, Yan Psychologist - 9/13/2018 9:38 PDT

**Procedure History**

Procedure History
                                                        (As Of: 9/13/2018 09:48:43 PDT)

          *Anesthesia Minutes:*  0 ; *Procedure Name:*  no surgeries ;
          *Procedure Minutes:*  0

**Consciousness,Orientation,Interaction**
*Level of Consciousness MH :*  Alert
*Orientation Assessment MH :*  Oriented x 4
                                                        Chan, Yan Psychologist - 9/13/2018 9:38 PDT

**Motor and Speech**
*Psychomotor Behavior MH :*  No problem noted
*Speech MH :*  No problem noted
*Speech Rate MH :*  No problem noted
*Speech Rhythm MH :*  No problem noted
*Speech Volume :*  No problem noted
                                                        Chan, Yan Psychologist - 9/13/2018 9:38 PDT

**Appearance and Behavior**
*Appearance MH :*  Appropriate
*Behavior MH :*  Appropriate
*Attitude Toward Interview MH :*  Cooperative
                                                        Chan, Yan Psychologist - 9/13/2018 9:38 PDT

Report Request ID:   25488761                          Print Date/Time:   1/9/2020 10:00 PST

**WARNING:** This report contains confidential, proprietary, and/or legally privileged
information intended for the recipient only.

SQ - San Quentin State Prison

Patient:        SADDOZAI, SHIKEB
DOB/Age/Sex:  4/21/1977  / 42 years   / Male          CDCR: AY1590

## Mental Health Documentation

*Insight into problems :*  Yes
*Sense of optimism; self-efficacy :*  Yes
*Quality of Protective Factors :*  has support of mom, reads koran, has future plans primarily
focused on appeals/litigation, goes to yard/exercises when offered, and has strong sense of
optimism.

**Assessment/Progress Towards Discharge**
1. Cellulitis and abscess of lower extremity
2. Traumatic ecchymosis of buttock
3. Dyslipidemia
4. History of kidney stones
5. Neuropathy of right hand
6. LTBI (latent tuberculosis infection)
7. Healthcare maintenance
Dry cough
Nasal congestion

**Plan/Disposition**
Continue CCCMS LOC until he is transferred to his ML facility, likely within the next 2
weeks.

**Scales and Assessments Interpretations**
**(for assessments without interpretations,**
**please manually enter one here)**
No results documented

**Endorsed Suicide Documentation**
ACUTE RISK: Low (09/13/18 09:31:00 PDT)
CHRONIC RISK: Low (09/13/18 09:31:00
PDT)

---

Document Type:              MHPC Progress Note
Document Subject:           MH PC Note
Service Date/Time:          9/4/2018 11:48 PDT
Result Status:              Auth (Verified)
Perform Information:        Chan,Yan Psychologist (9/4/2018 11:56 PDT)
Sign Information:           Chan,Yan Psychologist (9/4/2018 11:56 PDT)
Authentication Information: Chan,Yan Psychologist (9/4/2018 11:56 PDT)

**Inmate's Program and Level of Care**
41y/o male seen for consult due to recent assault and related anx/diff sleep

**New Issues/Complaints**
No qualifying data available.

**Mental Status**
AOx4, gait steady, grooming/hygiene WNL, e/c steady, speech RRR,
attention/concentration sustained. Mood "distraught," affect euthymic. TC WNL, TP
org/linear. Denied SI. No reported/doc SA/SIB.

**Mental Health Assessments**
Clinically stable and free of overt mood fluctiations or psychotic Sx. IJ intact and seems to
have quite a strong sense of self/optimism. Bx/impulses intact. No e/o GD DTO DTS at this
time

**Assessment/Progress Towards Discharge**
1. Cellulitis and abscess of lower extremity
2. Traumatic ecchymosis of buttock
3. Dyslipidemia
4. History of kidney stones

**Subjective/History of Present Illness**
IP reported feeling "distraught," went into
detail about the incident and the perceived
wrongs by staff/officers and living conditions.
Was quite succinct throughout. Shared his
focus on legal appears and various 602, and
need for religious materials and legal
materials. Reported some decrease in
app/sleep in above context/stressors. Denied
SI. Interested in MH and asked for full eval.

**Problem List/Past Medical History**
Ongoing
   No qualifying data
Historical
   No qualifying data

**IPOC Goals**
No qualifying data available

---

Report Request ID:   25488761                    Print Date/Time:   1/9/2020 10:00 PST

**WARNING:** This report contains confidential, proprietary, and/or legally privileged
information intended for the recipient only.

CERTIFICATE OF SERVICE

Case Name: SADDOZAI V. CLAWSON,ET AL.,No. 5:18-CV-05558-BLF(PR)

I hereby certify that on ___May 5, 2020___,I, Shikeb Saddozai
mailed the following documents to Defendants'Counsel,Allison M.Low;

· PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
  COMPLAINT

I am over the age of 18 years,and I am a party to the matter.I am a
resident of **Corcoran** in the county of Kings
State of California.My address is:

          Shikeb Saddozai-CDCR#AY1590
          Corcoran State Prison
          P.O.Box 3461
          Corcoran,California[93212]

I further certify on ___May 5, 2020___,I served the attached documents
(BY U.S.MAIL)on all other parties to this action,at the addresses listed
below,by placing true and correct copies of said document(s)thereof,
enclosed in a sealed envelope(verified by prison officials)with postage
fully prepaid,and turned sealed envelope to prison officials to be
placed in a deposit box provided by California Department of Corrections
and Rehabilitation, **Corcoran State Prison**,in the ordinary course of
business for mailing with the United States Postal Service as per
regulations governing out-going legal mail.

Clerk,U.S.D.C.,Northern Dist.        Allison M.Low
280 South First Street,Rm-2112       Dep.Att.Gen.
San Jose,C.A. 95113                  455 Golden Gate Avenue,Ste-11000
                                     Ste-11000
                                     San Francisco,C.A.94102-7004

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA
THE FOREGOING IS TRUE AND CORRECT AND THAT THIS DECLARATION WAS EXECUTED ON
May 5, 2020     at Corcoran   California

__Shikeb Saddozai__                  _Al.Saddozai_
Declarant                            Signature

DECLARATION OF SERVICE BY MAIL
BY PERSON IN STATE CUSTODY
(C.C.P.§§ 1013(A), 2015.5)
Fed.R.Civ.P.Rule 6 (d)

I, Shikeb Sadozai        ,the undersigned,declare:

I am over the age of 18 years,and I am a party to the matter.
I am a resident of Corcoran      in the county of Kings
State of California. My address is:

                    Shikeb Saddozai-CDCR#AY1590
                    Corcoran State Prison(CSP)
                    P.O.Box 3461
                    Corcoran,California 93212

On May 5, 2020 ,I served the attached document(s):


· PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
  PLAINTIFF'S COMPLAINT.

FILED

MAY 11 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE


(BY U.S.MAIL) on all other parties to this action,at the
addresses listed below,by placing true and correct copies of
said document(s)thereof,enclosed in a sealed envelope(verified
by prison officials)with postage fully prepaid,and turned
sealed envelope to prison officials to be placed in a deposit
box provided by California Department of Corrections and
Rehabilitations  Corcoran State Prison(CSP)
in their ordinary course of business for mailing with the United
States Postal Service as per the regulations governing
out-going Legal Mail.

Clerk,U.S.D.C.,Northern Dist          Allison M.Low
280 South First St.,Rm-2112           Deputy Attorney Gen.
San Jose,C.A. 95113                   455 Golden Gate Ave.Ste-11000
                                      San Francisco,C.A.94102


I DECLARE UNDER THE PENALTY OF PERJURY THAT ALL OF THE
FOREGOING IS TRUE AND CORRECT.
Executed on: May 5 ,2020    ,at Corcoran        California
                              Declarant Shikeb Saddozai

Shikeb Saddozai - AY1590
CSP-C
P.O. Box 3461
Corcoran, CA. 93212



RECEIVED

MAY 11 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

To: Clerk USDC Northern Dist.
280 South First Street,
Rm-2112
San Jose, CA 95113-3095

**LEGAL MAIL**

s/ J. MENDOZA   5/5/0.