Shikeb Saddozai-CDCR#AY1590
Salinas Valley State Prison
P.O.Box 1050
Soledad, California, 93960

RECEIVED SEP 10 2020 SUSAN Y. SOONG CLERK, U.S. DISTRICT COURT NORTH DISTRICT OF CALIFORNIA SAN JOSE OFFICE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Shikeb Saddozai, | Case No.:18-05558 BLF (PR) |
| Petitioner/Appellant, | D.C.No.: |
| v. | MEMORANDUM OF LAW IN SUPPORT OF PETITIONERS' MOTION FOR APPOINTMENT OF COUNSEL |
| Ron Davis, et al., | |
| Respondent/Appellees. | |

Statement of the Case

Petitioner/Appellant, a California state prisoner, filed a instant pro se Civil Rights action pursuant to 42 U.S.C. § 1983, asserting claims for constitutional violations and seeking damages as to all claims. The District Court has granted petitioner's in forma pauperis. Petitioner has filed a declaration in support of Motion for Appointment of Counsel.

1

ARGUMENT

THE COURT SHOULD APPOINT COUNSEL FOR THE PETITIONER

In deciding whether to appoint counsel for an indigent litigant, the court should consider "the factual complexity of the case, the ability of the indigent to investigate the facts, the complexity of the legal issues." Abdullah v. Gunter, 949 F2d 1032, 1035 (8th Cir 1991)(citation omitted). In addition, courts have suggested that the most important factor is whether the case has merit. Carmona v. U.S. Bureau of Prisons, 243 F3d 629, 632 (2d Cir 2001). Each of these factors weighs in favor of appointment of counsel in this case.

1. Factual Complexity. The Petitioner alleges several claims with each claim involving a different set of arguments that arise out of the conduct, transaction or occurrence set out or attempted to be set out in the original pleading. The sheer number of claims and arguments make this a factually complex case that supports the appointment of counsel. Montgomery v. Pinchak, 294 F3d 492, 503-04 (3d Cir 2002); Moore v. Mabus, 976 F2d 268, 272 (5th Cir 1992); Jackson v. County of McLean, 953 F2d 1070, 1073 (7th Cir 1992).

2. The Petitioner's Ability to Investigate. The Petitioner is locked up and has no ability to investigate the facts. For example is unable to obtain the court minutes and transcripts of pleadings with regard to developing the facts as an inmate who is restricted by and in the conditions of his confinement, a factor the several courts have cited in appointing counsel. Tucker v. Randall, 948 F2d 388, 391-92 (7th Cir 1991); Gatson v. Coughlin, 679 F.Supp. 270, 273 (W.D.N.Y. 1988).

In addition this case will require discovery to identify potential issues as to the effectiveness of representation Petitioner recieved in entering his plea. See Parnam v. Johnson, 126 F3d 454, 459 (3d Cir 1997)(holding counsel should have been appointed because "prisoners lack of legal experience and the complex discovery rules clearly put Petitioner at disadvantage in countering the respondents discovery tactics...these [discovery] rules prevented the Petitioner] from presenting an effective case."

2

3. The Ability of the Indigent to Present his Claim. The Petitioner is indigent prisoner with no legal training, a factor that supports the appointment of counsel. Forbes v. Edgar 112 F3d 262 264 (7th Cir 1997).

In addition Petitioner is confined and has no access to recieve legal materials and or has been obstructed by prison officials from access to legal materials. Rayes v. Johnson, 969 F2d 700 703-04 (8th Cir 1992) (citing lack for ready access to a law library as a factor supporting appointment of counsel.)

4. Legal Complexity. The large number of complex legal issues presented involve the constitutionality of a federal statute, questions or the extent of prisoners rights under the federal disability statutes, and determining whether a Prison regulation violates a Petitioner's rights of due Process. Hendricks v. Coughlin 114 F3d 390, 394 (2d Cir 1997) (holding complexity of legal issues supported appointment of counsel).

In addition Petitioner has requested an evidentiary hearing which requires much greater legal skills than the Petitioner has or can develop. Solis v. County of Los Angeles, 514 F3d 546 953 (9th Cir 2008)(prisoner with an eighth grade education and no legal training is "ill-suited" to conduct a jury trial).

5. Merit of the Case. The court has issued an oder to "Respondent" to show cause, as the Petitioner's case has merit. The aforementioned factors have been met. On its face then, this is a meritorious case.

In addition upon Petitioner filing petition on his own, when the judge issues an "order to show cause", then the judge must also appoint counsel to represent Petitioner at states expense. Rule 4.551(c)(2).

3

JRT PAPER
E OF CALIFORNIA
113 (REV 3-95)

CONCLUSION

For the foregoing reasons, the court should grant the Petitioner's motion and appoint counsel in this case.

Date: September 8, 2020

Agent-Aaduzai :Shukebxduzai-VCC-1-308
Shikeb Saddozai, Petitioner In Pro Per

4