UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAVIS, et al.,<br><br>　　　　Defendants. | Case No. 18-05558 BLF (PR)<br><br>**ORDER DENYING MOTIONS FOR EXTENSION OF TIME, PRELIMINARY INJUNCTION, AND APPOINTMENT OF COUNSEL**<br><br>(Docket Nos. 48, 49) |

　　　　Plaintiff, a state prisoner currently housed at the Salinas Valley State Prison ("SVSP"), filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against employees at San Quentin State Prison ("SQSP"). Finding the second amended complaint, Dkt. No. 19, stated a cognizable claim against Defendant Clawson, the Court issued an order of service directing Defendant to file a dispositive motion. Dkt. No. 22.[1] Then on March 6, 2020, Plaintiff filed a third amended complaint. Dkt. No. 29. On March 13, 2020, Defendant filed a motion to dismiss the third amended complaint. Dkt. No. 31. The

---

[1] The Court dismissed claims under the Fourth and Fourteenth Amendments for failure to state a claim, and other claims against "unknown supervisory officials" for failure to comply with Rules 18(a) and 20(a) of the Federal Rules of Civil Procedure. Dkt. No. 22 at 2-3.

motion became submitted on May 13, 2020, upon the filing of Defendant's reply. Dkt. No. 44. Plaintiff has recently filed a "motion for extension of time and preliminary injunction ordering prison officials to cease and desist retaliation, harassment, and obstruction of Plaintiff's access to the courts and appointment of counsel." Dkt. No. 48. Plaintiff also filed a separate motion for appointment of counsel. Dkt. No. 49. The Court addresses these requests below.

## DISCUSSION

### A. Motion for Extension of Time

Plaintiff seeks an extension of time "to respond," citing denial of access to the library and legal resources. Dkt. No. 48 at 2-3. Plaintiff also claims the law librarian is obstructing his access to the courts and that the prison has interfered with his mail causing delays. *Id.* at 3-7. Plaintiff also asserts that he has mental and physical health issues which require an extension of time. *Id.* at 8-10. Plaintiff asserts several other grounds, *id.* at 10-14.

As noted above, Defendant Clawson filed a motion to dismiss Plaintiff's third amended complaint on March 13, 2020. Dkt. No. 32. After being granted two extensions of time, Plaintiff filed an opposition on May 11, 2020. Dkt. No. 42. Defendant filed a reply on May 13, 2020. Dkt. No. 44. Thereafter, the Court denied Plaintiff's motion for an extension of time to file a sur-reply and stated that the matter was deemed submitted upon the filing of Defendant's reply. Dkt. No. 47. As such, there is no further response needed from Plaintiff, and therefore no need to grant an extension of time for one. Accordingly, the motion for an extension of time "to respond" is DENIED as unnecessary.

### B. Preliminary Injunction and Appointment of Counsel

Plaintiff also requests a preliminary injunction "ordering prison officials to cease and desist retaliation, harassment, and obstruction of plaintiff's access to the courts and

order appoint of counsel necessary for due process." Dkt. No. 56 at 1.

An injunction is binding only on parties to the action, their officers, agents, servants, employees and attorneys and those "in active concert or participation" with them. Fed. R. Civ. P. 65(d). In order to enforce an injunction against an entity, the district court must have personal jurisdiction over that entity. *In re Estate of Ferdinand Marcos*, 94 F.3d 539, 545 (9th Cir. 1996). The court should not issue an injunction that it cannot enforce. *Id.* Plaintiff is currently housed at SVSP. This Court has no jurisdiction over SVSP prison officials or the law librarian in this action which involves a correctional officer at SQSP. Dkt. No. 1. Accordingly, the motion must be denied. *Id.*

With respect to appointment of counsel, the Court has denied three previous motions for appointment of counsel under 28 U.S.C. § 1915. Dkt. Nos. 7, 12, 21. For the first time, in addition to § 1915, Plaintiff also asserts appointment of counsel or a guardian ad litem is warranted under Federal Rule of Civil Procedure 17(c). Dkt. No. 49 at 3. The Court considers his reasons below.

### 1.  28 U.S.C. § 1915

As Plaintiff has been advised several times, there is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). Here, Plaintiff presents no new facts in the instant motion for this Court to reconsider appointment of counsel as circumstances involving indigency, lack of legal knowledge, limited access to the library, need for discovery and frequent lockdowns are not exceptional among

prisoner-plaintiffs. Accordingly, Plaintiff's request for appointment of counsel is DENIED without prejudice for lack of exceptional circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

### 2. **Fed. R. Civ, P. 17(c)**

Based on his assertion of mental health issues, the Court will also consider whether Plaintiff warrants appointment of a guardian ad litem under Federal Rule of Civil Procedure 17(c), which provides in relevant part that:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or aby a guardian ad litem. The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c)(2). The Ninth Circuit has held that when "a substantial question" exists regarding the mental incompetence of a pro se litigant, the district court should conduct a hearing to determine competence so that a guardian ad litem may be appointed if appropriate. *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005); *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989). Other circuits have held that a district court's duty of inquiry under Rule 17(c) is triggered by "verifiable evidence" of incompetence. *See*, *e.g.*, *Powell v. Symons*, 680 F.3d 301, 307 (3rd Cir. 2012); *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 203 (2d Cir. 2003).

The Ninth Circuit found a "substantial question" regarding competence where a pro se prisoner litigant submitted a letter from the prison psychiatrist stating that the litigant was under his care, had been diagnosed with schizophrenia, and was taking psychotropic medications, *see Allen*, 408 F.3d at 1152, but it found no substantial question where a pro se litigant merely asserted that the district court should have conducted a competency hearing, *see Day v. Sonoma Cnty.*, 1997 WL 686016, at *2 (9th Cir. Oct. 30, 1997). The

Third Circuit found "verifiable evidence" of incompetence where one co-plaintiff was adjudicated incompetence in a simultaneous criminal proceeding and the other co-plaintiff submitted a letter from a mental health professional. *See Powell*, 680 F.3d at 308-09. The Second Circuit has indicated that "verifiable evidence" could take the form of records from a court or public agency or evidence from a mental health professional, but that bizarre behavior, standing alone, is not sufficient to trigger a district court's duty of inquiry under Rule 17(c). *See Ferrelli*, 323 F.3d at 201-02.

In this case, Plaintiff submits no evidence of incompetence. Rather, he merely asserts he has been placed in the "Mental Health Services Delivery System" and that his "clinical assessment" renders him "incapable." Dkt. No. 49 at 3. He also attaches over 60 pages of exhibits, none of which indicates that he is incompetent. Rather, these exhibits contain copies of prison forms and correspondence that shows Plaintiff's ability to competently pursue various claims. *Id.* at 39-70. Thus far, Plaintiff has shown an ability to articulate his claims despite his mental health issues. Furthermore, Plaintiff provides no letter from a mental health professional or other "verifiable evidence" of his incompetence to trigger this Court's duty of inquiry. *See Ferrelli*, 323 F.3d at 201-02. Rather, one copy of what appears to be an extract from Plaintiff's mental health records dated November 14, 2019, contains notes written by a psychologist which states, "Patient appears to generally function without mental health issues…"; this statement does not support a claim of incompetence. Dkt. No. 49 at 27. Plaintiff's mere assertion that he needs the assistance of counsel to proceed with the case, without more, is not sufficient to raise a substantial question. *See*, *e.g.*, *Day*, 1997 WL 686016, at *2. Accordingly, the Court finds that in the absence of verifiable evidence of incompetence, there is no substantial question regarding Plaintiff's competence and therefore no duty of inquiry. *See Allen*, 408 F.3d at 1152; *Ferrelli*, 323 F.3d at 201-02. Plaintiff does not warrant appointment of a guardian ad litem under Rule 17(c).

**CONCLUSION**

For the foregoing reasons, Plaintiff's motions for an extension of time, preliminary injunction, and appointment of counsel are **DENIED**.

This order terminates Docket No. 48 and 49.

**IT IS SO ORDERED**

Dated:  __**September 29, 2020**__

BETH LABSON FREEMAN
United States District Judge

Order Denying EOT, PI & Appt of Counsel
PRO-SE\BLF\CR.18\05558Saddozai_deny-eot.pi.atty