UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RON DAVIS, et al.,<br><br>　　　　Defendants. | Case No. 18-05558 BLF (PR)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT**<br><br>(Docket. No. 32) |

Plaintiff, a California state prisoner currently at Corcoran State Prison, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, against employees at San Quentin State Prison ("SQSP"). The Court twice dismissed the complaint with leave to amend for Plaintiff to comply with Rules 18(a) and 20(a) of the Federal Rules of Civil Procedure. Dkt. Nos. 7, 15. The Court found the second amended complaint, Dkt. No. 19, stated a cognizable Eighth Amendment claim for failure to protect against Defendant Clawson and dismissed all other claims against this defendant and unrelated claims against others. Dkt. No. 22 at 2-3. Plaintiff filed a third amended complaint as a matter of course within twenty-one days of it being served, as permitted under Rule 15(a)(1)(A). Dkt. No. 29. Accordingly, the third amended complaint is the operative complaint in this action. The

1

Court will first conduct an initial screening of this third amended complaint below.

Furthermore, Defendant Clawson has filed a motion to dismiss the third amended complaint without prejudice for Plaintiff's failure to exhaust administrative remedies prior to filing suit. Dkt. No. 32.[1] Plaintiff filed an opposition with supporting documents in response to Defendant's motion, Dkt. No. 42, and Defendant filed a reply, Dkt. No. 44.

For the reasons discussed below, Plaintiff's third amended complaint is **DISMISSED IN PART** without leave to amend, and Defendant's motion to dismiss is **GRANTED** with respect to the remaining claims against Defendant Clawson**.**

## DISCUSSION

**I.**     **Initial Screening**

**A.**     **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally

---

[1] Under the law of the circuit, a motion for summary judgment under Rule 56 must be accompanied by a *Rand* notice so that the prisoner plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A similar notice must also accompany an unenumerated Rule 12(b)(6) motion for failure to exhaust available administrative remedies but only where a district court will consider materials beyond the pleadings. *See Stratton v. Buck*, 697 F.3d 1004, 1008-09 (9th Cir. 2012) (unenumerated Rule 12(b) motion to dismiss for failure to exhaust available administrative remedies must be accompanied by notice similar to *Rand* notice where the district court will consider materials beyond the pleadings). Here, Defendant offers no material beyond the pleadings in support of his motion to dismiss, relying only on the information provided in Plaintiff's papers. Accordingly, the Court finds no such notice was required to accompany Defendant's motion to dismiss.

2

construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claims

The underlying events took place at SQSP, where Plaintiff was formerly incarcerated. Plaintiff claims that on or about August 14, 2018, he was beaten and battered by four inmates while he was waiting for his cell door to be unlocked after returning from evening meal. Dkt. No. 29 at 4. Plaintiff claims that Defendant Clawson discharged his weapon and shot Plaintiff in his lower back towards his buttocks, rather than the four intended targets, "without verbal warning." *Id.* As a result, the assailants failed to comply and continued to assault Plaintiff. *Id.* Plaintiff claims that Defendant Clawson had pepper spray in his possession, which was "less likely to relate to death or serious bodily injury" but that he "deliberately failed the use of alternatives to the immediate use of deadly force" and acted with deliberate indifference when he shot Plaintiff with his block gun "to cause [him] intentional injury, [and] damage." *Id.* at 4. Plaintiff claims Defendant Clawson's actions were "unwarranted" because Plaintiff was the victim whom Defendant failed to protect from harm. *Id.* Plaintiff sues Defendant Clawson in his individual and official capacities and seeks damages as well as declaratory and injunctive relief. *Id.* at 4, 7. Liberally construed, Plaintiff states a cognizable claim against Defendant Clawson under the Eighth Amendment for failure to protect. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Hearns v. Terhune*, 413 F.3d 1036, 1041-42 (9th Cir. 2005).

For the first time, Plaintiff names Warden Ron Davis as a defendant in this action, claiming generally that Defendant Davis "failed in his duty to act upon notice, reports, appeals, and knowledge, promulgated a policy that does direct or condone the wrongful

3

conduct of defendant[] Clawson." Dkt. No. 29 at 4. Plaintiff also claims for the first time that the Director of the CDCR "is held liable for Warden Ron Davis's actions, who are prison policymakers, writes regulations, or gives orders, at least for the purpose of prison management." *Id.* at 4-5. Based on these general allegations, Plaintiff is clearly attempting to hold the Warden and Director liable solely based on the acts of their subordinates and employees, which is not sufficient to state a claim. However, his allegations are insufficient to support such a claim.

First of all, under no circumstances is there liability under § 1983 solely because one is responsible for the actions or omissions of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012). Even if a supervisory official is not directly involved in the allegedly unconstitutional conduct, "[a] supervisor can be liable in this individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011) (citation omitted). Plaintiff provides no specific allegations establishing that Warden Davis and the Director were personally involved in Defendant Clawson's failure to protect, nor has Plaintiff set forth any factual allegations establishing that these supervisor defendants engaged in specific wrongful conduct that is causally connected with the claim against Defendant Clawson. *See Henry A.*, 378 F.3d at 1003-04. Nor has Plaintiff set forth any allegations establishing liability under the factors set forth in *Starr*, 652 F.3d at 1208. If this inadequacy in pleading had occurred in Plaintiff's original complaint, leave to amend might be considered. However, leave need not be granted where the amendment of the

4

complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *See Janicki Logging Co.*, 42 F.3d at 566; *Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981). A district court's discretion to deny leave to amend is particularly broad where the plaintiff has previously filed an amended complaint. *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Plaintiff has had three opportunities to file an amended complaint, and before the Court is Defendant's motion to dismiss for failure to exhaust administrative remedies. Therefore, leave to amend to correct the deficiency in the claims against these supervisory defendants will not be granted as it would be futile, would create undue delay, and Plaintiff has already been granted several opportunities to file an amended complaint. Accordingly, the claims against Defendants Davis and the Director are DISMISSED without leave to amend.

Plaintiff asserts other claims against unnamed individuals for events that occurred subsequent to the assault, asserting generally that the claims involve a different set of defendants "all related to each other, arising out of the same transaction, occurrence, or series of transactions or occurrences" under Rule 20(a)(2) of the Federal Rules of Civil Procedure. Dkt. No. 29 at 5-6. However, the Court is not persuaded that these additional claims, which involve allegations of inadequate medical treatment, the transfer to disciplinary housing without due process, and the denial of First Amendment rights, are related to the failure to protect claim against Defendant Clawson. Plaintiff has already been twice granted leave to amend and has amended once as a matter of course. Accordingly, the Court will exercise its broad discretion to deny leave to amend in this regard as Plaintiff has already been granted several opportunities to file an amended complaint. *See Wagh*, 363 F.3d at 830. Therefore, these additional claims are DISMISSED without leave to amend as improperly joined to this action in violation of Rules 18(a) and 20(a).

Based on the foregoing, the only remaining claims and defendant in this action is the Eighth Amendment claim against Defendant Clawson, for failure to protect Plaintiff during the August 14, 2018 assault by inmates. *See supra* at 3. The Court will move on to consider Defendant's motion to dismiss the claims against him based on Plaintiff's failure to exhaust administrative remedies prior to filing suit. Dkt. No. 32.

## II. Motion to Dismiss

### A. Standard of Review

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2) and a complaint that fails to do so is subject to dismissal pursuant to Rule 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

In reviewing a Rule 12(b)(6) motion, a district court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the Plaintiff. *See al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). If the Court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

### B. Exhaustion

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to

6

provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards." *Id*. Even when the relief sought cannot be granted by the administrative process, i.e., monetary damages, a prisoner must still exhaust administrative remedies. *Id*. at 85-86 (citing *Booth*, 532 U.S. at 734). The PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies. *Id*. at 93. An action must be dismissed unless the prisoner exhausted his available administrative remedies <u>before</u> he or she filed suit, even if the prisoner fully exhausts while the suit is pending. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002); *see Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed).

The California Department of Corrections and Rehabilitation ("CDCR") provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. *See id*. § 3084.1(e). Under the current regulations, in order to exhaust available administrative remedies within this system, a prisoner must submit his complaint on CDCR Form 602 (referred to as a "602") and proceed through three levels of appeal: (1) first formal level appeal filed with one of the institution's appeal coordinators, (2) second formal level

7

appeal filed with the institution head or designee, and (3) third formal level appeal filed with the CDCR director or designee. *Id*. § 3084.7.

Failure to exhaust under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (PLRA), is "an affirmative defense the defendant must plead and prove." *Jones v. Bock*, 549 U.S. 199, 204, 216 (2007). Defendants have the burden of raising and proving the absence of exhaustion, and inmates are not required to specifically plead or demonstrate exhaustion in their complaints. *Id*. at 215-17. In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc).[2]

The defendant's burden is to prove that there was an available administrative remedy and that the prisoner did not exhaust that available administrative remedy. *Id*. at 1172; *see id*. at 1176 (reversing district court's grant of summary judgment to defendants on issue of exhaustion because defendants did not carry their initial burden of proving their affirmative defense that there was an available administrative remedy that prisoner plaintiff failed to exhaust); *see also Brown v. Valoff*, 422 F.3d 926, 936-37 (9th Cir. 2005) (as there can be no absence of exhaustion unless some relief remains available, movant claiming lack of exhaustion must demonstrate that pertinent relief remained available, whether at unexhausted levels or through awaiting results of relief already granted as result of that process). Once the defendant has carried that burden, the prisoner has the burden of production. *Albino*, 747 F.3d at 1172. That is, the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the

---

[2] In *Albino*, the Ninth Circuit, sitting en banc, overruled *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the PLRA, should be raised by a defendant as an unenumerated Rule 12(b) motion. *Albino*, 747 F.3d at 1166. "[A] failure to exhaust is more appropriately handled under the framework of the existing rules than under an 'unenumerated' (that is, non-existent) rule." *Id*.

8

existing and generally available administrative remedies effectively unavailable to him. *Id*. But as required by *Jones*, the ultimate burden of proof remains with the defendant. *Id*.

### C. Analysis

Plaintiff initiated this action by filing a complaint on September 11, 2018. Dkt. No. 1. The Court dismissed the original complaint after finding it improperly joined unrelated claims against unrelated defendants in violation of Rules 18(a) and 20(a) of the Federal Rules of Civil Procedure. Dkt. No. 7. Among the claims, Plaintiff alleged that Defendant Clawson failed to protect him during an assault by several inmates, during which Defendant shot Plaintiff with his block gun. Dkt. No. 1 at 7. Plaintiff repeated this claim against Defendant Clawson in his first amended complaint, Dkt. No. 10 at 6, and again in his second amended complaint, Dkt. No. 19 at 4. He raised it again in the third amended complaint on March 6, 2020. Dkt. No. 29 at 4.

Defendant asserts that Plaintiff's pleadings show that he initiated California's administrative exhaustion process after commencing this lawsuit. Dkt. No. 32 at 4. In doing so, Defendant asserts Plaintiff failed to satisfy exhaustion requirements as mandated by the Ninth Circuit. *Id.* Defendant acknowledges that there is a limited exception for claims by a prisoner exhausted before the filing of an amended complaint under *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010). *Id.* However, Defendant asserts that the exception only applies to newly added claims, and Plaintiff's claims against Defendant Clawson are not newly added since he raised them in his original complaint, prior to when Plaintiff exhausted them. *Id.*

In opposition, Plaintiff asserts that he submitted multiple appeals and complaints which "prison appeal coordinator has repeatedly rejected/canceled violating plaintiff's due process and right to redress off grievance, thereby finalizing exhaustion." Dkt. No. 42 at 2. He asserts that despite prison officials repeatedly obstructing his inmate complaint process, he continued in good faith to exhaust his remedies. *Id.* Plaintiff submits copies of the

9

grievances that show that he exhausted his remedies at the second level prior to initial filing of the civil complaint. *Id.*, Ex. A.

In reply, Defendant asserts that Plaintiff's supporting documents filed with his opposition further substantiate Defendant's position. Dkt. No. 44 at 1. Defendant points out that the prison officials found the second-level response to Plaintiff's administrative appeal constituted exhaustion of the prison's administrative remedies. *Id.*, citing Dkt. No. 42 at 10. Defendant asserts that the second level response was issued on November 6, 2018, but Plaintiff filed this action on September 11, 2018. Dkt. No. 44 at 1, citing Dkt. No. 42 at 11-13; Dkt. No. 1. Therefore, Defendant asserts that this action must be dismissed. Dkt. No. 44 at 2.

After carefully considering all the pleadings and construing the facts in the light most favorable to Plaintiff, the Court finds Plaintiff clearly failed to exhaust administrative remedies prior to filing this lawsuit. There is no dispute that Plaintiff initiated this action on September 11, 2018, and that the original complaint contained the failure to protect claim against Defendant Clawson. Dkt. No. 1. Accordingly, the claim is not a newly added claim that was exhausted before Plaintiff filed the third amended complaint on March 6, 2020, such that the exception under *Rhodes,* 621 F.3d at 1005, would apply. It is also not disputed that Plaintiff exhausted administrative remedies on November 6, 2018, when the second level of appeal issued its decision. Dkt. No. 42 at 10. Plaintiff alleges in the third amended complaint that the first level of appeal was concluded on October 15, 2018, and the second level was concluded on November 6, 2018. Dkt. No. 29 at 7. Plaintiff's opposition attaches the appeal documents, further confirming the dates of his appeals. Dkt. No. 42 at 10. Both the third amended complaint and Plaintiff's own documents demonstrate that exhaustion was completed nearly two months <u>after</u> Plaintiff filed this action on September 11, 2018. Dkt. No. 1. An action must be dismissed unless the prisoner exhausted his available administrative remedies <u>before</u> he filed suit, even if

the prisoner fully exhausts while the suit is pending. *See McKinney*, 311 F.3d at 1199. Accordingly, Defendant has shown that there was an available administrative remedy and Plaintiff did not exhaust that available administrative remedy <u>before</u> he filed this action. *See Albino*, 747 F.3d at 1172; *see id*. at 1176.

In response, Plaintiff must show that that there was something in his particular case that made existing and generally available administrative remedies unavailable to him. *See Albino*, 747 F.3d at 1172. In opposition, he claims that prison officials obstructed his inmate complaint process. *See supra* at 10. However, the papers submitted by Plaintiff show that he was able to submit an inmate grievance eleven days after the incident on August 25, 2018, alleging that the "correctional officer fired his gun and shot [Plaintiff] on the lower right side of [his] body towards [his] buttocks" and seeking disciplinary action against this officer. Dkt. No. 42 at 7-8. This grievance was assigned Log No. SQ-A-18-02997. *Id.* Three days later on August 28, 2018, the grievance was returned to Plaintiff because he had exceeded the allowable number of appeals filed in a 14 calendar day period; he was advised to wait until September 12, 2018, to file another appeal. Dkt. No. 42 at 18. Plaintiff resubmitted the appeal, which was again screened out at the first level on September 26, 2018, because the issue was obscured. Dkt. No. 42 at 17. Plaintiff was able to submit the appeal a third time, at which point it was accepted and assigned to a first level responder on October 10, 2018. *Id.* at 7. This series of events does not indicate that prison officials were obstructing Plaintiff's inmate process, but rather that Plaintiff was failing to comply with grievance procedures. He was given several opportunities to remedy the deficiencies and was able to proceed with the appeal once he had complied. Therefore, the Court finds Plaintiff has failed to show that there was something in his particular case that made existing and generally available administrative remedies unavailable to him. *See Albino*, 747 F.3d at 1172. Rather, Plaintiff was merely impatient with the process and prematurely filed this action on September 11, 2018, immediately

after the appeal was first returned to him on August 28, 2018. In fact, the original complaint was signed on August 29, 2018, the day after the inmate grievance was returned to him the first time. Dkt. No. 1 at 3. There is no evidence that prison officials were preventing Plaintiff from exhausting administrative remedies, and the papers submitted by Plaintiff show that he was in fact able to exhaust administrative remedies while this action was pending. Had he simply been patient a few months and followed the matter through the various levels of review, Plaintiff would not be facing dismissal now.

Based on the foregoing, Defendant's motion to dismiss the claims against him for failure to exhaust administrative remedies prior to filing suit is **GRANTED**. *See McKinney*, 311 F.3d at 1199; *see Vaden*, 449 F.3d at 1051 (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed).

## CONCLUSION

For the forgoing reasons, the Court orders as follows:

1.  Based upon an initial screening, the new claims in the third amended complaint against Defendants Warden Ron Davis and the Director of the CDCR based on supervisor liability, as well as the unrelated claims against unnamed defendants, are DISMISSED without leave to amend. *See supra* at 3-6. The Clerk shall terminate these Defendants from this action.

2.  Defendant Clawson's motion to dismiss the Eighth Amendment claim against him is **GRANTED** for failure to exhaust administrative remedies. Dkt. No. 32. All claims against him, in his individual and official capacities, are DISMISSED without prejudice.

The Clerk shall close the file.

This order terminates Docket No. 32.

**IT IS SO ORDERED.**

Dated: _December 2, 2020____

BETH LABSON FREEMAN
United States District Judge

Order Granting Def;s MTD
PRO-SE\BLF\CR.18\05558Saddozai_grant-MTD(exh)