**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHIKEB SADDOZAI,<br>*Plaintiff-Appellant*,<br><br>v.<br><br>RON DAVIS, Warden of San Quentin State Prison; CLAWSON, Correctional Officer, San Quentin State Prison; MALIKIAN, Correctional Officer, San Quentin State Prison; C. SMITH, Correctional Officer, San Quentin State Prison; SERRINTINO, Correctional Officer, San Quentin State Prison; PRIETO, Correctional Officer, San Quentin State Prison; HERRERA, Sergeant Correctional Officer, San Quentin State Prison; M. GAITAN, CDCR Correctional Officer, Sergeant; DIRECTOR, California Department of Corrections and Rehabilitation,<br>*Defendants-Appellees.* | No. 20-17519<br><br>D.C. No.<br>5:18-cv-05558-<br>BLF<br><br><br>OPINION |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Argued and Submitted April 15, 2022
San Francisco, California

Filed May 23, 2022

Before: EUGENE E. SILER,* A. WALLACE TASHIMA,
and MILAN D. SMITH, JR., Circuit Judges.

Opinion by Judge Milan D. Smith, Jr.

## SUMMARY**

### Civil Rights

The panel reversed the district court's dismissal of a prisoner civil rights complaint for lack of exhaustion under the Prison Litigation Reform Act and remanded.

Plaintiff alleged excessive force after being shot by a correctional officer during an incident that occurred while Plaintiff was incarcerated at California's San Quentin State Prison. Defendants moved to dismiss Plaintiff's third amended complaint against Defendant Clawson for failure to state a claim and because Plaintiff had not exhausted administrative remedies under the Prison Litigation Reform Act ("PLRA") before he filed his original complaint. The district court agreed that Plaintiff failed to exhaust his claim against Defendant Clawson at the time he filed his original complaint and dismissed the third amended complaint for lack of exhaustion under the PLRA.

---

* The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel clarified the underlying principle in *Jackson v. Fong*, 870 F.3d 928 (9th Cir. 2017), which controlled the outcome here. *Jackson* made clear that the PLRA does not supplant or modify Federal Rule of Civil Procedure 15. Rule 15 allows plaintiffs, regardless of their incarceration status, to supplement pleadings with leave of court "even though the original pleading is defective in stating a claim or defense." Fed. R. Civ. P. 15(d). A prisoner who has fully complied with the PLRA's exhaustion requirement need not file an entirely new federal case simply because he had not exhausted when he filed his original federal complaint. The parties agreed that Plaintiff had fully exhausted by the time he filed his third amended complaint, which the district court deemed the "operative complaint." Plaintiff's operative third amended complaint was the only relevant pleading for purposes of the PLRA exhaustion analysis. The district court therefore erred in dismissing Plaintiff's operative complaint for lack of exhaustion.

## COUNSEL

Katherine Cion (argued) and Christina Davis, Roderick & Solange MacArthur Justice Center, Washington, D.C.; Easha Anand, Roderick & Solange MacArthur Justice Center, San Francisco, California; for Plaintiff-Appellant.

Oliver C. Wu (argued) and Kevin A. Voth, Deputy Attorneys General; Alicia A. Bower, Supervising Deputy Attorney General; Monica N. Anderson, Senior Assistant Attorney General; Rob Bonta, Attorney General; Office of the Attorney General, San Francisco, California; for Defendants-Appellees.

Eugene M. Gelernter and Abigail E. Marion, Patterson Belknap Webb & Tyler LLP, New York, New York, for Amici Curiae American Civil Liberties Union, American Civil Liberties Union of Northern California; Brennan Center for Justice at NYU School of Law, Florida Justice Institute, Human Rights Defense Center, Prison Law Office, Southern Center for Human Rights, and Southern Poverty Law Center.

## OPINION

M. SMITH, Circuit Judge:

In this case we clarify the underlying principle in *Jackson v. Fong*, 870 F.3d 928 (9th Cir. 2017), which controls the outcome here. *Jackson* made clear that the Prison Litigation Reform Act (PLRA) does not supplant or modify Federal Rule of Civil Procedure 15. Rule 15 allows plaintiffs, regardless of their incarceration status, to supplement pleadings with leave of court "even though the original pleading is defective in stating a claim or defense." Fed. R. Civ. P. 15(d). A prisoner who has fully complied with the PLRA's exhaustion requirement need not file an entirely new federal case simply because he had not exhausted when he filed his original federal complaint. We reverse the district court's dismissal of Plaintiff's complaint for lack of exhaustion and remand the case.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Shikeb Saddozai, appeals the district court's dismissal of his complaint alleging excessive force after being shot by Defendant, correctional officer Clawson, during an incident that occurred while Plaintiff was incarcerated at California's San Quentin State Prison. The

district court held that Plaintiff did not meet the PLRA's
mandatory exhaustion requirement before filing suit. *See*
42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211
(2007) (holding that PLRA exhaustion is mandatory, and
prisoners cannot bring unexhausted claims into federal
court).

To comply with the PLRA's exhaustion requirement in
California, Plaintiff was required to follow a three-step
grievance process: first submit a grievance Form 602 to the
prison appeals office and then, depending on the response,
appeal that decision to a second and third level. On August
25, 2018, Plaintiff filed a first-level grievance regarding the
excessive force incident. The prison appeals office rejected
the grievance as procedurally improper because Plaintiff
exceeded the regulatory limit on filing grievances during a
fourteen-day period. He was instructed to refile after
September 12, 2018. The record is not clear as to when, but
at some point after September 12, Plaintiff resubmitted his
grievance. On September 26, 2018, the prison appeals office
again rejected Plaintiff's grievance on procedural grounds
for being "obscured by pointless verbiage or voluminous
unrelated documentation" and instructed him to resubmit.

Meanwhile, Plaintiff had also filed a pro se complaint in
federal court, docketed on September 11, 2018. On October
2, 2018, as his federal complaint was pending review,
Plaintiff filed a procedurally compliant prison grievance
about the excessive force incident. The prison denied
Plaintiff's requested relief at the first level of review, and so
he appealed to the second level on October 28, 2018. On
November 6, 2018, the prison issued a second-level response
to Plaintiff's grievance. Plaintiff appealed to the third level,
and on February 5, 2019, he received a final administrative

decision.  Both parties agree that as of February 5, 2019, Plaintiff had fully exhausted.

On January 16, 2019, the district court first screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a) and dismissed it with leave to amend.  Plaintiff's complaint contained several claims about various issues, including the excessive force incident, requests for religious accommodations, and denial of access to the prison law library.  In dismissing the complaint, the district court concluded that Plaintiff improperly asserted claims against unrelated defendants for unrelated incidents.  Plaintiff filed a first amended complaint on February 19, 2019.  By the time he filed this first amended complaint, he had fully exhausted his administrative remedies.  The district court again dismissed the complaint without prejudice because the claims were insufficiently related to one another.  The district court noted that a second amended complaint would "supersede[] all previous complaints, which are treated thereafter as non-existent."

Plaintiff then filed a second amended complaint on August 15, 2019, raising claims against Defendant Clawson related only to the excessive force incident.  The district court found that Plaintiff's second amended complaint "stated a cognizable claim" against Defendant Clawson "for failure to protect under the Eighth Amendment."  Plaintiff then supplemented his complaint "as a matter of course." The district court declared that Plaintiff's third amended complaint filed on March 6, 2020, was the "operative complaint."

Defendant and other prison officials moved to dismiss Plaintiff's third amended complaint for failure to state a claim and because Plaintiff had not exhausted administrative remedies before he filed his original complaint.  The district

court dismissed the other prison defendants but again held that Plaintiff stated a cognizable Eighth Amendment deliberate indifference claim against Defendant Clawson. The district court agreed that Plaintiff failed to exhaust the claim against Defendant Clawson at the time he filed his original complaint and dismissed it for lack of exhaustion under the PLRA. This appeal followed.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's interpretation of the PLRA because it "is a question of law." *Talamantes v. Leyva*, 575 F.3d 1021, 1023 (9th Cir. 2009).

## ANALYSIS

This is a simple case. Both parties agree that Plaintiff had not exhausted his administrative remedies at the time he filed his initial complaint in federal court. The parties also agree that Plaintiff had fully exhausted by the time he filed his third amended complaint, which the district court deemed the "operative complaint." In *Jackson*, 870 F.3d 928, we held that a prisoner "can cure deficiencies through later filings, regardless of when he filed the original 'action.'" *Id.* at 934. We made clear that "[e]xhaustion requirements apply based on when a plaintiff files the operative complaint, in accordance with the Federal Rules of Civil Procedure." *Id.* at 935. Therefore, Plaintiff's operative third amended complaint controls the PLRA exhaustion analysis, and the district court erred in dismissing it for lack of exhaustion.

Defendant describes *Jackson* as "an outlier" and as having "departed from" earlier cases. He argues that *Jackson*'s reasoning was wrong and that the case "should be

limited to that particular factual setting." *Jackson* is not distinguishable from this case, as Defendant implicitly acknowledges. *Jackson* involved a prisoner who also filed a federal complaint prior to exhausting his administrative remedies. *Id.* at 931–32. As his federal complaint was pending review, the plaintiff was released from prison. *Id.* at 932. The plaintiff in *Jackson* amended his complaint after release, and our court concluded that the "amended complaint," not the original complaint, "controlled the PLRA exhaustion analysis." *Id.* at 934. Because PLRA exhaustion requirements do not apply to non-prisoners, when Jackson filed his third amended complaint, the exhaustion requirement did not apply to him. *Id.*

Defendant asks us to distinguish this case because of Jackson's change in prisoner status. This fact is irrelevant. Because Jackson was a non-prisoner at the time he filed his amended complaint, he no longer had to comply with the PLRA's requirements. Yet, it was not his status as a non-prisoner that cured the initial lack of exhaustion. Rather, it was because Jackson filed a new operative complaint at a time when the PLRA exhaustion requirement no longer applied to him. Just as in *Jackson*, this case turns on whether the court should look to the initiation of the suit (when Plaintiff had not exhausted his remedies), or to Plaintiff's operative third amended complaint (filed when Plaintiff had fully exhausted his administrative remedies). *Id.* at 934. *Jackson* answered with the latter.

"In PLRA cases, amended pleadings may supersede earlier pleadings." *Id.* The Federal Rules of Civil Procedure make clear that, with leave of court, plaintiffs can supplement their pleadings, "even though the original pleading is defective in stating a claim or defense." Fed. R. Civ. P. 15(d). Courts have found that "[a] supplemental

complaint also can defeat an affirmative defense applicable to an earlier complaint, even when that affirmative defense is jurisdictional." *Jackson*, 870 F.3d at 934 (citing *Mathews v. Diaz*, 426 U.S. 67, 75 (1976); *Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1044 (9th Cir. 2015)). A lack of PLRA exhaustion is a non-jurisdictional affirmative defense. Federal Rule of Civil Procedure 15 allows prisoners to supplement a complaint to add facts regarding administrative exhaustion.

In a legal Hail Mary, Defendant argues that even if *Jackson* applies, we should decline to follow it because it is irreconcilable with the Supreme Court's intervening authority in *Ross v. Blake*, 578 U.S. 632 (2016). Nothing in *Jackson*, however, is inconsistent with *Ross*. In *Ross*, the Supreme Court explained the narrow availability exception to the PLRA's mandatory exhaustion requirement. 578 U.S. at 635, 643–45. *Jackson* has nothing to do with exceptions to the exhaustion requirement, and neither does the case here. On the contrary, Plaintiff has—on the admission of Defendant—fully exhausted his administrative remedies and has no use for an exception. Moreover, if we had any doubts, we note that as this case was pending on appeal, the Supreme Court cited our Ninth Circuit precedent favorably in positing that "[t]he original defect" of lack of exhaustion in a prisoner's complaint "was arguably cured by . . . subsequent filings." *Ramirez v. Collier*, 142 S. Ct. 1264, 1276 (2022) (citing *Rhodes v. Robinson*, 621 F. 3d 1002, 1005 (9th Cir. 2010)). Although the discussion in *Ramirez* is dicta because the prison defendants failed to raise the exhaustion argument, the fact that the Supreme Court favorably cited our precedent undercuts Defendant's position that our precedent is unlawful.

We are equally unmoved by Defendant's policy
arguments, which are similar to those advanced by the
defendants in *Jackson*. *See* 870 F.3d at 934. Defendant
contends that prisoners will now have a green light to file
simultaneous federal complaints and prison grievances,
knowing they can later cure through amendment. This
position ignores the realities of prison litigation and, in
particular, the operation of the "three strikes" rule. *See*
28 U.S.C. § 1915(g) (prohibiting *in forma pauperis* actions
or appeals "if the prisoner has, on 3 or more prior occasions,
. . . brought an action or appeal in a court of the United States
that was dismissed."). Pursuant to the PLRA, prisoners still
pay full filing fees, even if they qualify for *in forma pauperis*
status. If a prisoner has three prior dismissals for a complaint
being frivolous, malicious, or failing to state a claim, the
prisoner must pay the whole filing fee up front before
bringing another lawsuit. *See O'Neal v. Price*, 531 F.3d
1146, 1154 (9th Cir. 2008); *El-Shaddai v. Zamora*, 833 F.3d
1036, 1043–44 (9th Cir. 2016). Prisoners have significant
incentive to ensure compliance with the PLRA exhaustion
requirement before filing suit. It would be a gamble to
knowingly file a complaint before exhaustion, hoping that
the prison completes its multi-step administrative review
process all before the district court screens the complaint "as
soon as is practicable after docketing," 28 U.S.C.
§ 1915A(a), and before the prison asserts its affirmative
defense.

We find that "forcing the plaintiff to file a separate suit
regarding his . . . claims would not further the policy goals
of the PLRA, because plaintiff could proceed to file those
claims as a separate action." *Cano v. Taylor*, 739 F.3d 1214,
1220–21 (9th Cir. 2014). "Such a requirement would
promote the precise inefficiency the PLRA was designed to
avoid—requiring courts to docket, assign and process two

cases where one would do." *Lira v. Herrera*, 427 F.3d 1164, 1174 (9th Cir. 2005).

## CONCLUSION

This case is controlled by our decision in *Jackson*, and we agree with the result. Plaintiff's operative third amended complaint is the only relevant pleading for purposes of the PLRA exhaustion analysis. The district court therefore erred in dismissing Plaintiff's operative complaint for lack of exhaustion.

**REVERSED and REMANDED.**

## United States Court of Appeals for the Ninth Circuit

### Office of the Clerk
95 Seventh Street
San Francisco, CA 94103

### Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36.  Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise.  To file a motion to stay the mandate, file it electronically via the appellate ECF system or, if you are a pro se litigant or an attorney with an exemption from using appellate ECF, file one original motion on paper.

**Petition for Panel Rehearing  (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)**

**(1)   A.   Purpose (Panel Rehearing):**
- A party should seek panel rehearing only if one or more of the following grounds exist:
  - A material point of fact or law was overlooked in the decision;
  - A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  - An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

**B.   Purpose (Rehearing En Banc)**
- A party should seek en banc rehearing only if one or more of the following grounds exist:

> ► Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
>
> ► The proceeding involves a question of exceptional importance; or
>
> ► The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2)    Deadlines for Filing:**
- A petition for rehearing may be filed within 14 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication.  9th Cir. R. 40-2.

**(3)    Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4)    Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- A response, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or response must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms*.
- You may file a petition electronically via the appellate ECF system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

## Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms*.

## Attorneys Fees
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-7806.

## Petition for a Writ of Certiorari
- Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov

## Counsel Listing in Published Opinions
- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send an email or letter **in writing within 10 days** to:
  - ► Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Maria Evangelista (maria.b.evangelista@tr.com));
  - ► and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court," or if you are an attorney exempted from using the appellate ECF system, mail the Court one copy of the letter.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 10. Bill of Costs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form10instructions.pdf

**9th Cir. Case Number(s)**

**Case Name**

The Clerk is requested to award costs to *(party name(s))*:

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature**                **Date**

*(use "s/[typed name]" to sign electronically-filed documents)*

| COST TAXABLE | REQUESTED *(each column must be completed)* | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) *(Opening Brief; Answering Brief; 1st, 2nd, and/or 3rd Brief on Cross-Appeal; Intervenor Brief)* | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee / Appeal from Bankruptcy Appellate Panel Docket Fee | | | | $ |
| | | | **TOTAL:** | $ |

***Example:** Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:*
*No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);*
*TOTAL: 4 x 500 x $.10 = $200.*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Form 10                                                              *Rev. 12/01/2021*