UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RON DAVIS, et al.,<br><br>　　　　Defendants. | Case No. 18-05558 BLF (PR)<br><br>**ORDER ON REMAND; REOPENING ACTION; SETTING BRIEFING SCHEDULE ON REMAINING CLAIM**<br><br><br>(Docket. No. 58) |

Plaintiff, a California state prisoner currently at Corcoran State Prison, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, against employees at San Quentin State Prison ("SQSP"). The third amended complaint ("TAC") is the operative complaint in this action. Dkt. No. 29. The Court granted Defendant Clawson's motion to dismiss the Eighth Amendment claim against him for failure to exhaust administrative remedies. Dkt. No. 51 at 9-12. The Court entered judgment on August 10, 2020. Dkt. No. 37. Plaintiff appealed.

On May 23, 2022, the Ninth Circuit found Plaintiff had cured the failure to exhaust by the time he filed the TAC, and therefore the court erred in dismissing the action based on a failure to exhaust administrative remedies. Dkt. No. 57 at 7-8. The Ninth Circuit therefore vacated and remanded the matter. The formal mandate was filed on July 14, 2022. Dkt. No. 58.

1

In the TAC, Plaintiff claims that Defendant Clawson failed to protect him during an assault by several inmates, during which Defendant shot Plaintiff with his block gun. Dkt. No. 29 at 4. This action shall proceed solely on the merits of this claim against Defendant Clawson. All other claims and Defendants remain dismissed from this action.

## CONCLUSION

For the forgoing reasons, the Court orders as follows:

1. No later than **ninety-one (91) days** from the date this order is filed, Defendant Clawson shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

   a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

   b. **In the event Defendant files a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).** *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).

2. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **twenty-eight (28) days** from the date Defendant's motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential

element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendant's motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

  3. Defendant *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

  4. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  5. All communications by the Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

  6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

  7. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

  8. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated:   July 29, 2022

BETH LABSON FREEMAN
United States District Judge

Order on Remand; Reopening Action; Briefing Sched.
PRO-SE\BLF\CR.18\05558Saddozai_remand.brief