UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RON DAVIS, et al.,<br><br>　　　　Defendants. | Case No. 18-cv-05558 BLF (PR)<br><br>**ORDER GRANTING MOTION TO COMPEL DEPOSITION OF PLAINTIFF; GRANTING MOTION FOR EXTENSION OF TIME TO FILE DISPOSITIVE MOTION**<br><br>(Docket Nos. 63, 65, 66) |

Plaintiff, a state inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against personnel at San Quentin State Prison (SQSP). Dkt. No. 1. On July 29, 2022, the Court ordered the reopening of this action and set a briefing schedule for Defendant Officer Clawson's dispositive motion. Dkt. No. 59. With a grant of extension of time, Defendant's dispositive motion was due by January 4, 2023. Dkt. No. 62.

On December 12, 2022, Defendant filed a notice and motion to compel Plaintiff's deposition, to impose monetary sanctions for his failure to appear, and to extend the deadline to file a dispositive motion. Dkt. No. 63. According to Defendant, on October 19, 2022, counsel served Plaintiff a Notice of Taking Deposition under Rule 30 of the Federal Rules of Civil Procedure. Dkt. No. 63-2 at 2. The notice was later returned with a notation that Plaintiff was "out to court" and therefore not presently incarcerated at Salinas

Valley State Prison ("SVSP").  Dkt. No. 63-1 at 2; Dkt. No. 63-2 at 2.  Once she confirmed Plaintiff had returned to SVSP, counsel re-served the notice via overnight mail on November 1, 2022.  Id.  The notice stated that Plaintiff's deposition was scheduled for November 17, 2022, at 10:00 a.m., at SVSP, and would be conducted over video conferencing and recorded by a videographer.  Dkt. No. 63-2 at 2, Ex. 1.  Counsel states that she did not receive any communication from Plaintiff, objecting to the taking of his objection.  Dkt. No. 63-2 at 2.  Therefore, on November 17, 2022, counsel appeared virtually for Plaintiff's deposition, scheduled for 10:00 a.m.  Id.  At 10:10 a.m., counsel was informed that Plaintiff was refusing to be transported to the location at the prison where the deposition was to be conducted via videoconferencing.  Id.  Counsel was informed that Plaintiff was demanding an "ADA vehicle" rather than the vehicle that staff obtained to transport him, and that he be restrained with waist chains rather than handcuffed behind his back, which was how inmates were typically handcuffed for safety reasons in the absence of a medical chrono.  Id.  Counsel was informed by staff who had reviewed Plaintiff's records that Plaintiff was not entitled to waist chains or an ADA vehicle.  Id. at 3.  Because Plaintiff refused to be transported without the accommodations he requested, he did not appear for the deposition.  Id.  Counsel suspended the deposition at 10:20 a.m., after placing the reasons for Plaintiff's absence on the record.  Id., Ex. 3.

Defendant moves for the Court to compel Plaintiff to sit for deposition.  Dkt. No. 63-1 at 3.  Defendant asserts that without deposing Plaintiff, he will be severely prejudiced as he cannot fully understand the claim against him, ascertain what evidence may exist, and thus cannot determine whether a dispositive motion is appropriate, and if so, prepare such a motion.  Id. at 4.  Accordingly, Defendant asserts that he cannot meet the current deadline of January 4, 2023.  Id.  Defendant states that Plaintiff has already been served with a notice of deposition for February 9, 2023, at 10:00 a.m.  Id.  Assuming the Court grants his motion and Plaintiff sits for the deposition, Defendant requests an extension of

time until March 26, 2023, to file a dispositive motion.  Id.  Defendant also asserts that the Court should impose monetary sanctions because of Plaintiff's bad faith conduct and to deter such conduct in the future.  Id. at 4-5.

Plaintiff filed a "motion objecting and requesting sanction to be dismissed and requesting court take judicial notice with supporting declaration and request for extension of time."  Dkt. No. 65.  Plaintiff asserts that he is medically and physically disabled and placed under "ADA disability accommodations."  Id. at 2.  Plaintiff also asserts that he has been attempting to recover from Covid, and that a Covid outbreak is impeding his ability to prosecute court actions.  Id.  He describes filing numerous complaints against prison officials, medical staff, and the law library for various violations, which he does not allege are related to the claim in this action.  Id. at 3-4.  Plaintiff states that on November 17, 2022, he was not notified in advance of the scheduled interview with Defendant's counsel, and that he was not informed by the officers transporting him what the interview was for.  Id. at 5.  Plaintiff states that he did not refuse the appointment but that rather, he made one request for reasonable accommodations (to be front cuffed) to prevent injuries and enable him to help himself onto the transport vehicle.  Id.  He states that officers said they would return with reasonable accommodations, but they never did.  Id.  Plaintiff asserts that sanctions are unreasonable and should be dismissed because his failure to meet with counsel was unintentional.  Id. at 5, 6.

In light of Plaintiff's assertion that he was willing and intended to appear for the deposition, Defendants' request for sanctions is **DENIED**.  However, the request to compel Plaintiff to submit to a deposition under Rule 37(a) is **GRANTED**.

Plaintiff seeks appointment of counsel and an extension of time.  Dkt. No. 65 at 7.  The Court has already denied Plaintiff's several motions for appointment of counsel for lack of exceptional circumstances.  Dkt. Nos. 7, 12, 39, 50.  Preparing for a deposition is not an exceptional circumstance that warrants appointment of counsel.  Furthermore, it is

unclear why Plaintiff needs an extension of time as currently no pleading is due from him. Accordingly, the requests are **DENIED**.

In light of the foregoing, Defendant's request for a court order compelling Plaintiff to submit to a deposition is **GRANTED**. Unless Plaintiff prefers the more severe sanction of dismissal of this entire action for his refusal to appear for the deposition under Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure, he shall appear for and submit to an oral deposition on February 9, 2023, at 10:00 a.m. as he has been noticed by Defendant's counsel.

Defendant's motion for an extension of time until **March 27, 2023**, to file a dispositive motion is **GRANTED**. Dkt. No. 66. Briefing shall proceed thereafter in accordance with the schedule set forth in the Court's "Order on Remand; Reopening Action; Setting Briefing Schedule on Remaining Claim." Dkt. No. 59.

This order terminates Docket Nos. 63, 65, and 66.

**IT IS SO ORDERED**

Dated: ___**January 9, 2023**___

BETH LABSON FREEMAN
United States District Judge

Order Granting Mot. to Compel Dep.; Granting EOT to file MSJ
PRO-SE\BLF\CR.18\05558Saddozai_compel-dep&eot-msk