UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>    Plaintiff,<br><br>v.<br><br>RON DAVIS, et al.,<br><br>    Defendants. | Case No. 18-cv-05558 BLF (PR)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL OR *GUARDIAN AD LITEM*** <br><br>(Docket No. 68) |

Plaintiff, a California state prisoner currently at Corcoran State Prison, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, against employees at San Quentin State Prison ("SQSP"). The third amended complaint ("TAC") is the operative complaint in this action. Dkt. No. 29. This matter was reopened on remand, to proceed on the sole remaining claim against Defendant Clawson for his alleged failure to protect Plaintiff during an assault by several inmates, during which Defendant shot Plaintiff with his block gun. Dkt. No. 59 at 2-3, citing Dkt. No. 29 at 4.

Plaintiff moves for appointment of counsel based on indigency, complexity of the issues, lack of legal knowledge, limited access to legal resources, and that he would be better served with the assistance of counsel. Dkt. No. 68 at 1-2. Plaintiff also states that he is incapable of representing himself due to his "clinical assessment in accordance with

the Mental Health Service Delivery System," which warrants appointment of a guardian ad litem under Fed. R. Civ. P. 17(c). *Id.* at 3.  He also claims that he suffers from physical disabilities in his dominant hand and arm, which impedes and frustrates his ability to litigate this matter. *Id.*  Lastly, he asserts that counsel is required to handle expert testimony, depositions, cross-examination, and effective use of discovery. *Id.* at 4.

## DISCUSSION

### A. Appointment of Counsel under 28 U.S.C. § 1915

As Plaintiff has been advised multiple times in this matter, Dkt. Nos. 7, 12, 39, 50, there is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc).  The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  Here, as before, Plaintiff's asserted grounds do not establish exceptional circumstances warranting appointment of counsel at this time.  Furthermore, this matter does not involve deliberate indifference to serious medical needs, as he asserts in his memorandum in support of this motion. Dkt. No, 69 at 2.  Rather, the sole claim is a failure to protect claim against Defendant Clawson, which is not complex.  Accordingly, Plaintiff's request for appointment of counsel is DENIED without prejudice for lack of exceptional circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

### B. Appointment of Guardian Ad Litem under Fed. R. Civ, P. 17(c)

Based on his assertion of mental health issues, the Court will also consider whether

2

1  Plaintiff warrants appointment of a guardian ad litem under Federal Rule of Civil
2  Procedure 17(c), which provides in relevant part that:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or aby a guardian ad litem. The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c)(2). The Ninth Circuit has held that when "a substantial question" exists regarding the mental incompetence of a pro se litigant, the district court should conduct a hearing to determine competence so that a guardian ad litem may be appointed if appropriate. *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005); *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989). Other circuits have held that a district court's duty of inquiry under Rule 17(c) is triggered by "verifiable evidence" of incompetence. *See*, *e.g.*, *Powell v. Symons*, 680 F.3d 301, 307 (3rd Cir. 2012); *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 203 (2d Cir. 2003).

The Ninth Circuit found a "substantial question" regarding competence where a pro se prisoner litigant submitted a letter from the prison psychiatrist stating that the litigant was under his care, had been diagnosed with schizophrenia, and was taking psychotropic medications, *see Allen*, 408 F.3d at 1152, but it found no substantial question where a pro se litigant merely asserted that the district court should have conducted a competency hearing, *see Day v. Sonoma Cnty.*, 1997 WL 686016, at *2 (9th Cir. Oct. 30, 1997). The Third Circuit found "verifiable evidence" of incompetence where one co-plaintiff was adjudicated incompetence in a simultaneous criminal proceeding and the other co-plaintiff submitted a letter from a mental health professional. *See Powell*, 680 F.3d at 308-09. The Second Circuit has indicated that "verifiable evidence" could take the form of records from a court or public agency or evidence from a mental health professional, but that bizarre behavior, standing alone, is not sufficient to trigger a district court's duty of inquiry under Rule 17(c). *See Ferrelli*, 323 F.3d at 201-02.

Plaintiff has again failed to submit any evidence of incompetence. Rather, he

3

merely asserts that his clinical assessment in accordance with the "Mental Health Services Delivery System" renders him incapable of representing himself, and that he has a physical disability that hinders his ability to litigate this matter. Dkt. No. 68 at 3. He provides copies of correspondence and medical records from 2019 and 2020 in support. *Id.* at 32-38. However, these documents do not establish that Plaintiff is currently unable to litigate this matter in *pro se*. Furthermore, Plaintiff has shown an ability to articulate his claims and file numerous moving papers despite his mental health and physical disability issues. Lastly, Plaintiff provides no letter from a mental health professional or other "verifiable evidence" of his incompetence to trigger this Court's duty of inquiry. *See Ferrelli*, 323 F.3d at 201-02. Plaintiff's mere assertion that he needs the assistance of counsel to proceed with the case, without more, is not sufficient to raise a substantial question. *See, e.g.*, *Day*, 1997 WL 686016, at *2. Accordingly, the Court finds that in the absence of verifiable evidence of incompetence, there is no substantial question regarding Plaintiff's competence and therefore no duty of inquiry. *See Allen*, 408 F.3d at 1152; *Ferrelli*, 323 F.3d at 201-02. Plaintiff does not warrant appointment of a guardian ad litem under Rule 17(c).

## CONCLUSION

For the reasons discussed above, Plaintiff's request for appointment of counsel is DENIED. Dkt. No. 68.

This order terminates Docket No. 68.

**IT IS SO ORDERED.**

Dated: __August 22, 2023_____

BETH LABSON FREEMAN
United States District Judge

Order Denying Mot. for Appt. of Counsel
PRO-SE\BLF\CR.18\05558Saddozai_deny.atty

4