UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>    Plaintiff,<br><br>v.<br><br>RON DAVIS, et al.,<br><br>    Defendants. | Case No. 18-cv-05558 BLF (PR)<br><br>**ORDER DENYING MOTION FOR WRITTEN DEPOSITION; DENYING MOTION FOR TERMINATION SANCTIONS WITHOUT PREJUDICE; ADDRESSING PENDING MOTIONS**<br><br>(Docket. Nos. 70, 75, 77, 78, 86) |

Plaintiff, a California state prisoner, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, against employees at San Quentin State Prison ("SQSP"). The third amended complaint ("TAC") is the operative complaint in this action. Dkt. No. 29. This matter was reopened on remand, to proceed on the sole remaining claim against Defendant Clawson for his failure to protect Plaintiff during an assault by several inmates, during which Defendant shot Plaintiff with his block gun. Dkt. No. 59 at 2-3, citing Dkt. No. 29 at 4.

Plaintiff has filed objections to oral deposition and requests a written deposition. Dkt. No. 70. Defendant filed a motion for terminating and monetary sanctions for Plaintiff's repeated failure to be deposed and comply with court orders. Dkt. No. 75. The

Court herein addresses these motions and the following pending matters: (1) Defendant's motion to stay discovery, Dkt. No. 77; (2) Plaintiff's motion to compel, Dkt. No. 78; and (3) Plaintiff's motion for a court order, Dkt. No. 86.

## DISCUSSION

### A. Objection to Oral Deposition and Motion to Take Written Deposition

Plaintiff failed to appear for a properly noticed deposition on November 17, 2022. Dkt. No. 67 at 2. Thereafter on January 9, 2023, the Court granted Defendant's motion to compel Plaintiff to submit to a deposition under Rule 37(a) of the Federal Rules of Civil Procedure. *Id.* at 4. The Court ordered Plaintiff to appear for a second oral deposition on February 9, 2023, as noticed by Defendant's counsel. *Id.* Plaintiff was warned of the potential consequence of dismissal of this entire action for his refusal to appear under Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure. *Id.*

Weeks after the Court granted Defendant's motion, Plaintiff filed an objection to oral deposition, seeking leave to take deposition by written questions. Dkt. No. 70. He also repeats his request for assistance of counsel to assist with deposition, discovery, and to preserve privilege. *Id.* at 1. Plaintiff makes various allegations regarding the prison's failure to provide ADA accommodations, loss of legal property, interference with mail, lack of help from mental health clinician, exposure to Covid-19, and squalid living conditions. *Id.* at 2-7. He asserts that lack of law library services and resources have prevented him from obtaining information sufficient to respond or to form a belief about the requests and demands made by the Court and attorneys. *Id.* at 9-11. He asserts that he needs counsel to assist him in the deposition to make proper objections and preserve his rights. *Id.* at 12. He also asserts that defendant's counsel has failed to provide him with sufficient information regarding the deposition to adequately prepare. *Id.* at 13-14. Lastly, Plaintiff asserts that certain medical issues will cause him extreme difficulty and

discomfort if forced to submit to an oral deposition. *Id.* at 14.

None of reasons provided by Plaintiff are sufficient nor persuasive to overcome Defendant's right to depose Plaintiff in this matter. The various allegations regarding prison conditions are not relevant to Plaintiff's ability to be present and submit to an oral deposition. Nor does preparing for a deposition amount to an exceptional circumstance that warrants appointment of counsel. Lastly, if Plaintiff requires medical accommodations during the deposition or other information, he can request those from Defendant's counsel. Plaintiff is a seasoned litigator and has been deposed in various other matters before this Court. He is therefore well aware of what to expect and how to prepare for a deposition. Accordingly, the motion for written deposition is DENIED.

**B.      Motion for Terminating and Monetary Sanctions**

On February 9, 2023, counsel appeared in person for Plaintiff's second scheduled deposition. Dkt. No. 75-1 at 3; Dkt. No. 75-2 at 2. Although Plaintiff appeared and was sworn, after objecting to taking the oath, he stated his name for the record and then refused to answer questions.[1] Dkt. No. 75-2 at 2. Plaintiff made the same objections as mentioned in the motion discussed above, such as the need for assistance of counsel and having medical issues, but he would not identify the medical issues to counsel. *Id.* at 2-3. Defendant's counsel presented Plaintiff with a copy of the court's order granting his motion to compel, and Plaintiff acknowledged receiving the order and understanding that his deposition testimony had been compelled. *Id.* at 3. Counsel advised Plaintiff that pursuant to the court order, his failure to answer questions could result in monetary and/or terminating sanctions. *Id.* However, Plaintiff merely repeated his objections, stated that he would object to every question posed, and that he would not answer questions without the assistance of counsel. *Id.* The deposition was then suspended. *Id.*

---

[1] Defendant also submits a copy of the transcript of the deposition taken on February 9, 2023. Dkt. No. 75-3 at 15-31.

3

Defendant now moves for terminating and monetary sanctions for Plaintiff's repeated failure to cooperate in discovery and comply with court orders. Dkt. No. 75 at 4, citing *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986); *see also* Fed. R. Civ. P. 37(b)(2)(A)(v), 41(b). Defendant asserts that the following factors weigh in favor of terminating sanctions: (1) the public interest in expeditious resolution and management of the court's docket which is being impeded by Plaintiff's uncooperative behavior; (2) prejudice to Defendant in being unable to defend against Plaintiff's claim and continuing to incur costs in attempting to depose him; and (3) and the ineffectiveness of less drastic sanctions to persuade Plaintiff to cooperate. *Id.* at 5-8, citing *Pagtalunan v. Galaza*, 291 F.3d 639, 641 (9th Cir. 1986). Defendant also asserts that he should be awarded attorney's fees and costs (totaling $1,952.05) associated with his two attempts to depose Plaintiff as punishment for his bad-faith conduct and to deter such conduct in the future. *Id.* at 8-9; Dkt. No. 75-2 at 3.

Plaintiff filed an objection to Defense counsel's declaration, as not complying with Rule 56(c)(4) of the Federal Rules of Civil Procedure, among other arguments. Dkt. No. 80. Plaintiff's objections are meritless as counsel's declaration is based on personal knowledge of the facts attested to therein, and it is wholly irrelevant whether counsel has been deposed. Accordingly, the objections are DENIED.

Plaintiff filed an "affidavit" in opposition to Defendant's motion for sanctions. Dkt. No. 82. However, this affidavit is identical to the one Plaintiff filed in support of his objection to the oral deposition and request for written deposition discussed above. *Compare* Dkt. No. 82 *with* Dkt. No. 70; *see supra* at 2-3. The Court has already considered and rejected those arguments above. *Id.* Furthermore, as stated in reply, Defendant confirms that accommodations can be made by various means to address the alleged "burdens" of deposing Plaintiff due to his medical issues. Dkt. No. 83 at 4.

The Courts finds Defendant has presented persuasive grounds for terminating and

monetary sanctions. Plaintiff has engaged in dilatory tactics and conducted himself in bad faith with regard to his deposition, which has been hindering the expeditious resolution of this matter. However, in the interest of justice and his *pro se* status, the Court will grant Plaintiff one final opportunity to comply and submit to an oral deposition, which includes making a good faith effort to answer all questions posed by Defendant's counsel. Plaintiff is warned that his failure to appear and answer questions in good faith will result in terminating sanctions and the award of reasonable fees and costs to Defendant's counsel. The motion for sanctions is therefore DENIED without prejudice, to the Court reconsidering and granting the motion if Plaintiff fails to comply. Plaintiff is ORDERED to appear at an oral deposition at the time and place noticed by Defendant.

C.    **Plaintiff's Motion to Compel**

Plaintiff moves for an order to compel Defendant to supply him with all the case laws and authorities relied upon in all his filings in this matter. Dkt. No. 78; Dkt. No. 79.[2] He asserts that he is in the process of preparing a motion for summary judgment which will substantially advance this action. *Id.* at 3. He asserts that his requests to obtain these case laws from the prison library has been "unanswered and unresolved." *Id.* at 4. Plaintiff also asserts that the cases are subject to discovery and known only to Defendant, whom he alleges is misrepresenting cases that are inapplicable and used to "cause Plaintiff to under take a wild goose chase." *Id.* at 5-6. Defendant opposes the motion, asserting that he cannot possibly determine what authority Plaintiff requires, and that he should not be ordered to conduct legal research on Plaintiff's behalf. Dkt. No. 84 at 1. Nevertheless, Defendant has supplied Plaintiff with a list of all legal authority cited in his motion for sanctions. *Id.* at 3. Nearly two months after Defendant filed the opposition, Plaintiff filed

---

[2] The Court notes that this motion and accompanying affidavit are identical to those Plaintiff filed in another pending lawsuit. *See Saddozai v. Atchley, et al.,* Case No. 20-cv-07534 BLF (PR), Dkt. Nos. 56, 56-1. For similar reasons that motion was denied, the Court denies the motion here. *See* Dkt. No. 60 at 3.

5

"objections" which appears to be a reply. Dkt. No. 85. However, this reply merely repeats some of the same objections as in Plaintiff's motion and asserts that he is "not waiving [his] right to appeal." *Id.* at 4.

After considering the papers, the Court finds no good cause to grant Plaintiff's motion. Plaintiff is a seasoned litigant, who is well informed of his statutory right to access case law and authorities through the prison law library. He is also aware of the proper avenues to obtain relief, i.e., by filing a prison grievance or a separate lawsuit. Otherwise, his general and unsubstantiated allegations regarding lack of library access are not sufficient to grant his request. Nor is the Court persuaded by Plaintiff's assertion that Defendant has misapplied case law in his filings. All parties are required to abide by Federal Rule of Civil Procedure 11, and certify that their pleadings and motions are well-grounded in fact and have a colorable basis in law or be subject to sanctions. Fed. R. Civ. P. 11(b), (c). Furthermore, there is no indication that Defendant has failed to serve Plaintiff with all his filings in this matter, which include citations to the legal authorities relied upon. Moreover, Defendant has supplied Plaintiff with another list of legal authorities in support of his motion for sanctions. Dkt. No. 84 at 3. Accordingly, Plaintiff's motion to compel is DENIED.

D.     **Plaintiff's Motion for Court Order**

Plaintiff has most recently filed a motion "to the Court ordering correctional authorities and or ordering Defendants counsel to intervene and order correctional authorities at San Quentin State Prison who are agents for opposing counsel deputy district attorney to cease and desist withholding and concealing Plaintiff's legal mail; and to take mandatory and judicial notice of the facts evidence and exhibits A-to-E." Dkt. No. 86. Despite this long title on the cover page, the attached pleading is nearly identical to Plaintiff's filing under Docket No. 85, except for the insertion of paragraph 8, in which he claims that on various dates, his legal mail has been "intentionally and willfully destroyed,

6

concealed and or withheld from being delivered" and that he has been forced to sign for documents that are incomplete, under threat, duress, [or] coercion." *Id.* at 4. The attached exhibits do not support this allegation, as none of the documents therein mention any incident regarding Plaintiff's legal mail being delayed. Dkt. No. 86 at 6-37. The only document relevant to mail is a memorandum regarding "Processing and Inspection of Confidential Correspondence," dated September 1, 2022, addressed to Associate Directors; it does not mention any specific incident regarding mail or Plaintiff. *Id.* at 34. Accordingly, the Court is not persuaded that the type of court intervention Plaintiff seeks is warranted. The motion is DENIED.

## CONCLUSION

For the forgoing reasons, the Court orders as follows:

1. Plaintiff's objection to oral deposition and request for written deposition is **DENIED**. Dkt. No. 70.

2. Defendant's motion for terminating and monetary sanctions is **DENIED without prejudice**. Defendant shall properly notice Plaintiff for an in-person oral deposition at a date **no later than forty-two (42) days** from the date this order is filed. Plaintiff is **ORDERED** to appear at the oral deposition and answer all questions in good faith. As stated above, if Plaintiff fails to appear and participate in the deposition by answering all questions posed in good faith, the Court will reconsider and grant Defendant's motion for terminating and monetary sanctions.

Defendant shall file notice of Plaintiff's compliance or failure to comply **within seven (7) days** after the scheduled deposition. If Plaintiff fails to comply, Defendant may then move for the Court to reconsider granting his motion for terminating and monetary sanctions.

3. In light of this order, Defendant's motion to stay discovery is **DENIED** as

7

moot.  Dkt. No. 77.

4. Plaintiff's motion to compel Defendant to supply him with all case laws and authorities is **DENIED**.  Dkt. No. 78.

5. Plaintiff's motion for a court order is **DENIED**.  Dkt. No. 86.

This order terminates Docket Nos. 70, 75, 77, 78, and 86.

**IT IS SO ORDERED.**

Dated:  __August 23, 2023_____

BETH LABSON FREEMAN
United States District Judge

Order Denying Motion for Written Dep; Denying Sanctions
PRO-SE\BLF\CR.18\05558Saddozai_sanctions&mots