Rob Bonta
Attorney General of California
Marisa Kirschenbauer
Supervising Deputy Attorney General
Cassandra J. Shryock
Supervising Deputy Attorney General
State Bar No. 300360
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-3622
  Fax:  (415) 703-5843
  E-mail:  Cassandra.Shryock@doj.ca.gov
*Attorneys for Defendant J. Clawson*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **SHIKEB SADDOZAI,**<br><br>Plaintiff,<br><br>v.<br><br>**RON DAVIS, et al.,**<br><br>Defendants. | 5:18-cv-05558-BLF (PR)<br><br>**DEFENDANT CLAWSON'S NOTICE OF MOTION AND RENEWED MOTION FOR TERMINATING AND MONETARY SANCTIONS FOR PLAINTIFF'S REPEATED, WILLFUL REFUSAL TO BE DEPOSED**<br><br>Judge:    The Honorable Beth Labson Freeman<br>Trial Date:    None Set<br>Action Filed:    8/15/2019 |

**TO THE COURT AND PLAINTIFF SHIKEB SADDOZAI, PRO SE:**

**PLEASE TAKE NOTICE** that on a date and time ordered by this Court, located at the United States Federal District Courthouse at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Clawson will move the Court for an order imposing terminating sanctions on Plaintiff for his repeated failure to meaningfully participate in his deposition on November 17, 2022, February 9, 2023, and on October 4, 2023, and for his refusal to comply with this Court's orders compelling his deposition testimony, in the above-captioned action.

1  The instant motion is made under Federal Rules of Civil Procedure 37 and 41 on the
2  grounds that Plaintiff's repeated failure to participate in his own deposition, and to follow court
3  orders, warrants the imposition of terminating sanctions. Defendant Clawson also seeks
4  monetary sanctions in the amount of $3,967.61, the costs he incurred in attempting to depose
5  Plaintiff on February 9, 2023 and October 4, 2023.
6  This motion is based on this notice and motion, the accompanying memorandum of points
7  and authorities, the supporting declaration of Deputy Attorney General Cassandra J. Shryock, the
8  pleadings on file in this action, and such additional argument as may be presented.

9  Dated: October 18, 2023            Respectfully submitted,

   ROB BONTA
   Attorney General of California
   MARISA KIRSCHENBAUER
   Supervising Deputy Attorney General


   */s/ Cassandra J. Shryock*
   CASSANDRA J. SHRYOCK
   Supervising Deputy Attorney General
   *Attorneys for Defendant J. Clawson*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

After three attempts over the course of one year, Defendant Clawson still has been unable to take the deposition of Plaintiff Shikeb Saddozai.  Despite multiple court orders and the court's and counsel's warnings that he may be subject to sanctions—including the dismissal of this action—Plaintiff initially refused to be sworn, and then insisted that he may be represented by counsel, as well as other untruths, to prevent his deposition from proceeding.  And he has been using the same tactics in his other pending litigation, including one case that was just dismissed for Plaintiff repeated, willful refusal to be deposed.  Because Plaintiff is a prolific litigator and declared three-strikes litigant, who is currently proceeding *in forma pauperis*, nothing short of terminating sanctions will stop his continued waste of party and judicial resources.  This court should dismiss the action with prejudice, and award Defendants costs and attorneys' fees reasonably incurred in their second and third attempts to take Plaintiff's deposition.

**BACKGROUND**

Plaintiff is a prolific litigator and declared three-strikes litigant with a history of filing frivolous litigant and refusing to comply with court orders.  (*See* ECF No. 75-2 at ¶¶ 18-20.)  In this action, Plaintiff alleges that Defendant Clawson, a correctional officer at San Quentin State Prison, utilized excessive force against Plaintiff when Defendant Clawson discharged a sponge round at Plaintiff's lower extremities, while Plaintiff was engaged in a fight with multiple inmates. (ECF No. 29 at 4.)  But Plaintiff has now thrice prevented Defendant Clawson from asking Plaintiff questions about his allegations.

**A.    Plaintiff Refused to Be Deposed on November 17, 2022.**

Defendant Clawson initially noticed Plaintiff's deposition for November 17, 2022.  (ECF No. 63-2 at 1-2.)  Between the date the deposition notice was served and the date of the deposition, defense counsel did not receive any communication from Plaintiff, let alone any objection to the taking of his deposition. (*Id.* at 2.)  However, on November 17, 2022, Plaintiff refused to be transported to the deposition location. (*Id.* at 2-3.)  Plaintiff demanded various accommodations before he would agree to be transported, but correctional staff reviewed

Plaintiff's electronic prison file and determined that he was not entitled to any of the demanded accommodations. (*Id.*) Because Plaintiff would not agree to be transported to the deposition without those accommodations, the deposition could not proceed and was suspended. (*Id.*)

Defendant Clawson incurred $1,108.25 in costs and fees associated with his attempt to depose Plaintiff on November 17, 2022. (*Id.* at 3.)

### B. Plaintiff Was Ordered to Appear for and Submit to an Oral Deposition on February 9, 2023, but Again Refused.

Defendant Clawson moved to compel Plaintiff's deposition, and re-noticed Plaintiff's deposition for February 9, 2023 at 10:00 a.m.[1] (ECF No. 63; ECF No. 75-2 at ¶ 3.) Plaintiff opposed the motion to compel, and in his opposition he requested the appointment of counsel. (ECF No. 65.) The court granted Defendant's motion to compel, admonishing Plaintiff that unless he "prefers the more severe sanction of dismissal of this entire action for his refusal to appear for the deposition under Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure, he shall appear for and submit to an oral deposition on February 9, 2023 at 10:00 a.m. as he has been noticed by Defendant's counsel." (ECF No. 67 at 4.) In the same order, the court denied Plaintiff's request for appointment of counsel, noting the court had already denied multiple requests by Plaintiff and explaining that "[p]reparing for a deposition is not an exceptional circumstance that warrants the appointment of counsel." (*Id.*)

Therefore, on February 9, 2023, defense counsel appeared in person for Plaintiff's deposition. (ECF No. 75-2 at ¶ 7.) Plaintiff appeared, was sworn—though he objected to taking the oath—and stated his name for the record. (ECF No. 75-3, Exh. 4 at 5:1-25.) But after that, Plaintiff refused to answer questions. (*See id.* at 6:1-16:7.) Plaintiff objected that he risked "waiving an objection provided by the errors and irregularities occurring at the oral deposition … in the manner of taking the deposition in a form of questions and answers[,] in the oath or affirmation[,] or in the conduct of the parties and errors of any kind[,] which might be obviated or removed or cured if promptly presented or waived unless suitable objection thereto was made at the taking of the deposition." (*Id.* at 6:2-16.) Plaintiff went on to object that he could not proceed

---

[1] He also moved for monetary sanctions, which were denied. (*See* ECF Nos. 63, 67.)

because he "did not have the assistance of counsel and absence," and could not "make uncounseled responses." (*Id.*)  Plaintiff also objected that he was not prepared due to several medical issues," but would identify the medical issues. (*Id.* at 7:1-25.)

Defense counsel presented Plaintiff with a copy of the court's order granting Defendant's motion to compel, and Plaintiff acknowledged receiving the order and acknowledged that he understood his deposition testimony had been compelled. (*Id.* at 9:11-12:13.) Defense counsel read Plaintiff the portion of the order in which the court advised Plaintiff that if he did not appear for and submit to an oral deposition, the action could be terminated, and later orally advised Plaintiff that his failure to answer questions could result in monetary and/or terminating sanctions. (*Id.* at 9:11-16:7.) But Plaintiff just repeated his objection about the risk of waiving the "errors and irregularities" with the deposition if he proceeded without counsel, confirmed that objection would be his response to every question posed, and reiterated that he would not answer questions without the assistance of counsel. (*Id.*) The deposition was then suspended. (*Id.*)

  **C. Defendant Moved for Terminating Sanctions, Which Were Denied, But Plaintiff Was Afforded a Final Opportunity to Sit for and Participate in His Deposition.**

Defendant Clawson sought terminating and monetary sanctions for Plaintiff's repeated refusal to participate in his deposition. (ECF No. 75.) This Court found Defendant's motion "persuasive," but "in the interest of justice and his *pro se* status," the Court denied the motion without prejudice so that Plaintiff could be afforded "one final opportunity to comply and submit to an oral deposition, which includes making a good faith effort to answer all questions posed by Defendant's counsel." (ECF No. 88 at 5.) Plaintiff was warned that "his failure to appear and answer questions in good faith will result in terminating sanctions and the award or reasonable fees and costs to Defendant's counsel." (*Id.* at 5.)

Defendant Clawson noticed Plaintiff's deposition for October 4, 2023, at 10:00 a.m. (Shryock Decl., ¶ 5.) Defendant Clawson served Plaintiff with notice of the deposition on September 11, 2023, and simultaneously served Plaintiff with an additional copy of the court's order (ECF No. 88), and offering to accommodate any medical needs Plaintiff had. (Shryock

Decl., ¶ 5, Exhs. 1-2.) Between September 11 and October 4, 2023, defense counsel did not receive any communications from Plaintiff. (Shryock Decl., ¶ 6.)

### D. Plaintiff Prevented His Deposition from Proceeding on October 4, 2023.

On October 4, 2023, defense counsel again traveled to San Quentin State Prison to depose Plaintiff. (Shryock Decl., ¶ 7.) However, Plaintiff initially refused to be sworn on various grounds, including a religious objection, claiming not to understand the oath, and because he was in the process of obtaining counsel. (Shryock Decl., ¶ 8, Exh. 3 at 6:8-9:9.) Plaintiff later was sworn, but he objected to being placed under oath, claiming he was under "duress" because of the court's orders. (Shryock Decl., Exh. 3 at 14:13-16:19.) Plaintiff acknowledged receiving the amended notice of deposition, as well as counsel's letter about requesting accommodations for the deposition. (*Id.* at 11:3-13:22.) Plaintiff admitted he never responded to either. (*Id.*)

Plaintiff maintained—Defendant contends erroneously—that he "may be" represented by counsel because he had corresponded with multiple attorneys about taking his case. (*Id.* at 9:10-10:22, 13:11-22, 17:14-18:5.) But Plaintiff's most recent communication with an attorney about potentially taking his case was a letter dated July 2023. (*Id.*) Based upon Plaintiff's representation that he "did not know" whether he was represented by counsel and that he "may be" represented, counsel did not believe she could proceed with the deposition, and therefore suspended the deposition at that time. (Shryock Decl., ¶ 11, Exh. 3 at 17:14-18:21.)

Defendant Clawson now renews his motion for terminating sanctions.

## DISCUSSION

### I. THE COURT SHOULD TERMINATE THIS ACTION WITH PREJUDICE FOR PLAINTIFF'S REPEATED FAILURE TO COOPERATE IN DISCOVERY AND COMPLY WITH COURT ORDERS.

Plaintiff's repeated, willful refusal to sit for and submit to deposition warrants terminating sanctions. District courts have the inherent power to control their dockets, and "in the exercise of that power they may impose sanctions including dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). Under Federal Rule of Civil Procedure 37(b)(2)(A)(v), district courts are empowered to dismiss an action if a party fails to obey an order to provide or permit discovery. Similarly, Rule 41(b) expressly authorizes dismissals for failure to comply

with a court order. The standards governing dismissals under these two rules are "basically the same." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing dismissal under Rules 37 and 41).

In determining if dismissal is the appropriate sanction, courts weigh five factors: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; (5) the availability of less drastic sanctions. *Pagtalunan v. Galaza*, 291 F.3d 639, 641 (9th Cir. 1986). Although it is preferred, it is not required that the district court make explicit findings to show that it has considered these factors. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). These factors are tools of analysis, not "conditions precedent" to the district court's imposition of sanctions. *Allen v. Bayer Corp. (In re PPA)*, 460 F.3d 1217, 1226 (9th Cir. 2006). Here, the factors weigh in favor of terminating sanctions.

### A. The First and Second Factors—the Public Interest in Expeditious Resolution and Management of the Court's Docket—Weigh in Favor of Dismissal.

The first two factors—expeditious resolution and the Court's docket management—always weigh in favor of dismissal. *Malone*, 833 F.2d at 130-31. The public has "an overriding interest" in the orderly, expeditious, and inexpensive determination of every action. *In re PPA*, 460 F.3d at 1227. Delay in reaching the merits is "costly in money, memory, manageability, and confidence in the process." *Id*. at 1227. Although cases generally should be disposed of on their merits, a plaintiff is responsible for moving his case toward that disposition. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). The power to invoke terminating sanctions "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts." *Link v. Wabash R.R. Co.*, 371 U.S. 626, 629 – 30 (1962).

Here, Plaintiff's repeated and willful refusal to submit to deposition—in contravention of two court orders—is impeding the advancement of this case. This action was filed on September 11, 2018. (ECF No. 1.) Yet, five years later, Defendant cannot determine whether a dispositive motion is appropriate, or prepare one, until he has deposed Plaintiff. And Plaintiff has prevented

him from doing that for almost one year. (*See* ECF Nos. 62, 75.) Plaintiff's deposition was initially noticed for November 2022, but Plaintiff refused to be transported to the deposition location. (*See* ECF No. 62.) The court ordered Plaintiff to sit for deposition in February, and extended Defendants' deadline to file a summary-judgment motion. (*See* ECF No. 67 at 4.) But Plaintiff again refused to answer questions. (ECF No. 75-3, Exh. 4.) This Court then gave Plaintiff "one, final opportunity" to answer Defendant Clawson's questions, but Plaintiff again—for a third time—impeded Defendant's ability to ask Plaintiff questions about this case. (ECF No. 88 at 5.) Plaintiff's refusal to sit for deposition has resulted in no less than three motions being brought, and has extended discovery by one year. Further, there is no indication that Plaintiff intends to change his behavior. He recently had another case dismissed for his repeated refusal to sit for deposition (Shryock Decl., Exhs. 4-5), and yet in this and one other pending case he continues to refuse to be deposed unless he is represented by counsel. (Shryock Dec., ¶ 19, Exh. 3.)

Plaintiff's behavior impedes the Court's strong interest in docket control and expeditious resolution of cases. These factors weigh in favor of dismissal.

### B. The Third Factor—Prejudice to Defendants—Also Weighs in Favor of Dismissal.

Defendant Clawson has been and continues to be prejudiced by Plaintiff's refusal to sit for deposition and answer questions about his claim. *See Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). Prejudice may take the form of loss of evidence, loss of memory, and costs or burdens of litigation. *In re PPA*, 460 F.3d at 1338. The law also presumes that an unreasonable delay causes prejudice. *Anderson v. Air West Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). Courts have interpreted Federal Rule of Civil Procedure 41(b) to require a plaintiff to prosecute with "reasonable diligence" to avoid dismissal. *Id*. The failure to prosecute diligently is "sufficient by itself to justify dismissal, even in the absence of showing actual prejudice to the defendant from the failure." *Id*.

1   First, Defendant is prejudiced because he cannot defend against Plaintiff's claim because he
2   has not been able to ask Plaintiff about the facts that form the basis of that claim. If Defendant
3   Clawson cannot ask questions about the allegations against him, he cannot properly evaluate the
4   claims against him or determine whether possible defenses are viable. (ECF No. 75-2 at ¶ 17.)
5   Thus, at this time, Defendant Clawson cannot prepare a summary-judgment motion—or even
6   determine if such a motion is warranted—or prepare a defense for trial. (*Id.*) Defendant Clawson
7   is also prejudiced by the cost of repeatedly preparing for and attempting to depose Plaintiff, and
8   bringing multiple discovery and extension motions before the court. (*See, e.g.,* ECF Nos. 63, 63-
9   2 at 3; 75-2.) Defendant Clawson incurred no less than $1,108.25 for his attempt to depose
10  Plaintiff in November 2022, and he incurred an additional $1,952.05 and $2,015.56 in fees and
11  costs in connection with Plaintiff's (failed) February 9 and October 4, 2023, depositions. (ECF
12  No. 75-2 at ¶¶ 14-16; Shryock Decl., ¶¶ 13-15.) And these costs are only a fraction of the costs
13  Defendant Clawson actually incurred. (*See id.*)

14  Second, Plaintiff's behavior has unreasonably delayed this action, and (after five years
15  since Plaintiff's allegations occurred), this leads to evidence loss, witness loss, and memory loss,
16  all of which are prejudicial to Defendant Clawson. And Plaintiff's conduct is antithetical to his
17  duty to prosecute his case. The third factor favors dismissal.

18  **C.    The Fourth Factor—Public Policy Favoring a Merits Decision—Does Not
            Favor Dismissal, But Also Does Not Preclude It.**
19

20  The only factor that weighs against dismissal is the public policy favoring disposition on
21  the merits. *In re PPA*, 460 F.2d at 1228. But "this factor lends little support to a party whose
22  responsibility is to move the case toward disposition on the merits but whose conduct impedes
23  progress in that direction." *Id*. (internal quotations omitted). Plaintiff's error in "halting
24  movement towards a merits solution" should "substantially neutralize[] the negative effect of this
25  factor." *Id*. at 1237. And this factor is a weak factor that does not preclude dismissal where the
26  other factors weigh in favor of dismissal. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.2d
27  1007, 1022 (9th Cir. 2022). Here, Plaintiff brought this case against Defendant Clawson, and
28  thus, he has the responsibility to diligently prosecute the case and move the case forward toward

7

its disposition. *See Morris v. Morgan & Co.*, 942 F.2d at 652. His failure to comply with the Court's orders to appear for and submit to an oral deposition stalls the resolution of the case and prevents Defendant Clawson from understanding the merits of Plaintiff's claim. Therefore, Plaintiff cannot avail himself of this factor.

**D. The Fifth Factor—Whether Alternative Sanctions Are Available, and Whether Plaintiff Received a Warning—Weighs In Favor of Dismissal.**

Evaluation of the last factor—the availability of less drastic sanctions—is satisfied through the district court's "reasonable exploration of possible and meaningful alternatives." *Morris*, 942 F.2d at 652. Warning a party that failure to obey a court order will result in dismissal can itself meet the "consideration of alternatives" requirement. *In re PPA*, 460 F.3d at 1229.

Here, the Court has warned Plaintiff, twice, of the possible dismissal of this case through its order compelling Plaintiff's deposition. (ECF No. 67, 75.) In its order granting Defendant's motion to compel, this court stated: "[u]nless Plaintiff prefers the more severe sanction of dismissal of this entire action for his refusal to appear for the deposition under Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure, he shall appear for and submit to an oral deposition on February 9, 2023 at 10:00 a.m. as he has been noticed by Defendant's counsel." (ECF No. 67 at 4.) Plaintiff acknowledged receiving this order before the deposition, and defense counsel read the relevant portion of the order to Plaintiff on February 9, 2023. (Pl.'s Depo at 9:11-16:7.) Still, Plaintiff refused to answer questions. (*Id.*)

Then, in its order denying Defendant's motion for terminating sanctions without prejudice, this Court admonished Plaintiff "that his failure to appear and answer questions in good faith will result in terminating sanctions and the award or reasonable fees and costs to Defendant's counsel." (ECF No. 88 at 5.) Defendant Clawson also served Plaintiff with an additional copy of the order, and inquired about Plaintiff's medical needs so that they could be accommodated during his deposition. (Shryock Decl., ¶¶ 5-6, Exhs. 1-2.) While Plaintiff acknowledged receiving both the Court's order and Defendant's letter, he never responded, and he deliberately prevented the deposition from going forward. (*See* Shryock Decl., ¶ 9, Exh. 3.) This is after

another one of his cases was dismissed for his repeated, willful refusal to sit for deposition. (*See* Shryock Decl., Exhs. 4-5.).

The threat of sanctions has not deterred Plaintiff's behavior, nor did court orders gain his compliance. Even the imposition of terminating sanctions in another matter has not changed Plaintiff's behavior. (*See* Shryock Decl., Exhs. 4-5.) And monetary sanctions will not suffice. Because Plaintiff is proceeding *in forma pauperis* (ECF No. 6), monetary sanctions are not a viable alternative. *See Jenkins v. Biter*, 13-cv-02724 VBF (RZ), 2014 WL 11742143, *2 (C.D. Cal. 2014) (concluding same and compiling cases reaching similar conclusion). Further, Defendant Clawson sought over $1,000 in sanctions for Plaintiff's failure to appear for his initial deposition, and the threat of facing similar sanctions for his refusal to answer questions at his second deposition did not induce Plaintiff to cooperate. (*See* Pl.'s Depo. at 15:6-16:7.) Because Plaintiff was not deterred by the threat of monetary sanctions, and has been warned of the possibility of terminating sanctions if he continued to refuse to comply with this court's order on multiple occasions, nothing short of terminating this action with prejudice will deter Plaintiff from repeating his behavior. The last factor, thus, weighs in favor of dismissal.

Because the balance of factors support termination, this action should be dismissed with prejudice.

## II.   DEFENDANT CLAWSON IS ALSO ENTITLED TO MONETARY SANCTIONS.

This court should also award Defendant Clawson attorney's fees and costs associated with his three attempts to depose Plaintiff to punish Plaintiff's bad-faith conduct and deter such conduct in the future.

In addition to imposing sanctions for a party's failure to appear for their deposition, a "court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). A failure to appear need not be willful, but "willfulness" plays a role in the choice of sanctions. Fed. R. Civ. P. 37(d)(3), Advisory Committee Notes, 1970 Amendment. And when making a bad-faith determination, the court is entitled to reply on the party's motivations and can consider the party's conduct in other cases.

*See Halaco v. Eng'g Co. v. Costle*, 843 F.2d 376, 381 n.2 (9th Cir. 1988) ("court may indeed consider prior conduct that has already been subject to sanction, when it is weighing a subsequent sanction motion"); *see also Smith v. Smith*, 145 F.3d 335, 344 (5th Cir. 1998).

Here, Defendant Clawson requests the court award him his costs and attorney's fees—or some portion thereof—associated with his second and third attempts to depose Plaintiff because Plaintiff's conduct was not substantially justified, and other circumstances do not make such an award unjust. *See* Fed. R. Civ. P. 37(d)(3). Plaintiff repeatedly refused to answer questions, despite being advised by the court and counsel that "[t]he failure of Plaintiff to attend, be sworn, or answer appropriate questions may result in sanctions, including dismissal of the action pursuant to Fed. R. Civ. P. 37." And this is not the first time Plaintiff has wasted court or party resources. Plaintiff is a declared three-strikes litigant who has previously had at least one case dismissed for failure to comply with court orders and multiple appeals certified as frivolous. (ECF No. 75-2 at ¶¶ 18-20.) If his obstructionist behavior is permitted to continue, he will only continue to waste the time of defendants and the courts in other cases.

Defendant Clawson incurred $1,127.05 in costs, and $825 in attorneys' fees, for a total of $1,952.05, in connection with his attempt to depose Plaintiff on February 9, 2023. (ECF No. 75-2 at ¶¶ 14-16.) And Defendant Clawson incurred an additional $1,245.56 in costs, and $770 in attorneys' fees, for a total of $2,015.56, in connection with his attempt to depose Plaintiff on October 4, 2023. (Shryock Decl., ¶¶ 14-16.) Because Plaintiff's refusal to answer questions was not in good faith, Defendant Clawson is entitled to his costs and fees, for a total of $3,967.61, or some portion thereof.

//

//

//

**CONCLUSION**

Nothing short of termination will deter Plaintiff's repeated, bad-faith behavior. The court should dismiss this action with prejudice and award Defendants $3,967.61 in costs and fees.

Dated:  October 18, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
MARISA KIRSCHENBAUER
Supervising Deputy Attorney General


*/s/ Cassandra J. Shryock*
CASSANDRA J. SHRYOCK
Supervising Deputy Attorney General
*Attorneys for Defendant J. Clawson*

SF2020200485
43920173.docx

# CERTIFICATE OF SERVICE

Case Name:  *S. Saddozai v. Davis, et al.*
Case No.    **5:18-cv-05558-BLF (PR)**

I hereby certify that on <u>October 18, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **DEFENDANT CLAWSON'S NOTICE OF MOTION AND RENEWED MOTION FOR TERMINATING AND MONETARY SANCTIONS FOR PLAINTIFF'S REPEATED, WILLFUL REFUSAL TO BE DEPOSED**
- **DECLARATION OF DEPUTY ATTORNEY GENERAL CASSANDRA J. SHRYOCK IN SUPPORT OF RENEWED MOTION FOR TERMINATING AND MONETARY SANCTIONS with Exhibits 1 to 5**
- **[PROPOSED] ORDER**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>October 18, 2023</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Shikeb Saddozai (AY1590)
San Quentin State Prison
1 Main Street
San Quentin, CA 94974
*In Pro Per*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>October 18, 2023</u>, at San Francisco, California.

|          B. Chung           |        *[signature]*        |
|:---------------------------:|:---------------------------:|
|         Declarant           |         Signature           |

SF2020200485/43923472.docx